IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RHODES HOLDINGS, LLC, ET AL,** | : | **CASE NO. 13-33264** |
| Plaintiffs | | |
| | | Pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division |
| **vs.** | : | Removed from Cause No. 2013-CI-02253 in the 285th Judicial District Court of Bexar County, Texas |
| **DAVID GORHAM, ET AL,** | | |
| Defendants. | : | **ADV. PROC. NO.** |

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now MCI Partners, LLC ("MCI") and Terry Dunken, Jr. ("Dunken"), Defendants in the above-entitled matter, which files this Notice of Removal of a state court action styled *Rhodes Holdings, LLC et al. v. Gorham et al.*; Cause No. 2013-CI-02253, pending in the 285th Judicial District Court of Bexar County, Texas ("State Court Action" or "Removed Case") to the United States District Court for the Western District of Texas, San Antonio Division.

1. Pursuant to 28 U.S.C. §1452(a) and Fed. R. Bankr. P. 9027, MCI files this Notice of Removal ("Removal") in the United States Bankruptcy Court for the Western District of Texas, as the State Court Action is pending in this District.

2. The Removed Case is related to the captioned bankruptcy case which is pending in the Southern District of Texas. Therefore, pursuant to 28 U.S.C. §1452(a), the Removed Case may be removed to this Court and then transferred to the pending bankruptcy in the Southern District of Texas upon the filing of a motion to transfer. Movant will be filing a motion to

transfer.

3.       Jurisdiction of this case arises under 28 U.S.C. §1334 and 11 U.S.C. §§ 105 and

and 541. The Removed Case is a civil action other than a proceeding before the Tax Court or a

civil action by a governmental unit to enforce such governmental unit's police or regulatory

power. As grounds for this Removal, MCI and Dunken respectfully submit the following:

**Venue**

4.       Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court

where the suit was filed is located in this District. However, since the related pending bankruptcy

actions is pending in the Bankruptcy Court for the Southern District of Texas, it is proper for the

Court to change the venue of this action to the Bankruptcy Court for the Southern District of

Texas. A motion for the change in venue will be filed shortly.

**The Removed Actionterry**

5.       In the removed case, Plaintiffs and Intervenors claim ownership and control of

Digerati Technologies, Inc. ("Debtor") and its subsidiaries.   The Plaintiffs and

Intervenors also claim control and ownership of entities with substantial contracts

with Debtor, which directly impact Debtor's assets.  These same issues are presented

in several other cases pending in Harris County.

**Relation of the Removed Action to the Bankruptcy Case**

6.       Digerati Technologies, Inc. ("Debtor") filed a voluntary chapter 11 petition on

May 30, 2013, commencing a reorganization case (the "Chapter 11 case") which is pending

before the United States Bankruptcy Court for the Southern District of Texas. The Chapter 11

case is designated as Case No. 13-33264.  The Debtor is a debtor in possession pursuant to 11

U.S.C. §§ 1101, 1107 and 1108.

2

7.    At the time of the commencement of the Chapter 11 case, the State Court Action was still pending before the State Court.

8.    All such claims and causes of actions in the State Court Action have a clear and direct impact on interests and property of the estate under 11 U.S.C. § 541. Resolution of the claims asserted in the State Court Action will significantly affect the administration of the estate and the equity security holder relationship. All such proceedings are core proceeding under 28 U.S.C. § 157. In the event that any claim or cause of action asserted in the State Court Action is determined to be non-core, MCI consents to the entry of final orders or judgments by the bankruptcy judge.

9.    This Notice of Removal is timely as it is filed less than ninety (90) days after the order for relief in the Chapter 11 case. As mentioned above, the State Court Action was pending when the Chapter 11 case was commenced. Removal of each claim and cause of action of the Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, and 1334.

### Bankruptcy Jurisdiction

10.    Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b), which provides that federal district courts have "original jurisdiction of all civil proceedings ... arising in or related to cases under title 11." Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452, which states that "[a] party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

11.    The State Court Action "arises in" and/or "relates to" the Bankruptcy Case as the State Court Action is inextricably linked to the bankruptcy because it could result in findings or

3

rulings that affects the control and management of the debtor which is critical to the administration of the Debtor's estate. equity interests in the Debtor and could lead to inconsistent findings with the bankruptcy court. For these reasons. removal is proper.

12.     In the Fifth Circuit, if an action could "conceivably have any effect on the estate being administered in bankruptcy, the Bankruptcy Court has "related to" jurisdiction over the ction." Wood v. Wood (In re Wood), 825 F.2d 90. 93 (5th Cir. 1987). In the present case, the State Court Action could have an affect on the bankruptcy and, therefore, it is appropriate for this Court to exercise "related to" jurisdiction.

### Pleadings of State Court Action

13.     True and correct copies of process and pleadings filed in this action are filed herewith.

### Reservation

14.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

NOW THEREFORE, all parties are hereby notified to proceed no further in the State Court Action styled as *Rhodes Holdings. LLC et al. v. Gorham et al.*; Cause No. 2013-CI-02253, pending in the 285th Judicial District Court of Bexar County. Texas and MCI Partners, LLC requests any other relief the Court deems just and equitable.

Respectfully Submitted,

CHRISTIAN, SMITH & JEWELL, L.L. P.

By: */s/ Stephen R. Smith        /*
    Stephen R. Smith
    State Bar No. 18685540
    Gary M. Jewell
    State Bar No. 10664800

4

Stephen H. Cagle, Jr.
State Bar No. 24045596
2302 Fannin St., Suite 500
Houston, Texas 77002
Phone: (713)659-7617
Fax: (713) 659·7641

GARDNER LAW, P.C.

By: */s/ Jay K. Farwell* _____ /
    Jay K. Farwell
    State Bar No. 00784038
    745 E. Mulberry Ave., Suite 500
    San Antonio, Texas 78212
    Phone: (210)733-8191
    Fax: (210) 733-5538

**ATTORNEYS FOR TERRY DUNKEN, JR.
AND MCI PARTNERS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on May 31, 2013, a true and correct copy of the foregoing document was served in accordance with Federal Rules of Civil Procedure upon:

Lloyd E. Kelley
The Kelley Law Firm
2726 Bissonnet, Suite 240, PMB 12
Houston, Texas 77005

By: */s/ Stephen R. Smith* _____
    Stephen R. Smith

*Rhodes Holdings, LLC et al. v. Gorham et al.*; **Cause No. 2013-CI-02253 in the 285th Judicial District Court of Bexar County, Texas**

## Plaintiffs:
Rhodes Holdings, LLC,
Recap Marketing & Consulting, LLP;
WEM Equity Capital Investment, Ltd;
Robert C. Rhodes;
Delta S Ventures LP;
Hunter M.A. Carr;
William McIlwain;
Scott Hepford (Intervenor);
Lunaria Heritage Trust (Intervenor)

Counsel:                          Lloyd E. Kelley
                                  Lloyd E. Kelley & Associates
                                  2726 Bissonnet, Suite 204, PMB 12
                                  Houston, TX 77005
                                  Telephone: 281-492-7766
                                  Facsimile: 281-652-5973
                                  kelley@lloydekelley.com

                                  Darryl Spiller
                                  2726 Bissonnet, Suite 204, PMB 12
                                  Houston, TX 77005
                                  Telephone: 281-492-7766
                                  Facsimile: 281-652-5973
                                  spillerlegal@hotmail.com

                                  Arcelia Trevino
                                  The Law Office of Arcelia Trevino
                                  The Milam Building
                                  115 E. Travis, Suite 526
                                  San Antonio, Texas 78205

                                  George W. Gore
                                  The Gore Law Firm
                                  6200 Savoy, Suite 1150
                                  Houston, TX 77036
                                  Telephone: 713-224-2000
                                  Facsimile: 713-224-2004
                                  ggore@thegorelawfirm.com

## Defendants:

David Gorham (filed special appearance)
MCI Partners LLC
Terry Dunken
Lou Soumas (has not appeared)
Rainmaker Trust
Southpaw Trust
Gary Haak
Sheryl "Sherri" Dunken

Counsel:                    James Wesley Christian –jchristian@csj-law.com
                           Stephen Ray Smith – ssmith@csj-law.com
                           Gary M. Jewell – gjewell@csj-law.com
                           Stephen H. Cagle, Jr. – scagle@csj-law.com
                           Christian, Smith & Jewell, LLP
                           2302 Fannin St., Suite 500
                           Houston, Texas 77002
                           Phone: (713) 659-7617
                           Fax: (713) 659-7641

                           Jay K. Farwell
                           Gardner Law P.C.
                           745 E. Mulberry Ave., Suite 500
                           San Antonio, TX 78212
                           Tel. (210) 733-8191
                           Fax (210) 733-5538

PRIVATE PROCESS

"The State of Texas"  NO. __2013-CI-02253__

2013CI02253 -S00009

RHODES HOLDINGS LLC ET AL _____

**Plaintiff**
vs.

DAVID L GORHAM ET AL _____

**Defendant**
( Note: Attached Document May Contain Additional Litigants. )

IN THE DISTRICT COURT

<u>285th</u> JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to: ANTONIO ESTRADA

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the __12th__ day of __February__, __2013__.

**ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS __13th__ DAY OF __February__ A.D., __2013__.**

PLAINTIFF'S ORIGINAL PETITION
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND
PERMANENT INJUNCTION AND REQUEST FOR DISCLOSURE

**DONNA KAY MCKINNEY**
**District Clerk of Bexar County, Texas**

LLOYD E KELLEY _____

**Attorney/**PLAINTIFF
**address** 2726 BISSONNET ST 240
HOUSTON, TX 77005-1319

By:_____ Deputy
MARC GARCIA

---

OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M. and executed (not executed) the _____ day of _____, A.D. _____, in _____ at _____ o'clock _____.M. by delivering to _____ in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at _____ Cause of failure to execute this citation _____ I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation $ _____ Mileage _____ Total $ _____

Badge/PPS #_____

_____ County, Texas
By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS

**EXHIBIT**
**1**

ORIGINAL
(DK002)

2013-266-02253

285TH JUDICIAL DISTRICT COURT

RHODES HOLDINGS LLC ET AL VS DAVID L GO

DATE FILED: 02/12/2013

| | | |
|---|---|---|
| **RHODES HOLDINGS, LLC** | § | **IN THE DISTRICT COURT** |
| **RECAP MARKETING &** | § | |
| **CONSULTING LLP** | § | |
| **WEM EQUITY CAPTIAL** | § | |
| **INVESTMENTS, LTD** | § | |
| **ROBERT C. RHODES,** | § | |
| **DELTA S VENTURES LP,** | § | |
| **HUNTER M.A. CARR &** | § | |
| **WILLIAM MCILWAIN** | § | |
| **Plaintiffs,** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **vs.** | § | |
| **DAVID L. GORHAM** | § | |
| **MCI PARTNERS, LLC** | § | **BEXAR COUNTY, TEXAS** |
| **ARTHUR L. SMITH** | § | |
| **ANTONIO ESTRADA** | § | |
| **MURRAY R. NYE** | § | |
| **JOHN R. FLEMING &** | § | |
| **BERT TERRY DUNKEN JR** | § | |
| **LOU SOUMAS** | § | |
| **Defendants.** | § | **____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION AND REQUEST FOR DISCLOSURE

1.     Plaintiffs, Rhodes Holdings, LLC, Recap Marketing & Consulting LLP, Delta S

Ventures LP, Hunter M.A. Carr, Robert C. Rhodes, WEM Equity Capital Investments,

Ltd., and William McIlwain files this Original Petition and Application for Temporary

Restraining Order and Temporary and Permanent Injunction ("Petition") against

Defendants David L. Gorham, MCI Partners, LLC, Arthur L. Smith, John R. Fleming,

Antonio Estrada, Murray R. Nye, Bert Terry Dunken Jr, Lou Soumas.

1

## DISCOVERY

2.     Plaintiffs intend to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4.

## PARTIES

3.     Plaintiff RHODES HOLDINGS, LLC is a Texas limited liability company.

4.     Plaintiff ROBERT C. RHODES is a resident of Texas.

5.     Plaintiff RECAP MARKETING & CONSULTING LLP is a Texas Limited Liability Partnership.

6.     Plaintiff DELTA S VENTURES LP is a Texas Limited Partnership.

7.     Plaintiff HUNTER M. A. CARR is a resident of Texas.

8.     Plaintiff WEM EQUITY CAPITAL INVESTMENTS, LTD. is a Texas Limited Partnership.

9.     Plaintiff WILLIAM MCILWAIN is a resident of Texas.

10.    Defendant DAVID L. GORHAM may be served with citation at the following address: 1778 Morning Glory Lane, Pocatello, Idaho, 83201-1960 or wherever he may be located.

11.    Defendant MCI PARTNERS, LLC is a Delaware Limited Liability Company whose registered agent is Harvard Business Services, Inc. and may be served with citation at the following address: 16192 Coastal Way, Lewes, DE 19958.

12.    Defendant ARTHUR L. SMITH is a resident of Bexar County, Texas and may be served with citation at the following address: 8023 Hermosa Hill, San Antonio Texas

2

78256 or at 3201 Cherry Ridge Suite C-300, San Antonio Texas 78230 or wherever he may be located.

13.     Defendant ANTONIO ESTRADA is a resident of Bexar County, Texas and may be served with citation at the following address: 1807 Deer Ridge St. San Antonio, Texas 78232 or at 3201 Cherry Ridge Suite C-300, San Antonio Texas 78230 or at 3463 Magic Drive, Suite 202, San Antonio Texas 78229 or wherever he may be located.

14.     Defendant MURRAY R. NYE may be served with citation at the following address: 3201 Cherry Ridge Suite C-300, San Antonio Texas 78230 or wherever he may be located.

15.     Defendant JOHN R. FLEMING is a resident of Texas and may be served with citation at the following address: 5407 Cuesta Verde, Austin Texas 78746 or wherever he me be located.

16.     Defendant BERT TERRY DUNKEN JR. may be served with citation at the following address: 2203 Greenhaven Dr., Sugarland, Texas 77479 or at 12603 Southwest Freeway, Suite 170, Stafford, Texas 77477 or wherever he may be located.

17.     Defendant LOU SOUMAS may be served with citation at the following address: 12603 Southwest Freeway, Suite 170, Stafford, Texas 77477 or wherever he may be located.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of this Court, and because Plaintiffs seek writs of

3

injunction. Venue is proper in this Court under Section 15.002(a)(l) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to the claims occurred in Bexar County, Texas. Venue is also proper in this Court under Sections 15.002(a)(2) & (3) and 15.005 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because one or more Defendants are residents of Bexar County, Texas.

## FACTS

19.    David L. Gorham ("Gorham"), acting through and in concert with Bert "Terry" Dunken ("Dunken") and Arthur L. Smith ("Smith"), is breaking federal and state securities law by acting as a control person for a publicly traded company. Dave Gorham has tried to be an undisclosed control person over a public company but has intentionally remained invisible in SEC filings although he has controls the deal. It is unlawful for Gorham to be a control person over a public company and not be disclosed as such. Such action places the company and its officers and directors at risk of sanctions and possible prosecution by the SEC.

20.    Mark Townsend and Scott Hepford contacted Hunter M. A. Carr ("Carr") of Recap Marketing and Consulting, LLP ("Recap") about buying out Dishon Disposal, Inc. ("Dishon"). Dishon and another company, Hurley Enterprises, Inc. ("Hurley"), were companies located in North Dakota that were growing rapidly as a result of the Bakken North Dakota oil field development. The representative of Dishon was **David Gorham**. Instead of Dishon being bought out, Gorham decided the Dishon and Hurley companies would be combined and that the two companies would be taken public in a reverse-merger in which the two companies would be acquired by a publicly traded company.

4

21.     Robert C. Rhodes ("Rhodes") was brought in to facilitate in taking the companies public and to help them raise capital. In several meetings with Gorham, Gorham made material misrepresentations to Carr and Rhodes about the transaction. First, Gorham stated he had formerly been CFO of the New York Times newspapers and that overseen an $18 billion company. Gorham represented he had overseen $64 billion of dollars of funding for green energy projects. However, Gorham stated he did not want his name involved in the transaction with Dishon and Hurley because it involved oil and gas energy and that he didn't wanted to be associated with such "dirty" energy. Gorham stated he had been involved in "green technology" and this would taint his reputation to be associated with traditional oil and gas drilling operations. Later, Plaintiffs discovered the real reason Gorham wanted to hide his involvement. Gorham attempted to take profits out of the transaction and control the company as an undisclosed principal.

22.     Gorham stated that his company, MCI Partners, LLC ("MCI") was buying Dishon and Hurley for $19 million each for a total price of $38 million. Gorham informed Carr and Rhodes as well as others that Dishon and Hurley did not want to wait to get their money as would be required under an IPO and they did not want to have their money used as the sole source for buying out their own companies. Thus, the strategy that Gorham wanted to effect the transaction is commonly referred to as a "reverse merger." Carr, as a part of his consulting, put together MCI, with Digerati Technologies, Inc., ("Digerati") a Nevada Corporation with its headquarters in San Antonio, Texas.

23.     As per Digerati's latest filed 10Q, Digerati, by its own admission as of October 31, 2012, reported "substantial doubt about Digerati's ability to continue as a going concern." *See* Digerati's October 31, 2012 10Q on file with the SEC. Digerati reported

5

that it had net losses of $77 million with a working capital deficit of $2 million. Digerati's CEO was Arthur L. Smith and its CFO was Antonio Estrada ("Estrada"), both of whom live in San Antonio, Texas. Digerati's management reported that as of October 31, 2012, "management believes that current resources available will not be sufficient to fund the Company's operations over the next 12 months." *See* Digerati's October 31, 2012 10Q on file with the SEC. As reported by Smith, just prior to the merger the original Digerati, as a publicly traded company, had a market value of less than $300,000.

24.     Rhodes had been contractually engaged by MCI to find a public entity vehicle for the transaction in which to move MCI's clients, Dishon and Hurley. Digerati had a prior consulting relationship with Carr. Rhodes and Carr offered to recommend Digerati as the right candidate for the Dishon and Hurley transaction if Smith would commit to certain actions. Carr and Rhodes explained to Smith that a merger of Digerati with Dishon and Hurley might help his company survive.

25.     According to Smith, Digerati had been established in 1994. But according to Digerati's public filings, it had seen better days and was now on the verge of not being able to meet its ongoing obligations. However, because Digerati's stock has been registered and publicly traded since 1994, as represented by Smith, Digerati was one of several candidates that would meet the requirements of Gorham's "reverse merger" for the Dishon and Hurley buy out by MCI Partners.

26.     As part of the proposed deal that Rhodes and Carr designed and provided the strategy for the overall deal structure, Digerati would buy out Dishon and Hurley with stock and a note. Dishon and Hurley would get a note for $38 million or $19 million each. The original Digerati under Smith would be moved into a subsidiary called Shift 8

6

Technologies, Inc. ("Shift 8") in which Smith would be Chairman and CEO. Art Smith would relinquish all officer positions in the parent company, Digerati and for a time would remain as a Board of Digerati. The plan was that over time Shift 8 would eventually be spun off from Digerati where it would be independent. New board of director members were to be placed on the newly constituted Board of Digerati as well as all new officers. Most importantly, Smith committed to moving all of the current debt of Digerati to Shift 8 so that the resulting Digerati would be debt free. As a result of the transaction, Smith's company got a loan of $170,000 which was paid by Rhodes Holdings, LLC. Shift 8 also received 5% of the shares of the newly formed Digerati. This transaction as structured would result in virtually saving Smith's operations from insolvency and provide the medium for Dishon and Hurley to be taken public along the guidelines proscribed by Gorham.

27.     Transactions documents were executed and Digerati hired SEC counsel to consummate the deal. Gorham and Dunken, an attorney engaged by Gorham, insisted that the transaction had to close in calendar year 2012 because they were putting all of the Dishon and Hurley capital gains into tax shelters to avoid paying what they described as the Obama tax increases that they claimed were coming in 2013. As described by Terry Dunken, the Dunken tax shelter scheme that he was designing was based upon giving all of the capital gains to a charity and then buying a life insurance policy for the charity's executive and then keeping control over the money and making the profits off the money, until the charity's executive dies. Dunken claimed this tax shelter was legal but he said the transaction had to close before the end of the year because there a possibility Obama might end this "golden goose." After long hours and great effort, Carr and Rhodes as well

7

as the other members of the deal team were able to get the transaction to close on November 26, 2012.

28.     On November 26, 2012, as planned, Digerati merged with a company called Waste Deep, Inc. Gorham and Dunken represented that Waste Deep owned 100% of the capital stock of Dishon and Hurley. Gorham and Dunken represented that he principal shareholder of Waste Deep was Oleum Capital, LLC. The merger transaction was arranged for the purpose of moving Waste Deep into a publicly-traded company so that Waste Deep on behalf of Dishon and Hurley and any newly created operating subsidiaries would have access to public market capital through American Equity Fund, LLC.

29.     It was always represented that the transaction was structured for a purchase price of $38 million. However, after the closing Carr and Rhodes discovered that Gorham and Dunken had changed the purchase price to $60 million. This meant the entire deal structure had been altered. When Carr and Rhodes tried to discuss this issue, they were met with silence and no one was willing to explain why the price changed or who was getting the additional $22 million. Carr and Rhodes became suspicious that Gorham had put his own interest ahead of the Dishon and Hurley companies and that Gorham himself was attempting to take the additional $22 million for himself or his trust. The 60% increase in the price of the deal now made the deal more difficult to price in the market and substantially more difficult to find the capital that the new venture needed to meet the capital expectations of the Dishon and Hurley companies.

30.     Then, in a curious turn of events, upon the closing of the transaction, Smith and Estrada had affirmatively represented that they had moved the debt that the original Digerati owed into Shift 8. Smith affirmatively represented to Carr, Rhodes and William

McIlwain ("McIlwain") that the debt had been moved such that Digerati was debt and liability free. This was a lie. In fact, it was later discovered that Digerati had over two million dollars in debts and other liabilities remaining as obligations of the company at and after the closing that could not be spun off.

31.    After the transaction closed on November 26, 2012, all of a sudden, David Gorham and Dunken stopped returning phone calls and ceased providing information to Carr, McIlwain and Rhodes. Upon discovery of Smith's deceptive act of not moving the debt into Shift 8 as promised and represented, Carr proposed several strategies to resolve the issue. However, no one would respond.

32.    Then, on December 23rd, Gorham and Dunken in concert with Smith and Estrada came up with a plan to oust Carr and Rhodes. Instead of moving forward with the SEC filings necessary to complete the public filing requirements, Smith, Gorham and Dunken, acting in concert, moved to oust the new board of Digerati and to replace them with only Smith. Then, Gorham and Dunken moved to replace all of the officers of Digerati with Smith, himself. Without holding a shareholder meeting, Dunken, Gorham and Smith simply announce Digerati's board members Kelley V. Kirker and McIlwain, were removed. John Howell, the CEO of Digerati after the closing resigned. Then, without holding a board of directors meeting, Art Smith, claiming to be the sole board member, in concert with Dunken and Gorham, simply announced he was now Chairman, President and CEO of the new Digerati. Then, they attempted to blame Carr and Rhodes for Smith's refusal and outright lying about moving the debt of Digerati to Shift 8.

33.    John Howell, the new CEO of Digerati, informed Rhodes and Carr and McIlwain that they were moving the assets out of Digerati and thus the deal was dead meaning that

Carr, Rhodes and McIlwain would simply lose the entire value of the stock they had received in the transaction.

34.     McIlwain was concerned as a Director, Investor and Stockholder that all shareholders would lose all of their investment in Digerati.

35.     On December 28, 2012, Smith in concert with Dunken and Gorham purported to fire Digerati's SEC legal counsel, Robert Sonfield. Upon information and belief, Gorham and Dunken are attempting to find a new company to spin the Dishon and Hurley companies into so that they do not have to pay Rhodes and Carr for their strategy but at the same time keep Dishon and Hurley committed to Gorham's purchase agreement.

36.     To keep the transaction on track protect the corporation and shareholders, McIlwain and Kirker called a board meeting. Smith declined to attend. At the board meeting, the board elected Rhodes to replace the previous board member that had resigned. Rhodes was then elected as CEO of Digerati and was told to proceed with the SEC required filings.

37.     Then, Smith, Gorham and Dunken became making false and defamatory statements about Rhodes and Carr. Smith, Gorham and Dunken began accusing Carr and Rhodes of theft and other acts of dishonesty.

38.     After Smith, Gorham and Dunken began to attack and slander Rhodes and Carr, it was revealed that Gorham was not the "choir boy" he claimed to be. Gorham was previously convicted of felony grand theft in Florida. Gorham stole $100,000 from a woman he worked with and after his arrest, Gorham eventually pled guilty to the felony charge. In addition, Gorham had two misdemeanor convictions for theft by check or worthless check.

10

## CAUSES OF ACTION

**Fraud**

39.    Plaintiffs incorporates the foregoing paragraphs as if fully set forth herein.

40.    As set out above, Defendants have committed fraud. The Defendants made misrepresentations to Plaintiffs, including but not limited to, that the purchase price/transaction size was going to be $38 million. That the debt would and actually was moved from Digerati to Shift 8. That Gorham was the New York Times CFO and had completed billions of projects and was familiar with the process of taking a company public. That Plaintiffs were to be provided common stock after the transactions closed. That Plaintiffs were to be provided warrants for common stock after the closing. That the market cap would be over $300 million resulting in at least $5.00 common share price. Plaintiffs relied upon these representations and arranged a viable merger. Those representations were false. Defendants had no intention of honoring their promises. Defendants did not move the debt to Shift 8 and did not give the stock to Plaintiffs and did not create the value as represented. Defendants' misrepresentations were material. Defendants knew the representations were false or, at the very least, they made the misrepresentations as positive assertions without knowledge of their truth. Defendants made the misrepresentations with the intention that Plaintiffs rely on them and Plaintiffs reasonably relied on the representations to its detriment. The misrepresentations proximately caused injury and damages to Plaintiffs.

**Fraudulent Inducement**

41.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

11

42.    As set out above, Defendants made numerous fraudulent misrepresentations, including those set forth in the preceding cause of action, and false promises of performance with no actual intent to perform. Plaintiffs entered into one or more contracts in reliance upon those misrepresentations and Plaintiffs suffered injury and damages as a result. Accordingly, Defendants have committed fraud in the inducement.

**Cause of Action - Statutory Fraud**

43.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

44.    The transaction at the heart of this case involved stock. As set out above, Defendants made numerous false representations of fact and false promises during the transaction. Each Defendant also benefited by not disclosing that the others' representations and promises were false. Defendants did so to induce Plaintiffs to enter into contracts and perform services that Plaintiffs reasonably relied on the misrepresentations in entering into contracts. Plaintiffs suffered injury and damages as a result of Defendants' statutory fraud.

**Breach of Fiduciary Duty**

45.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

46.    As set out above, Defendant Smith was the Chairman, CEO of Digerati and Estrada was its CFO before the merger. Plaintiff McIlwain was a stock holder in Digerati before and after the merger. Smith and Estrada owed McIlwain a fiduciary duty. Smith and Estrada owed duties of loyalty and utmost good faith, candor, full disclosure, to refrain from self dealing, fair and honest dealing, and the duty to act with integrity of the strictest kind. As set out above, Defendants have brazenly and repeatedly breached each of those duties. Defendants' breach of those duties has injured McIlwain and benefited the

12

Defendants. Gorham and Dunken acted in concert with Smith to breach the fiduciary duties owed by Smith and Estrada.

**Participation in Breach of Fiduciary Duty**

47.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

48.    Each of the Defendants knowing participated in breaches of fiduciary duty by the other Defendants. Accordingly, each Defendant is liable for all of the breaches of the others.

**Libel/Slander**

49.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

50.    Defendants have slandered Rhodes and Carr. Defendants made false statements, including that Robert Rhodes had stolen property belonging to Digerati and that he was not properly elected Chief Executive Officer and director and that William McIlwain was not elected Chairman of the Board of Directors and Corporate Secretary. Defendants accused Carr of stealing as well. Defendants' statements were defamatory, and they were false. Defendants were acting with malice (or at the very least extreme negligence). The statements proximately caused Plaintiffs to suffer injury and damages.

**Business Disparagement**

51.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

52.    As set out above, Defendants made disparaging statements. At least some of those statements related to Plaintiff's economic interests. The statements were false and Defendants published them with malice and without any privilege to do so. The statements caused Plaintiffs to suffer special damages. Accordingly, Defendants are liable for business disparagement.

13

**Texas Securities Act Violations**

53.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

54.     Defendants made false statements regarding the securities of Digerati and sold or offered to sell to Plaintiffs securities by means of untrue statements of material fact and/or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, causing damages to Plaintiffs. Additionally and/or alternatively, Defendants directly or indirectly controlled buyers of the securities and/or materially aided the buyers with intent to deceive or defraud or with reckless disregard for the truth or the law. Therefore, Defendants are jointly and severally liable for rescission and/or damages as provided by the Texas Securities Act.

**Conspiracy**

55.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

56.     Defendants conspired against Plaintiffs  Digerati to, *inter alia,* unlawfully gain control of Plaintiffs stock and ownership of the new Digerati. Each of the Defendants was a member of a combination of two or more persons. The object of the combination was to accomplish an unlawful purpose (or, at the very least a lawful purpose by unlawful means). The Defendants had a meeting of the minds on the object of the course of action and at least one of the Defendants committed an unlawful over act to further the object or course of action.  Plaintiffs  suffered injury as a result of Defendants' wrongful acts.

**Aiding and Abetting**

57.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

14

58.    Each of the Defendants is liable for the wrongful conduct of the others because each Defendant aided and abetted the others. As set out above, each Defendant breached a legal duty and personally participated in the wrongful conduct or assisted another in a substantial way, causing injury to Plaintiffs. Alternatively, each Defendant knew of the goal of the wrongful conduct of another and personally encouraged or assisted in a substantial way causing injury to Plaintiffs.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

59.    Plaintiffs pray the Court issue a temporary restraining order enjoining Defendants and all persons and entities acting in concert with them from:

a)  Moving any of the assets of Digerati out of the company or executing any documents that would move or transfer the assets out of Digerati.

b)  Taking any action or making any statements to the effect that any of them are authorized to move any assets or alter any assets relating to or belonging to Digerati or any of its affiliates or subsidiaries;

c)  Manipulating the price of any securities of Digerati;

d)  Accessing, changing the password on, or making any other changes to any bank or commercial account in the name of or used for the benefit of Digerati or any of its affiliates or subsidiaries, whether those accounts are online or otherwise, or to any online accounts relating to or owned by Digerati Technologies, Inc. or any of its affiliates or subsidiaries;

e)  Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the Securities and Exchange Commission, any securities exchange, any transfer agent, any

15

secretary of state, and any bank, purporting to be on behalf of Digerati or any of its affiliates or subsidiaries;

f) Making any SEC statements purporting to be on behalf of Digerati or any of its affiliates or subsidiaries including Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

g) Assessing, changing the password on, or making any other changes to any website of Digerati Technologies, Inc. or any of its affiliates or subsidiaries including Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

h) Taking any other action designed to impair Digerati Technologies, Inc.'s ability to conduct its business.

i) Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, or Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

60.    It is probable that Plaintiffs will recover from Defendants after a trial on the merits for the reasons set forth above. In particular, Plaintiffs will recover because Defendants have committed fraud, statutory fraud and violations of the Texas Securities Act as well as libeled and slandered Plaintiffs. Defendants have no colorable claim to the contrary, and their campaign of interference, libel, conversion, and sabotage is unlawful and otherwise tortious.

61.    If Plaintiffs application is not granted, harm is imminent. Defendants' attempt to scuttle the transaction and move the assets and otherwise making fraudulent and unlawful

attacks against Plaintiffs' ownership interest in Digerati and its subsidiaries impairs the existence and ability of the company to exist. The harm that will result if the temporary restraining order is not issued is irreparable. As a small, publicly-traded company, it is essential that Digerati display as much credibility, competence, and certainty as it can. The destructive conduct of Plaintiffs in trying to move the assets from Digerati to another entity and the interference with the filing and publication of required SEC filings creates confusion in the marketplace and damages Digerati's credibility and reputation. Defendants' actions increase uncertainty that will depress Digerati' s stock price and make it more difficult for Digerati to access equity capital, borrow money, or obtain commercial credit. Their actions also create unnecessary difficulties in dealing with the Securities and Exchange Commission, the Nevada Secretary of State, and other governmental and regulatory bodies. Defendants campaign has already damaged Digerati in ways that are severe, difficult to quantify, and likely impossible to ever fully repair.

62. Plaintiffs have no adequate remedy at law because the Defendants are continuing to inflict damages on Digerati and are attempting to move the companies assets which are not measurable by any certain pecuniary standard, and no amount of money damages--even if Defendants could pay them-could undo the harm the Defendants have made clear they will continue inflicting.

63. Plaintiffs are willing to post bond. Plaintiffs ask that the bond amount be nominal, however, because the relief sought would not cause any financial harm to Defendants. Defendants have control of all of Digerati's assets and income.

64. There is not enough time to serve notice on Defendants and to hold a hearing on this application, because Plaintiffs need for relief is immediate and Defendants have

17

indicated they are in the process of denuiding the company of its assets. Moreover, Defendants' conduct to date has established good cause to believe that Defendants, if given notice of this hearing, will rush to cause as much additional harm and move as many assets as possible before the Court can enjoin their unlawful conduct

## REQUEST FOR TEMPORARY INJUNCTION

65.     Plaintiffs ask the court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants.

66.     Plaintiffs have joined all indispensable parties they are aware of under Texas Rule of Civil Procedure 39.

## REQUEST FOR PERMANENT INJUNCTION

67.     Plaintiffs ask the Court to set its request for a permanent injunction for a full trial on the merits and, after the trial, issues a permanent injunction against Defendants.

## JURY DEMAND

68.     Plaintiffs demand a jury trial and tenders the appropriate fee with this Petition.

## CONDITIONS PRECEDENT

69.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

70.     Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendants disclose within 50 days of the service of this request, or at an earlier time as ordered by the Court, the information or material described in Rule 194.2.

## PRAYER

18

For these reasons, Plaintiffs ask that Defendants be cited to appear and answer and, on final trial, that Plaintiffs be awarded a judgment against Defendants for the following:

a. Temporary and permanent injunctive relief;

b. Damages;

c. Exemplary and punitive damages;

d. Prejudgment interest;

e. Post-judgment interest;

f. Declaratory judgment of the rights and authority of the parties to speak for and act on behalf of Plaintiffs;

g. Attorneys' fees and expenses;

h. Costs of court; and

i. Such other relief as the court may find just.

Respectfully submitted,

**THE LAW OFFICE OF ARCELIA TREVINO**

By: _____
**ARCELIA TREVINO**
State Bar No. 24043964
The Milam Building
115 E. Travis Suite 526
San Antonio, Texas 78205
Telephone: 210-626-8649
Telecopier: 210-226-8649

**THE GORE LAW FIRM, P.C.**

By: _/s/ George Gore_____
George W. Gore
State Bar No. 24029582
6200 Savoy, Suite 1150
Houston, Texas 77036

19

(713) 224-2000 Telephone
(713) 224-2004 Facsimile

**THE KELLEY LAW FIRM**
By: _/s/ Lloyd Kelley __ _____
**Lloyd E. Kelley**
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

20

## DECLARATION OF WILLIAM McILWAIN

BEFORE ME, the undersigned authority, personally appeared William McIlwain known to me and who being duly sworn on his oath stated:

1.      My name is William McIlwain and I am over 18 years of age, of sound mind, and capable of making this affidavit.

2.      The statements herein are true and correct and based upon my personal knowledge.

3.      I own stock in Digerati Technologies, Inc. ("Digerati") through WEM Equity Capital Investments, Ltd.  Long before there was any discussion of a merger of Digerati with Dishon Disposal, Inc. or Hurley Enterprises, Inc., I through WEM Equity Capital Investments, Ltd. invested money into Digerati.  I through WEM Equity Capital Investments, Ltd. invested $100,000 in Digerati in 2010.  Since that time, WEM Equity Capital Investments, Ltd. has held stock in Digerati, a publicly traded company.

4.      Art Smith and Antonio Estrada made representations to me and others before the merger of Digerati on November 26, 2012 that all of the debt of Digerati would be moved to Shift 8, Inc.  Art Smith and Antonio Estrada represented just prior to and after the transaction that the debt had in fact been moved to Shift 8, Inc.  It was later discovered that Art Smith and Antonio Estrada had lied and that the debt of Digerati had in fact not been moved to Shift 8, Inc.

5.      After the merger on November 26, 2012, John Howell, the new CEO of Digerati informed me that "the Digerati deal was doomed and my departure had nothing to do with that" and that "Digerati will be of little value as none of the oil assets remain." If this happens,

Digerati will be denuded of all of its assets and will have no value such that all share holders except the Defendants all of the value in the company. WEM Equity Capital Investments, Ltd.'s substantial investment in Digerati will be worthless. Given the volatile state of the market for Digerati securities, it may be impossible to give a precise value of the loss WEM Equity Capital Investments, Ltd. would incur if David Gorham, Terry Dunken and Art Smith are permitted to denude Digerati of its primary assets.

6.     I was elected to Digerati's board of directors. In December 2012, David Gorham, Terry Dunken and Art Smith attempted unlawfully to have me removed as a director. This action was taken by them to further their attempt to denude Digerati of its assets.

7.     At no point during this transaction did I know that David Gorham had a previous felony conviction for grand theft.

JURAT

My name is William McIlwain. My address is 3111 Rosemary Park Lane, Houston, Texas 77082.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Fort Bend County in the State of Texas, on this 12th day of February 2013.

_____
William McIlwain

## <u>AFFIDAVIT OF HUNTER M. A. CARR</u>

STATE OF TEXAS     §

          §

COUNTY OF FORT BEND   §

   BEFORE ME, the undersigned authority, personally appeared Hunter M. A. Carr, known to me and who being duly sworn on his oath stated:

1. My name is Hunter Carr and I am over 18 years of age, of sound mind, and capable of making this affidavit.

2. I am competent to testify to all matters in this affidavit on personal knowledge, and the matters are true and correct.

3. I have read Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction and Request for Disclosure and all of the facts contained in the 'Facts" section are true and correct.

          /Hunter M. A. Carr

SUBSCRIBED AND SWORN TO, before me, this __12__ day of February, 2013.

          Notary Public in and for
          The State of Texas

KIMBERLY MARIE AYRES
My Commission Expires
August 2015

## AFFIDAVIT OF ROBERT C. RHODES

STATE OF TEXAS      §
     §
COUNTY OF FORT BEND   §

BEFORE ME, the undersigned authority, personally appeared Robert C. Rhodes, known to me and who being duly sworn on his oath stated:

1.      My name is Robert C. Rhodes and I am over 18 years of age, of sound mind, and capable of making this affidavit.

2.      I was engaged by MCI Partners to facilitate a client going public. I acted as a consultant in putting together a merger of Digerati Technologies, Inc. ("Digerati") and MCI Partners, LLC, Waste Deep, Inc. ("Waste Deep"), Oleum Capital, LLC, and the Dishon Disposal, Inc. ("Dishon") and Hurley Enterprises, Inc. ("Hurley") companies. That transaction closed on November 26, 2012.

Prior to the transaction, David Gorham had represented to me that the transaction size was going to be $38 million, which meant we would have equity within the company to sell into the market to raise capital for the new Digerati that would emerge after the merger.

After the transaction closed, I discovered that the transaction purchase agreement that David Gorham had put into place was $60 million leaving no amount with which to raise equity in the market.

In addition, Arthur Smith and Digerati's CFO prior to the closing on November 26, 2012, Antonio Estrada, both represented and promised to me that they would move Digerati's existing

–1–

debt down to a subsidiary, Shift 8 Technologies, Inc. such that the remaining Digerati would be debt and liability free.

At the time of the transaction, Arthur Smith and Antonio Estrada represented to me that they had moved all of the debt and liabilities to Shift 8 Technologies, Inc. leaving Digerati debt and liability free. After the closing, it was discovered the debt had not in fact been moved to Shift 8 Technologies, Inc. and that the debt remained in Digerati. The representations Arthur Smith and Antonio Estrada made were material, false and they were relied upon by me to my detriment and the detriment of Delta S Ventures LP.

John Howell, the new CEO of Digerati after the merger, resigned just a few weeks after the merger. John Howell informed us that Digerati was dead because they were going to take all of the assets out of Digerati. This meant that all of the shares in Digerati that the Rhodes Holdings LLC had acquired would be worthless.

David Gorham and Terry Dunken began to execute a plan to denude Digerati of its newly acquired assets and to "unwind" the transaction by taking all of the assets of Digerati and placing them in a shell company. On December 23, 2012, David Gorham and Terry Dunken purported to take action to take Digerati away from its duly elected Board and place it under the sole control of Arthur Smith who was reporting to David Gorham and Terry Dunken.

I was never told that David Gorham had a felony conviction for grand theft in the state of Florida amongst other arresting convictions.

–2–

On January 16, 2013, a board of directors meeting was called at which time I was appointed to the Board of Directors and then made CEO of Digerati by the vote of the majority of the Board of Directors consisting of Mr. Kelley Kirker and Mr. Bill McIlwain.

If David Gorham, Terry Dunken and Arthur Smith are allowed to continue on the current course, I will lose all value in my Series A Preferred Stock because of John Howell's statement that all assets will be stripped from the company.

I have a security interest in the outstanding Digerati Series E Preferred Stock shares in the amount of $170,000.00. I never approved the transfer of those shares. The Defendants' actions impair my lien rights in that security.

9.    The Closing Memorandum was executed by Arthur Smith, Gary Haak, President of Waste Deep, Terry Dunken, Oleum Capital, LLC ("Oleum"), Hurley and Dishon.

10.    I was informed that on or about December 23, 2012, Oleum fraudulently purported to exercise its rights under the Series E Preferred Stock to terminate Mr. Kelley Kirker and Mr. William McIlwain as directors and the law firm of Sonfield & Sonfield, as corporate counsel and purported to elect Arthur Smith as Chief Executive Officer.

11.    On January 16, 2013, I was appointed CEO of Digerati and also appointed to the Board of Digerati. The board minutes properly reflect that I was so elected.

13.    Rhodes Holdings LLC owns 15,000 shares of Series A Preferred Stock shares of Digerati. If I am deprived or restrained from fulfilling my duties as CEO, shareholders including my company Rhodes Holdings LLC will suffer significant losses in value.

–3–

Personally, Rhodes Holdings LLC's damages due to the current ongoing conduct would exceed $7.5 million dollars.

15.     The Defendants have obstructed actions such that the Amended and Restated Articles of Incorporation have not and cannot be filed with the Secretary of State of Nevada because the Schedule 14C is not effective and has not been mailed to the shareholders as provided in the Agreement and Closing Memorandum and required by the Securities Exchange Act of 1934.

As the CEO of Digerati, it has become clear to me that Dave Gorham is acting as a control person for Digerati and Waist Deep. Dave Gorham is an undisclosed control person over a public company but has remained invisible in SEC filings although he has controlled the deals. It is unlawful for David Gorham to be a control person over a public company and not be disclosed as such. Such action places the company and its officers and directors at risk of sanctions and possible prosecution by the SEC.

Robert C. Rhodes

SUBSCRIBED AND SWORN TO, before me, this 12 day of February, 2013.

Notary Public in and for
The State of Texas

KIMBERLY MARIE AYRES
My Commission Expires
August 15, 2015

—4—

PRIVATE PROCESS

Case Number: 2013-CI-02253

2013CI02253 S00010

**RHODES HOLDINGS LLC ET AL**
**VS.**
**DAVID L GORHAM ET AL**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# TEMPORARY RESTRAINING ORDER
### With Bond

"THE STATE OF TEXAS"
To: ANTONIO ESTRADA

Whereas, in a certain cause pending on the docket of the 285th Judicial District Court of Bexar County, Texas, being cause number 2013-CI-02253, wherein RHODES HOLDINGS LLC ET AL is Plaintiff and ANTONIO ESTRADA is Respondent. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Respondent, ANTONIO ESTRADA as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable OLIN B. STRAUSS has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Respondent, ANTONIO ESTRADA , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 25th day of February, 2013, A.D., at 9:00 o'clock A.M. in room 109, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 13th Day of February A.D., 2013.

LLOYD E KELLEY
ATTORNEY FOR PLAINTIFF
2726 BISSONNET ST 240
HOUSTON, TX 77005-1319



**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Marc Garcia,* Deputy

---

**RETURN**

CAME TO HAND ON THE _____ DAY OF _____ ,A.D. AT _____ O'CLOCK ____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____ ,A.D.,_ BY DELIVERING TO ____ ___ _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____.

TOTAL FEES: _____

_____
_____ COUNTY, TEXAS
BY _____

Original (Dk022)

**EXHIBIT 2**

NO. 2013- CI - 02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| | § | JURY TRIAL REQUESTED |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th____JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER &
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiffs' application for temporary restraining order, the

pleadings, the affidavit, and arguments of counsel, the court finds there is evidence that

harm is imminent and if the court does not issue the temporary restraining order,

Plaintiffs' will be irreparably injured.

Such irreparable injury will occur because Defendants, and those working in

concert with them will move the assets of Digerati Technologies, Inc. ("Digerati") or

cause Digerati to default on its obligations.

The harm that will result if the temporary restraining order is not issued is

irreparable. Defendants are in the process of taking actions which are intended to denude

1

the Digerati Technologies, Inc. of its only assets of value. Defendants' conduct creates confusion in the marketplace and damages Digerati Technologies, Inc.'s credibility and reputation. Defendants' actions increase uncertainty that will likely further depress Digerati Technologies, Inc.'s stock price and make it more difficult for Plaintiff to access equity capital, borrow money, or obtain commercial credit. Defendant's actions also create unnecessary difficulties in dealing with the Securities and Exchange Commission, the Nevada Secretary of State, and other governmental and regulatory bodies.

Plaintiffs have no adequate remedy at law because the Defendants are continuing to inflict damages on Plaintiffs which are not measurable by any certain pecuniary standard, and no amount of money damages could undo the harm the Defendants are inflicting.

An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur.

Therefore, the Court ORDERS that Defendants MCI Partners, LLC, David L. Gorham, Bert Terry Dunken Jr., Arthur L. Smith, John R. Fleming, Murray R. Nye, Antonio Estrada, and Lou Soumas and any person or entity acting in concert with them, including but not limited to its servicers, attorneys, agents, servants, employees, successors, heirs and assigns, are restrained and hereby enjoined from:

a) Moving any of the assets of Digerati Technologies, Inc. out of the company or executing any documents that would move or transfer the assets out of Digerati Technologies, Inc.

b) Taking any action or making any statements to the effect that any of them are authorized to move any assets or alter any assets relating to or belonging to Digerati Technologies, Inc. or any of its affiliates or subsidiaries;

c) Manipulating the price of any securities of Digerati Technologies, Inc.

d) Accessing, changing the password on, or making any other changes to any bank or commercial account in the name of or used for the benefit of Digerati Technologies, Inc. or any of its affiliates or subsidiaries, whether those accounts are online or otherwise, or to any online accounts relating to or owned by Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

e) Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the Securities and Exchange Commission, any securities exchange, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

f) Making any SEC statements purporting to be on behalf of Digerati Technologies, Inc. or any of its affiliates or subsidiaries including Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

g) Assessing, changing the password on, or making any other changes to any website of Digerati Technologies, Inc. or any of its affiliates or subsidiaries including Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

h) Taking any other action designed to impair Digerati Technologies, Inc.'s ability to conduct its business.

i) Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, or Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

The Court further orders the clerk to issue notice to Defendants MCI Partners, LLC, David L. Gorham, Bert Terry Dunken Jr., Arthur L. Smith, John R. Fleming, Murray R. Nye, Antonio Estrada, and Lou Soumas. That the hearing on Plaintiffs' application for a temporary injunction is set for _Feb. 25_, 2013, at _9:00_ a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits. This restraining order is effective and binding on against Defendants MCI Partners, LLC, David L. Gorham, Bert Terry Dunken Jr., Arthur L. Smith, John R. Fleming, Murray R. Nye, Antonio Estrada, and Lou Soumas and any person or entity acting in concert with them, including but not limited to its attorneys, servicers, agents, servants, employees, successors, heirs and assigns until the hearing on the application for temporary injunction or until further order of the court.

Bond is set at $ _200_.

This order expires on _Feb. 25th 2013 at 5:00 pm_, 2013.

Signed on February _12_, 2013, at _3:45_ a.m./p.m.

_[signature]_

PRESIDING JUDGE

4



2013CI02253 -B00001

## Certificate of District Clerk That Plaintiff(s)
## Have Made Cash Deposit In Lieu Of
## Temporary Restraining Order Bond

CRT

The State of Texas
County of Bexar                    285th Judicial District Court

I, Donna Kay McKinney, Clerk of the District Courts in and for Bexar County, Texas,
do hereby certify that RHODES HOLDINGS, LLC ET AL in Cause No. 2013CI02253, Styled
RHODES HOLDINGS, LLC ET AL vs.DAVID L GORHAM ET AL, have this day deposited
the sum of TWO HUNDRED DOLLARS AND NO CENTS ($200.00) cash, which is the
amount ordered by the Court in lieu of a Temporary Restraining Order Bond.

WITNESS, Donna Kay McKinney, Clerk of the District Courts of Bexar County, Texas.

Given under my hand and seal of said Courts of Bexar County, Texas, on February 12,
2013.

Donna Kay McKinney
District Clerk, Bexar County, Texas

BY: *Stephanie De Leon*
Stephanie De Leon, Deputy

** RECEIPT REQUIRED FOR REFUND OF FUNDS**

13 FEB 12 PM 4: 12

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

BY *Stephanie DeLeon*
DEPUTY

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
| Plaintiffs, | § | BEXAR COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

### DEFENDANTS ARTHUR L. SMITH AND ANTONIO ESTRADA'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND VERIFIED PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Defendants Arthur L. Smith and Antonio Estrada (Defendants) respectfully request that this Court dissolve the Temporary Restraining Order it entered two days ago and abate this case in favor of the dominant jurisdiction of the Harris County District Court, where this dispute was already and is pending. Defendants additionally request expedited hearing on an emergency basis.

### Summary

The Plaintiffs in this case are the defendants, and affiliates of defendants, in a Harris County lawsuit over the exact same dispute. There have already been multiple hearings and orders entered in that case (the "First-Filed Harris County Lawsuit").

1

4481548.2

BY

2013 FEB 14 P 4:53

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

FILED

DEPUTY

EXHIBIT
3

The Plaintiffs here (defendants there) are two brokers who put together a reverse merger and one minority shareholder in Digerati Technologies, Inc., one of the companies involved in that merger. Plaintiffs assert in this Court that there was fraud in connection with that reverse merger. They are correct, and they should know, because they committed that fraud. Plaintiffs continued the fraud by coming to this Court and obtaining an *ex parte* Temporary Restraining Order without disclosing to this Court that there is already an action pending against them, and in which they were restrained, in Harris County.

The Temporary Restraining Order the Plaintiffs have obtained from this Court, if maintained, makes it impossible for Digerati to operate. The Temporary Restraining Order should be dissolved, and the parties and their counsel, and this lawsuit should be abated in favor of the First-Filed Harris County Lawsuit.[1] This Motion is supported by the Declaration of Antonio Estrada attached hereto at Exhibit A.

Plaintiff's petition contains more false statements than one could possibly catalog and rebut in the time and space permitted here. What actually happened is set out below and in the declarations and relevant pleadings Digerati asserted in the First-Filed Harris County Lawsuit, which are attached hereto and incorporated herein by reference at Exhibit B. But even if all of Plaintiffs' allegations were true, they still could not support a Temporary Restraining Order in this case. Plaintiffs cannot dispute that they are brokers who put together a merger that they now claim was fraudulent. If Plaintiffs are correct about that, they certainly are not entitled to a Temporary Restraining Order to keep anyone from unwinding that fraudulent transaction.

## Background

The Temporary Restraining Order in this action involves who has the right to control Digerati Technologies, Inc. The Plaintiffs in this action are a collection of brokers who put

---

[1] Relevant pleadings and proof from the Harris County action are submitted herewith and incorporated herein.

2

together a merger and small minority shareholders who claim they have the right to control the company. Defendants are: (a) the founder of the company and others who are currently trying to run the company on a daily basis; and (b) persons employed by or associated with the indisputable supermajority shareholder of the company.[2]

The transaction at the heart of this case is a reverse merger by which some successful oilfield services companies (Oleum)[3] were merging with a struggling telephony company (Digerati). As a growing company, Oleum needed access to capital so it could expand. It could access that capital more easily and more cheaply if it had publicly traded stock. Digerati had publicly traded stock, but it was struggling and seeing little benefit from being publicly traded. The main point of the reverse merger was that Oleum would end up taking on Digerati's publicly traded shell and Digerati would give up its publicly traded shell in exchange for a small piece of the new company. Oleum would end up owning more than 90% of the merged company. Digerati would own less than 10% and the brokers involved in the transaction would get a small percentage in addition to the cash they already received. After the merger, the original operations of Digerati would be spun off, such that it would again be its own company, but no longer publicly traded, and Oleum would have the same operations it owned before merger, but it would now be publicly traded.

No one disputes that the reverse merger transaction closed. After it closed, Oleum began finding irregularities. Oleum found stock certificates issued to the brokers (the plaintiffs in this action) and companies they controlled, in amounts far in excess of what they were supposed to get. Oleum also found that shares were being issued to someone that one of the Plaintiffs in this

---

[2] Curiously, the Plaintiffs chose not to sue the supermajority shareholder. They only sued those persons who might act for it.

[3] Oleum is the majority owner of Waste Deep, which had purchased the two successful oilfield services companies that needed capital. Oleum traded the shares it owned in Waste Deep for the supermajority position in Digerati. In the interest of brevity and hopefully without too much sacrifice of accuracy, some corporate distinctions that are not germane to the issues before the court are ignored herein.

3

case said was a nominee or pseudonym for the attorney on the transaction. Oleum found that the shell they had bought had millions of dollars of debt that could not be spun off. The Plaintiffs in this case had represented to Oleum that the shell would not have any debt that could not be spun off with the original Digerati operations.[4] Oleum also found that the merged entity would not be able to immediately access capital, which was the whole point of the transaction. When Oleum looked into the brokers whom Oleum had paid $350,000 to bring it this lousy, fraudulent deal, Oleum found that one of them had a felony fraud conviction and the attorney they had recommended, who was supposed to get SEC approval of the transaction, was being sued by the SEC for fraud in connection with a prior reverse merger.

As a result of the closing that no one contests happened, Oleum was now the supermajority shareholder of Digerati. Oleum used its supermajority shareholder status to remove two directors that the brokers (the Plaintiffs in this case) and their attorney had recommended for Digerati's board. At the time of the merger the brokers had recommended that Digerati install a man named John Howell to be the CEO and Chairman of the Board. When Mr. Howell saw the same irregularities Oleum saw, he resigned. He has now provided a declaration discussing those irregularities.[5] Another director suggested by the brokers and their lawyer also resigned. Oleum voted Digerati's founder and the person who is running its day to day operations, Art Smith, to be the Chairman of the Board (and also now sole director) and CEO. Digerati then terminated its contracts with the SEC-sued SEC lawyer and severed all ties with the brokers. The attorney acknowledged to Digerati and to the SEC that he had been terminated.

---

[4] Plaintiff's claim that Art Smith and/or Antonio Estrada committed any fraud is ridiculous. All of the debt was disclosed to Plaintiffs and Plaintiffs even took shares of Digerati that they were supposed to use to obtain consents from creditors for the movement of the debt to the subsidiary.
[5] Ex. 3 to Harris County Petition and Request for TRO.

4

Any reasonable person would have expected those brokers and their attorney to slink away and hope not to be sued. They did slink away at first, but only for a few weeks. After a few weeks, showing more nerve than sense, the directors that Oleum had removed and the lawyer that Digerati had terminated filed a suit in Nevada state court, purportedly on behalf of Digerati, against Oleum, Digerati's biggest shareholder. This was not any sort of derivative suit; they actually claimed that they were Digerati! They also made bogus filings with the SEC and tried to take other actions as if they were Digerati.

Digerati then filed suit in Harris County (where the terminated brokers, the terminated directors and the terminated attorney reside) and explained to the court that the terminated directors and the terminated lawyer had filed a suit in Nevada and made bogus filings with the SEC. That case has been pending in Harris County since February 4, 2013. Two of the three individual Plaintiffs are defendants in that case, while the third is one of their business partners. All of the other Plaintiffs are just paper entities created by those three individuals. One of the Plaintiffs in the case before this Court has been purposefully evading service in the Harris County action, although he knew of the Harris County Temporary Restraining Order against him within hours of its issuance. The Harris County Court entered a Temporary Restraining Order in the First-Filed Harris County Lawsuit making findings exactly contrary to those Plaintiffs presented to this Court. The Court in Harris County has modified the Temporary Restraining Order at the request of one of the Plaintiff in this case and it has abated the Temporary Restraining Order (for lack of authority to sue in Texas) at the request of one of the Plaintiffs in this case. Digerati now has proof of its authority to do business in Texas and it has moved to reinstate the Harris County Temporary Restraining Order. The parties have appeared before the

5

Harris County Court twice and they have a hearing on the reinstatement of the Temporary Restraining Order set for 1:30 p.m. on February 15, 2013.

Plaintiffs have now obtained an ex parte TRO from this Court without disclosing to this Court that the very matter at issue here is the subject of the previously-filed and currently pending action in Harris County District Court. But that is not all. The Temporary Restraining Order which Plaintiffs requested and obtained *ex parte* in this case includes some of the same restrictions that the Plaintiff here objected to and had the Court remove in the Harris County action. To make matters much worse still, the Temporary Restraining Order in this case restrains Arthur L. Smith and Antonio Estrada, the CEO and the CFO of Digerati who must operate the business on a daily basis. The Temporary Restraining Order prohibits them from, *inter alia*, accessing the company's bank accounts to do things like pay vendors or make payroll (which is already overdue).[6] And, while the Plaintiff Robert Rhodes told this Court that the bond in this case should be "nominal . . . because the relief sought would not cause any financial harm," the very same Robert Rhodes told the Harris County Court addressing the exact same dispute that "[i]f the TRO bond is to stand in any manner, due to the issues at stake and the harm that may be caused, the bond should be increased to at least $250,000.00."

The Harris County Court clearly has dominant jurisdiction. The suit there was first filed. All of the plaintiffs here are either defendants in the Harris County action, paper entities created and controlled by those Harris County defendants, or a business partner of those Harris County Defendants. While dominant jurisdiction attaches whenever there is even an "inherent interrelationship of the subject matter"[7] in the two cases, here the matter in dispute is exactly the same. The Plaintiff Robert Rhodes has told this Court that Plaintiffs need an injunction to keep

---

[6] Declaration of Antonio Estrada, attached hereto as Ex. A.
[7] *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988).

6

one or more of the Defendants from improperly "control[ling] the company."[8]  The same Robert Rhodes told the Harris County Court that "[t]he heart of this controversy in this matter is who controls Digerati."[9]  Six of the restrained actions in the Temporary Restraining Order Plaintiffs obtained here are verbatim identical to provisions in the original Harris County Temporary Restraining Order against the Plaintiffs.

Moreover, this dispute is subject to a written agreement that exclusive venue for any such dispute would be in Harris County and Defendants challenge Bexar County venue.  That venue provision is §9.08 of the merger agreement which is the subject of this suit, and was agreed to by Digerati—the party on whose behalf Plaintiffs purports to derivatively bring this suit—and the shareholders of Waste Deep, who were represented by the Defendants named here.  In that provision the parties agreed that "any action between them shall be heard in Harris County, Texas."  Accordingly, this action would be improper even if the parties' dispute was not already pending in Harris County.

The Temporary Restraining Order in this case has made it impossible for Arthur L. Smith and Antonio Estrada to do their jobs for Digerati.  The Temporary Restraining Order should be dissolved and this matter should be abated in favor of the already-pending action in Harris County.

### Prayer

For the above and foregoing reasons, Defendants Arthur L. Smith and Antonio Estrada respectfully request:

1) That the Temporary Restraining Order be dissolved;

2) That an emergency hearing be had on February 14, 2013;

---

[8] *See, e.g.*, Petition ¶ 21 and Rhodes Declaration at 2.
[9] Rhodes Motion to Vacate in Harris County at 4-5.

4481548.2

3) That this case be abated in favor of the First-Filed Harris County Lawsuit; and for all other relief to which Defendants are entitled I law or equity.

## NOTICE OF HEARING

Notice is hereby given that a hearing on Defendants' Motion to Dissolve Temporary Restraining Order and Motion to Abate Proceedings has been scheduled in the above-styled and numbered action at **9:00 a.m.** on **February 15, 2013**, in the Presiding District Court of Bexar County, Texas.  Opposing counsel was advised of and requested to make any objection to the designated time and date of hearing, and opposing counsel made no objection.

FEB 1 4 2013

Richard E. Price
Presiding Judge
285th District Court

Respectfully submitted,

THE LAW OFFICES OF PAUL FLACK

By: _____

    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 705-3087 – Telephone
    (888) 758-1967 – Facsimile

THE PRATT LAW FIRM PLLC

By: _____

    Reagan D. Pratt
    State Bar No. 00788218
    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 936-2402 - Telephone
    (713) 481-0231 - Facsimile

COX SMITH MATTHEWS INCORPORATED

8

4481548.2

112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By: _____

    James M. Truss
    State Bar No. 00797577
    Corey F. Wehmeyer
    State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS
ARTHUR L. SMITH AND ANTONIO
ESTRADA**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing documents was this the 14th day of February 2013 served via fax and certified mail, return receipt requested to the following opposing counsel:

Aracelia Trevino      *Via Fax (w/out exhibits) & CMRRR#7196 9008 9111 7123 8645 (w/exhibits)*
The Law Office of Arcelia Trevino
The Milam Building
115 E. Travis, Suite 526
San Antonio, Texas 78205

George W. Gore      *Via Fax (w/out exhibits) & CMRRR#7196 9008 9111 7123 8652 (w/exhibits)*
The Gore Law Firm, P.C.
6200 Savoy, Suite 1150
Houston, Texas  77036

Lloyd E. Kelley      *Via Fax (w/out exhibits) & CMRRR#7196 9008 9111 7123 8669 (w/exhibits)*
The Kelley Law Firm
2726 Bissonnet, Ste. 240 PMB 12
Houston, Texas 77005

_____
    Corey F. Wehmeyer

9

4481548.2

Law Office of
# Arcelia I. Treviño
Attorney and Counselor at Law
115 East Travis, Suite 526
San Antonio, Texas 78205
(210) 626-8649 Office (210) 226-8649 Fax

## FACSIMILE COVER SHEET

**TO:** Corey F. Wehmeyer        **DATE:** February 14, 2013

**FAX NO.:** (210) 226-8395        **PHONE NO.: (**210) 554-5563

**FROM:** Arcelia I. Treviño        NO. **PAGES**: 3, including cover page

**RE:** Cause No. 2013-CI-02253; Rhodes Holdings, LLC et al v. David L. Gorham et al.

CC:      Lloyd Kelley; Fax (281) 652-5973
         George W. Gore; Fax (713) 224-2004

## COMMENTS:

Attached please find a file-stamped copy of Arcelia Treviño's vacation notice.
Should you have any questions, please contact our office at (210) 626-8649.

If there are any problems with receipt of this document, please contact Arcelia Trevino at (210) 626-8649.

This facsimile message is a privileged and confidential Attorney-Client communication and is transmitted for the exclusive information and use of the Addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at our letterhead address.

**EXHIBIT**
**4**

Law Office of

# Arcelia I. Trevino

Attorney and Counselor at Law

115 East Travis, Suite 526, San Antonio, Texas 78205

(210) 626-8649 Office (210) 226-8649 Fax

www.trevino-lawfirm.com

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2013 JAN 10 P 3: 41

DEPUTY

BY_____

January 8, 2013

*Via Regular U.S. Mail:*
Donna Kay McKinney
Bexar County District Clerk
100 Dolorosa
San Antonio, TX 78205

*Via facsimile:*
Bexar County Justice Center
Setting Clerk - Criminal
300 Dolorosa
San Antonio, Texas 78205
Fax (210) 335-3956
Te. (210) 335-2591

*Via Regular U.S. Mail:*
Wilson County District Clerk
P.O. Box 812
Floresville, Texas 78114

*Via Regular U.S. Mail:*
Bandera County District Clerk
P.O. Box 2688
Bandera, Texas 78003

*Via Regular U.S. Mail:*
Kerr County District Clerk
700 Main St. #236
Kerrville, Texas 78028

*Via Regular U.S. Mail:*
Atascosa County Clerk's Office
1 Courthouse Circle Drive, Ste 102
Jourdanton, Texas 78026

*Via Regular U.S. Mail:*
Atascosa County Judge
1 Courthouse Circle Drive, Ste 101
Jourdanton, Texas 78026

*Via Regular U.S. Mail:*
Guadalupe County District Clerk
101 E. Court Street, Suite 308
Seguin, Texas 78155

*Via Regular U.S. Mail:*
Kendall County District Clerk
201 E. San Antonio Dr. #201
Boerne, Texas 78006

*Via Regular U.S. Mail:*
Comal County District Clerk
150 N. Seguin, Suite 304,
New Braunfels, Texas 78130

*Re:* *Vacation Letter; Arcelia I. Treviño; SBN 24043964*

Dear Clerks:

Please allow this letter to serve as notice that I will be out of the office and taking vacation time during the following dates:

**February 13, 2013-February 17, 2013**
**March 12, 2013 – March 23, 2013**
**April 5, 2013-April 10, 2013**
**April 26, 2013-April 30, 2013**

**May 28, 2013- June 8, 2013**
**July 5, 2013 –July 22, 2013**
**August 20, 2013 – August 27, 2013**
**September 3, 2013-September 5, 2013**
**October 8, 2013–October 10, 2013**
**October 28, 2013 – October 31, 2013**
**November 8, 2013-November 9, 2013**
**November 19, 2013 – November 27, 2013**
**December 21, 2013 – January 4, 2014**

I ask that you please not schedule any hearings, trials, or any other matters during this time period. I am involved in family law cases and I hereby designate alternate counsel in the event an emergency arises during my period of unavailability:

Mr. Carmine Giardino
8930 Fourwinds Drive, Suite 255
San Antonio, TX 78239
Tel. (210) 599-1993
Fax (210) 599-0275

Thank you for your kind attention and please do not hesitate to contact me should you have any questions.

Respectfully,

Arcelia Treviño

AT/nl
cc: Opposing Counsel

RHODES Holdings, LLC                    Cause No. 203          In the District
Recap Marketing & Consulting                                  Court
LLP, WEM EQUITY CAPITAL
Investments, LTD, Robert C. Rhodes Delta S.                   Bexar County, Tx
Ventures LP, under M.A. Carr & William McIlwains, Plaintiffs  285th Judicial
vs -                                                          District
David L. Gorham, MCI Partners, LLC, Arthur L. Smith,
Antonio Estrada, Murray W. Nye, John R. Fleming & Bert Terry Dunken, Jr.
Lou Spumes, Defendants

~~Order denying Pl's in Abatement, Granting Defendants
Motion Modifying Altering one Temporary Order, and Granting
Temporary Restraining Order~~

                              O R D E R

On this date, the Court considered Plaintiffs' emergency
Motion for Reconsideration of an Order entered today,

After hearing arguments and evidence, It is Ordered,
Adjudged and Decreed that:

Both sides shall not destroy, waste, or remove
assets to any ~~other entities~~ This order does not
preclude ~~the Company~~ the Bexar County Defendants Digerati Technologies Inc. and its
~~employees~~ From Normal business operations. It is Ordered
That this ~~provision~~ Order expires on February 22, 2013.

It is Ordered that the hearing for Temporary Orders set
on February 25, 2013 in Bexar County is cancelled.
This Court finds that Digerati Technologies Inc. is not
part of this Bexar County Litigation & is not subject to this Order

Any Further injunction relief in Bexar County by the
Bexar County Plaintiffs must be upon at least two days notice.

It is ordered that the Bexar County Litigation is not
Abated in its entirety and is subject to Further orders of
the Court upon proper Notice, 3 day Notice.

Signed on February 15, 2013.

~~time~~ 2-15-13

EXHIBIT
5

Judge Strauss

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
| Plaintiffs, | § | BEXAR COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
| Defendants. | § | 285ᵗʰ JUDICIAL DISTRICT |

### ORDER GRANTING DEFENDANTS ARTHUR L. SMITH AND ANTONIO ESTRADA'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND VERIFIED PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS

On this date, the Court considered Defendants Arthur L. Smith and Antonio Estrada's Motion to Dissolve Temporary Restraining Order and Verified Plea in Abatement and Motion to Abate Proceedings. After reviewing the documents in the Court's file and the argument of counsel, the Court finds that the Defendants' Motion should be, and is in all things, GRANTED.

Accordingly, it is, therefore, ORDERED, ADJUDGED and DECREED that the Temporary Restraining Order entered by this Court on February 12, 2013, in the above-entitled action is hereby DISSOLVED in its entirety. The hearing scheduled for February 25, 2013 at 9:00 a.m. is cancelled as moot.

It is further, ORDERED, ADJUDGED and DECREED that Plaintiffs in the above captioned matter pay Defendants' reasonable and necessary attorney fees in the amount of _____ on or by the ____ day of _____ 2013.

1

EXHIBIT 6

It is therefore, further ORDERED, ADJUDGED and DECREED that all of Plaintiffs' claims and causes of action against Defendants asserted in this action are hereby abated, that Plaintiffs are required to bring such claims, if at all, through the pending action in Harris County, Texas, Cause No. 2013-06483 in the 281st District Court of Harris County, Texas, and that Plaintiffs' claims and causes of action against Defendants in this action shall remain abated pending the outcome of such lawsuit or further order of this Court.

SIGNED this 15th day of February 2013.

Effective
@ 2:30 p.m.
the 15th DAY of February 2013

_____
JUDGE PRESIDING

2

COX | SMITH

ATTORNEYS

February 20, 2013

Corey F. Wehmeyer

cwehmeyer@coxsmith.com
210.554.5563

*Via Fax & CMRRR#7196 9008 9111 8738 1366*
Ms. Aracelia Trevino
Law Office of Aracelia Trevino
The Milam Building
115 E. Travis, Ste. 526
San Antonio, Texas 78205

*Via Fax & CMRRR#7196 9008 9111 8738 1373*
Mr. George W. Gore
The Gore Law Firm, P.C.
6200 Savoy, Suite 1150
Houston, Texas 77036

*Via Fax & CMRRR#7196 9008 9111 8738 1380*
Mr. Lloyd Kelley
The Kelley Law Firm
2726 Bissonnet, Ste. 240 PMB 12
Houston, Texas 77005

Re:    Cause No. 2013-CI-02253; *Rhodes Holdings, LLC, et al vs. David L. Gorham, et al.*; In
       the 285th Judicial District Court of Bexar County, Texas

Dear Counsel:

We enclose Defendants' Motion to Quash Depositions, which we filed with the court in
connection with the above-referenced matter today.

Please call us if you have any questions or comments.

Sincerely yours,

Corey F. Wehmeyer

CFW:mj
Enclosures

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street | Suite 1800
San Antonio, TX 78205
210.554.5500 tel | 210.226.8395 fax
COXSMITH.COM
4493650.1

EXHIBIT
7

**Jenkins, Mirta**

| | |
|---|---|
| **From:** | Inocencio, Henri |
| **Sent:** | Wednesday, February 20, 2013 5:10 PM |
| **To:** | Jenkins, Mirta |
| **Subject:** | It has been |

**Your Account  |  Submit a Filing  |  Review Filings / eService  |  Jurisdictions  |  Filing Repor**

 ## Submit a Filing

 Your submission was successful! Your trace number is **ED015J017337263.** The details of your filing

To view the status of this and other submissions, click the "Review Filings" tab above.

**Submit another filing**

| **Timestamp:** |
|---|
| 02/20/2013 5:07:26 PM (Central (U.S. and Canada)) |

This receipt acknowledges your filing was sent to the court clerk for processing. The Court Filing fee
To track the status of your filing, click on the "Review Filings/eService" tab. When the Filing Status (

**Henri Inocencio**
Paralegal

hinocenc@coxsmith.com
210 554 5426 direct

**COX SMITH**
112 E. Pecan Street | Suite 1800
San Antonio, Texas 78205
210 554 5500 tel
210 226 8395 fax

coxsmith.com                    Vcard

The information in this email may be confidential and/or privileged. This email may
be reviewed only by the intended recipient named above. Any review, use or
disclosure of the information contained in this email, or any attachments by
anyone other than the intended recipient, is prohibited. If you have received this
email in error, please immediately notify the sender and permanently delete this
email from your system.

Pursuant to Department of Treasury Circular 230, this email and any attachment
hereto, is not intended or written to be used, and may not be used by the recipient,

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## DEFENDANTS' MOTION TO QUASH NOTICES OF ORAL DEPOSITION

Defendants Antonio Estrada and Art Smith move the Court to Quash the Notices of Oral Deposition propounded by Plaintiffs, Rhodes Holdings, LLC, et al.

1.  On February 14, 2013, Plaintiffs faxed notices of their intent to take oral deposition of Art Smith on February 21, 2013, at 10:00 a.m., and of Antonio Estrada on the same day at 1:00 p.m. On February 20, 2013, at 9:25 a.m., Defendants faxed notice of their intent to take the deposition of Christy Albeck on February 20, 2013, at 10:00 a.m.—i.e. 35 minutes later. Copies of the deposition notices are attached hereto.

2.  Defendants object to the date and time designated for the depositions. Plaintiffs made no effort to schedule these depositions by agreement. Plaintiffs apparently served the notices for the sole purpose of causing Defendants the effort of filing this motion to quash.

3.  Defendants further object because this action is subject to the dominant jurisdiction of Harris County District Court, where a prior-filed lawsuit on the same dispute is underway. Defendants have moved to abate this case on that basis.

4.  Because this motion is filed within three business days of when notice was served, this motion objecting to the time and place for the depositions stays the deposition until the motion can be determined by the court. Tex. R. Civ. P. 199.4.

1

Defendants request that the court quash the notices of their depositions and grant them all other relief to which they may be justly entitled.

Respectfully submitted,

PRATT & FLACK, LLP

Paul D. Flack
State Bar No. 00786930
Tel: 713-936-0782
Email:  pflack@pflack.com

Reagan D. Pratt
State Bar No. 00788218
Tel: 713-936-2402
Email:  rpratt@prattfirm.com
1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010
Tel: 713-936-2402
Facsimile:  888-758-1967

COX SMITH MATTHEWS INCORPORATED

James M. Truss
State Bar No. 99797577
Corey F. Wehmeyer
State Bar No. 24051903
112 East Pecan Street #1800
San Antonio, TX 78205
Tel:  210-554-5500
Facsimile:  210-226-8395

*Attorneys for Defendants Art Smith and Antonio Estrada*

2

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing to be served on the following counsel of record on this 20th day of February, 2013:

Aracelia Trevino       *Via Fax & CMRRR#7196 9008 9111 8738 1366*
The Law Office of Aracelia Trevino
The Milam Building
115 E. Travis #526
San Antonio, TX 78205
Fax:  210-226-8649

Lloyd E. Kelley       *Via Fax & CMRRR#7196 9008 9111 8738 1380*
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax:  281-652-5973

George W. Gore       *Via Fax & CMRRR#7196 9008 9111 8738 1373*
The Gore Law Firm, PC
6200 Savoy #1150
Houston, TX 77036
Fax: 713-224-2004


_____
Corey F. Wehmeyer

EXHIBIT "A"

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET AL<br>Plaintiffs | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | § | BEXAR COUNTY, TEXAS |
| DAVID L. GORHAM<br>Defendants. | §<br>§ | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF DEPOSITION OF ANTONIO ESTRADA

Defendants will take the oral/video deposition of Antonio Estrada on the 21st day of February, 2013 at the offices of Paul Flack located on 1331 Lamar, Suite 1250, Houston, Tx 77010. This deposition will commence at 1:00 pm and continue from day to day until completed. The oral examination will take place before an authorized court reporter and will be recorded by stenographic and may be taken by video means. All parties are invited to attend and cross-examine.

Respectfully submitted

THE KELLEY LAW FIRM

By: /s/ Lloyd E. Kelley_____
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties on this the 14th day of February, 2013, via fax.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

1

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET AL | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| DAVID L. GORHAM | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF DEPOSITION OF ART SMITH

Defendants will take the oral/video deposition of Art Smith on the 21st day of February, 2013 at the offices of Paul Flack located on 1331 Lamar, Suite 1250, Houston, Tx 77010. This deposition will commence at 10:00 am and continue from day to day until completed. The oral examination will take place before an authorized court reporter and will be recorded by stenographic and may be taken by video means. All parties are invited to attend and cross-examine.

Respectfully submitted

THE KELLEY LAW FIRM

By: /s/ Lloyd E. Kelley_____
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties on this the 14th day of February, 2013, via fax.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

1

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET AL | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| DAVID L. GORHAM | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF DEPOSITION OF ART SMITH

Defendants will take the oral/video deposition of Art Smith on the 21st day of February, 2013 at the offices of Paul Flack located on 1331 Lamar, Suite 1250, Houston, Tx 77010. This deposition will commence at 10:00 am and continue from day to day until completed. The oral examination will take place before an authorized court reporter and will be recorded by stenographic and may be taken by video means. All parties are invited to attend and cross-examine.

Respectfully submitted

THE KELLEY LAW FIRM

By:_ /s/ Lloyd E. Kelley_____
    LLOYD E. KELLEY
    State Bar No. 11203180
    2726 Bissonnet, Suite 240, PMB#12
    Houston, Texas 77005
    Telephone: 281-492-7766
    Telecopier: 281-652-5973
    COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties on this the 14th day of February, 2013, via fax.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

1

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET Al | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| DAVID L. GORHAM | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF DEPOSITION OF CHRISTY ALBECK

Defendants will take the oral/video deposition of Christy Albeck on the 20th day of February, 2013 at the offices of George W. Gore located on 6200 Savoy, Suite 1150, Houston, Tx 77036. This deposition will commence at 10:00 am and continue from day to day until completed. The oral examination will take place before an authorized court reporter and will be recorded by stenographic and may be taken by video means. All parties are invited to attend and cross-examine.

Respectfully submitted

THE KELLEY LAW FIRM

By: _/s/ Lloyd E. Kelley_____
LLOYD E. KELLEY
State Bar No. 11203180
3726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFFS

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

## The Kelley Law Firm

# Fax

| **To:** | Paul Flack | **Fax:** | 1-888-758-1967 |
|---|---|---|---|
| **To:** | Reagan D. Pratt | **Fax:** | 713-481-0231 |
| **From:** | Lila Millan | **Pages:** | Cover + 2 |
| **Date:** | 2/21/13 | **Re:** | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

● **Comments:**

Amended Motion To Set On The Non-Jury Docket

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

**EXHIBIT**

**8**

COPY

FILED
DONNA KAY MCKINNEY
DISTRICT CLERK
BEXAR COUNTY

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP, WEM EQUITY | § | DEPUTY |
| CAPITAL INVESTMENTS, LTD., | § | |
| ROBERT C. RHODES, DELTA S. | § | BY_____ |
| VENTURES LP, HUNTER M.A. CARR | § | |
| & WILLIAM MCILWAIN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | 285TH JUDICIAL DISTRICT |
| DAVID L. GORHAM, MCI | § | |
| PARTNERS, LLC, ARTHUR L. | § | |
| SMITH, ANTONIO ESTRADA, | § | |
| MURRAY R. NYE, JOHN R. | § | |
| FLEMING & BERT TERRY DUNKEN, | § | |
| JR. AND LOU SOUMAS | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## AMENDED MOTION TO SET ON THE NON-JURY DOCKET

Now come Plaintiffs respectfully file this Motion to Set on the Non Jury Docket in support of Plaintiffs' Motion for Temporary Injunction that was filed February 12, 2013.

1.    Plaintiffs hereby request that the above-entitled and numbered cause be set for hearing on the Non-Jury Docket for FEBRUARY 27, 2013 at 9:00 a.m.

2.    The estimated length of the hearing is one-half day.

3.    Plaintiffs prays that the Court grant this Motion to Set on the Non-Jury Docket

Respectfully submitted,

LAW OFFICE OF ARCELIA TREVINO
115 E. Travis, Suite 526
San Antonio, TX 78205
Tel: (210) 626-8649,
Fax: (210) 225-8649

By: _____
Arcelia Treviño
State Bar No. 24043964

## Notice of Hearing

The above motion is set for hearing on FEBRUARY 27, 2013 at 9:00 A.M. in the Bexar County Courthouse, Civil Presiding Court, Room 109, 100 Dolorosa, San Antonio, Texas.

SIGNED on _____ FEB 2 0 2013          Richard E. Price
                                                Presiding Judge
                                                285th District Court

                                Judge or Clerk

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party that has been served with citation in accordance with the Texas Rules of Civil Procedure on February 20, 2013.

                                Arcelia Treviño

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |



### NOTICE OF HEARING ON DEFENDANTS ARTHUR L. SMITH AND ANTONIO ESTRADA'S VERIFIED PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS

Notice is hereby given that a hearing on Defendants' Verified Plea in Abatement and Motion to Abate Proceedings, together with any amendments or supplements thereto, has been scheduled in the above-styled and numbered action at **9:00 a.m.** on **February 27, 2013**, in the Presiding District Court of Bexar County, Texas.

FEB 21 2013
Richard E. Price
Presiding Judge
285th District Court

_____

PRESIDING DISTRICT JUDGE

EXHIBIT
9

THE LAW OFFICES OF PAUL FLACK

By: _____

    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 705-3087 – Telephone
    (888) 758-1967 – Facsimile

THE PRATT LAW FIRM PLLC

By: _____

    Reagan D. Pratt
    State Bar No. 00788218
    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 936-2402 - Telephone
    (713) 481-0231 - Facsimile

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By: _____

    James M. Truss
    State Bar No. 00797577
    Corey F. Wehmeyer
    State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS
ARTHUR L. SMITH AND ANTONIO
ESTRADA**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was on this the 21st day of February 2013 served via the methods indicated below:

Aracelia Trevino                          *Via Hand Delivery and Facsimile*
The Law Office of Arcelia Trevino
The Milam Building
115 E. Travis, Suite 526
San Antonio, Texas 78205

George W. Gore                          *Via Facsimile*
The Gore Law Firm, P.C.
6200 Savoy, Suite 1150
Houston, Texas  77036

Lloyd E. Kelley                          *Via Facsimile*
The Kelley Law Firm
2726 Bissonnet, Ste. 240 PMB 12
Houston, Texas 77005


                                        Corey F. Wehmeyer

## Notice of Hearing

The above motion is set for hearing on FEBRUARY 27, 2013 at 9:00 A.M. in the Bexar County Courthouse, Civil Presiding Court, Room 109, 100 Dolorosa, San Antonio, Texas.

SIGNED on _____ FEB 2 0 2013

Richard E. Price
Presiding Judge
285th District Court

_____
Judge or Clerk

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party that has been served with citation in accordance with the Texas Rules of Civil Procedure on February 20, 2013.

_____
Arcelia Treviño

EXHIBIT
10

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
| Plaintiffs, | § | BEXAR COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

**VERIFIED MOTION FOR CONTINUANCE AND MOTION TO RESET HEARINGS
ON PLAINTIFFS' REQUEST FOR TEMPORARY INJUNCTION AND DEFENDANTS'
VERIFIED PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS**

Defendants file this Verified Motion for Continuance and Motion to Reset Hearings on

(1) Plaintiffs' Request for Temporary Injunction and (2) Defendants' Verified Plea in Abatement

and Motion to Abate Proceedings and in support thereof respectfully show the following.

1.     Plaintiffs claim that these matters are currently set for hearing on February 27th,

2013 at 9:00 am.

2.     On February 22, 2013, counsel for Plaintiffs and counsel for Defendants agreed to

pass the hearings set for February 27th, 2013, pending resolution of a related proceeding filed in

Harris County, Texas.  A copy of the transcript of that agreement is attached as Ex. A.

3.     On February 26, 2013, on or after 1:30 pm, counsel for Plaintiffs, Lloyd Kelley,

for the first time notified counsel for Defendants that Plaintiffs had changed their mind and were

refusing to pass the hearings purportedly scheduled for February 27, 2013 at 9:00 am.

1

4510989.1

**EXHIBIT
11**

4.     From February 22, 2013 until the afternoon of February 26, 2013 Defendants understood that the hearings scheduled for February 27, 2013 had been passed.  Less than one day is not adequate notice for the hearings on Plaintiffs' Request for a Temporary Injunction and Defendants' Verified Plea in Abatement and Motion to Abate Proceedings.

5.     In addition, witnesses that Defendants may need to call for the hearing on Plaintiffs' Request for a Temporary Injunction, including some who do not even reside in San Antonio, are not available on such short notice.

6.     This Court previously ordered on February 15, 2013, that "[a]ny further injunction relief in Bexar County by the Bexar County Plaintiffs must be upon at least two days' notice."  Defendants only learned of Plaintiffs' intention to attempt to reinstate their hearing on their temporary injunction less than 24 hours before the time for which Plaintiffs now claim the hearing is set.

6.     Defendants respectfully request a continuance, not for the purpose of delay, but in order that justice may be done.

WHEREFORE, Defendants pray that the Court reset this matter for hearing at a future time after adequate notice to all parties.

Respectfully submitted,
PRATT & FLACK, LLP

By: _____
Reagan D. Pratt·
State Bar No. 00788218
Paul D. Flack
State Bar No. 00786930
1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010
(713) 936-2402 - Telephone
(713) 481-0231 – Facsimile

2

4510989.1

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By: _____
      James M. Truss
      State Bar No. 00797577
      Corey F. Wehmeyer
      State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing documents was this the 27th day of February 2013 served via the methods indicated below to the following opposing counsel:

Arcelia Trevino                                *Via Facsimile*
The Law Office of Arcelia Trevino
The Milam Building
115 E. Travis, Suite 526
San Antonio, Texas 78205
Facsimile: (210) 226-8649

George W. Gore                                 *Via Facsimile*
The Gore Law Firm, P.C.
6200 Savoy, Suite # 1150
Houston, Texas  77036
Facsimile: (713) 224-2004

Lloyd E. Kelley                                *Via Facsmile*
Lloyd E. Kelley & Associates
2726 Bissonnet, Ste. 240 PMB 12
Houston, Texas 77005
Facsimile: (281) 652-5973

James D. Pierce                                *Via Facsimle*
1 Sugar Creek Center #1080
Sugar Land, TX 77748
Facsimile: (713) 650-0146

Darryl Spiller                                 *Via Facsimile*
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Facsimile: (281) 652-5973

Melissa Gomez                                  *Via Facsimile*
Treazure Johnson
George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004
Facsimile: (202) 344-8300

Corey F. Wehmeyer

4

4510989.1

## VERIFICATION

| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF HARRIS | § |

My name is Paul Flack. I am over the age of 21 and fully competent to make this declaration. The statements herein are true and correct based on my personal knowledge.

I am counsel for Art Smith and Antonio Estrada in *Rhodes Holdings et al. v. Dave Gorham et al.* and I am also counsel to their employer in a case involving the very same issues currently pending in Harris County, Texas. The statements in the foregoing verified motion for continuance are true and correct.

### Jurat

My name is Paul D. Flack. My date of birth is April 4, 1964 and my address is 25 Orkney Isle Ct., Sugar Land, TX 77479. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County in the State of Texas, on this the 26th day of February, 2013.


_____
Paul D. Flack

5

1

```
 1              THE COURT:  Okay.  So let's go on the record.
 2    The Court understands that the parties have reached an
 3    agreement regarding the Bear County litigation.
 4              MR. LLOYD KELLEY:  Yeah, we have some hearings
 5    next week, Judge.  Both sides agreed to move those to free up
 6    your calendar so we can do our business here first and then
 7    we'll reset those later.
 8              THE COURT:  Okay.  Is that correct?
 9              MR. FLACK:  Yes.  We agree that it is going to
10    be at least two weeks after the conclusion of what is here or
11    some period of time.
12              MR. LLOYD KELLEY:  I didn't know we were
13    agreeing to that, but I can -- sure, why not.
14              THE COURT:  All right.  And are there other
15    agreements to put on the record now?
16              MR. LLOYD KELLEY:  No, we're still talking.
17              THE COURT:  Okay.  All right.  Why don't y'all
18    come up and look at the order of referral for mediation that I
19    prepared.
20              (Counsel approached the Bench)
21              THE COURT:  Okay.  Monday at 9:15, it says show
22    up at 9:15 at this Post Oak address.  And you will see in the
23    paragraph there is where I tried to sort of explain the
24    parameters.  Of course you need to talk about the whole case.
25    But if you still have time left over after you've not resolved
```

EXHIBIT "A"

2

1  the whole case, stipulations of fact and stipulations of law,

2  and I phrased it like this:  The operation of Digerati until

3  the ultimate issues can be decided on final trial of the

4  merits.

5         So some sort of cease fire but let the company

6  do what it needs to do until you all can get to procedurally a

7  final trial on the merits.  Does that make sense?

8         MR. FLACK:  Yes.

9         THE COURT:  All right.  So do y'all want to

10  keep a copy of that?

11         MR. LLOYD KELLEY:  One part of this case is

12  real narrow, it's just who controls the company.  The other

13  piece -- have you looked at the pleadings?  I mean, they're

14  like --

15         THE COURT:  Yeah, I have 20 different causes of

16  action.

17         MR. LLOYD KELLEY:  Yeah, that's what I'm

18  saying.  If that goes forward, that is not something that we

19  can do in a week.

20         THE COURT:  Which is why you all need somebody

21  to facilitate discussions so that you all can figure out

22  what -- how to position this so that the ultimate issue can be

23  decided.

24         MR. LLOYD KELLEY:  Right.

25         THE COURT:  And, you know, if -- let's go off

1    the record.

2                    (Discussion off Record)

3              THE COURT:  All right.  Good luck next week.

4    Y'all are excused.

5              MR. FLACK:  Thank you.

6              MR. LLOYD KELLEY:  Thank you.

7              (The hearing adjourned at 3:30 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25





**CaseFile**
secure legal efiling

Your Account | Submit a Filing | Review Filings / eService | Jurisdictions | Filing Reports | eService Profile | Sign Out

## Submit a Filing

 Live Chat

Your submission was successful! Your trace number is **ED015J017348112**. The details of your filing are shown below. To view a printable version of your filing summary, **click here**.

To view the status of this and other submissions, click the "Review Filings" tab above.

**Submit another filing**

| Timestamp: |
|---|
| 02/27/2013 8:14:59 AM (Central (U.S. and Canada)) |

This receipt acknowledges your filing was sent to the court clerk for processing. The Court Filing fees are subject to change upon clerk review.

To track the status of your filing, click on the "Review Filings/eService" tab. When the Filing Status changes to "Confirmation", the file stamped copy and final costs are accessible by clicking on the trace number.

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $5.43 |
| Court Filing Fees | $2.00 |
| CaseFileXpress Filing Fee | $12.00 |
| **Total cost of filing:** | **$19.43** |

### Personal Information

Filer: cwehmeyer
Attorney of Record: cwehmeyer
Name: Corey Wehmeyer
Law Firm or Organization: Cox Smith Matthews Incorporated - San Antonio
Bar Number: 24051903
Filer Position: Attorney
Address: 112 E. Pecan, Suite 1800
San Antonio, TX 78205
Phone: (210) 554-5500
Fax: (210) 226-8395
Email: cwehmeyer@coxsmith.com

### Payment Information

Payment Method: Credit Card
Address: 105 Decker Ct.
Irving, TX 75062
Credit Card Type: MAST
Credit Card #: XXXX XXXX XXXX 4768
Cardholder Name: COX SMITH

### Filing Information

Cause No. 2013-CI-02253;
Case Title: Rhodes Holdings, LLC, et al. v. Gorham, et al.
Sealed Case: No
County Name: Bexar
Court Type: District
Court Name: 285th District Court
Cause/Case Number: 2013-CI-02253
Document Type: Pleading - No Fee
Defendant Attorney(s):
Corey Wehmeyer
Special Instructions:
Client Matter #: 34981.1

### Document Information

File Name: MOTION CONTINUANCE.pdf

Attachments (1):

EXHIBIT A.pdf

Copyright 2003 - 2013, CaseFileXpress, All rights reserved.

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
| Plaintiffs, | § | BEXAR COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## ARTHUR L. SMITH AND ANTONIO ESTRADA'S ANSWER SUBJECT TO VERIFIED PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS

Defendants Arthur L. Smith and Antonio Estrada (collectively "Defendants") file this Answer subject to their Verified Plea in Abatement and Motion to Abate Proceedings.

## GENERAL DENIAL

Defendants generally deny each and every, all and singular, of Plaintiffs' allegations and demand strict proof thereof.

## CONDITIONS PRECEDENT

Defendants specifically deny that all conditions precedent have been performed or have occurred.  Plaintiffs made no demand on Defendants and provided them no notice of any of the purported claims at issue.

## DEFENSES AND AFFIRMATIVE DEFENSES

As further defenses, should any be necessary, Defendants assert the following defenses and affirmative defenses:

EXHIBIT
12

1. Plaintiffs' claims are barred in whole or in part by Plaintiffs' fraud.

2. Plaintiffs' claims and/or the relief they seek are barred in whole or in part by the doctrine of unclean hands.

3. Plaintiffs' claims are barred in whole or in part by ratification, waiver, estoppel, and laches.

4. Plaintiffs' claims are barred in whole or in part because the statements and/or the acts complained of are subject to an absolute or conditional privilege.

5. Plaintiffs' claims are barred in whole or in part because Plaintiffs' are not capable of being libeled, slandered, or disparaged.

6. Plaintiffs' claims are barred in whole or in part because the statements about which they complain were true.

7. Plaintiffs' claims are barred in whole or in part by privilege, justification, or legal justification.

8. Plaintiffs' claims and/or the relief they seek are barred because Plaintiffs have failed to mitigate any damages they could have suffered.

9. Plaintiffs' claims are barred in whole or in part because Plaintiffs' purported reliance upon any allegedly false statement by Defendants was not reasonable.

10. Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

11. Plaintiffs' claims are barred in whole or in part by illegality.

12. Plaintiffs' claims are barred in whole or in part because Plaintiffs' could not have performed the contract about which they complain.

13. Plaintiffs' claims and/or the recovery they seek are barred in whole or in part because any injury or damages that Plaintiffs suffered were the result of their own actions or omissions or those of third parties.

14. Plaintiffs' claims are barred in whole or in part because they lacked requisite license.

15. Plaintiffs' claims are barred in whole or in part by payment.

16. Plaintiffs' claims are barred in whole or in part by release.

17. Plaintiffs' claims are barred in whole or in part by the statute of frauds.

18. Plaintiffs' claims are barred in whole or in part by justification.

19. Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot assert their claims in the capacity in which they have sued and Plaintiffs cannot recover from Defendants in the capacity in which Defendants have been sued.

## PRAYER

Defendants pray that all claims against them be dismissed with prejudice and that they be awarded their attorneys' fees, costs of court, and such other relief to which they may be entitled.

Respectfully submitted,

PRATT & FLACK, LLP

By: _____

Paul D. Flack
State Bar No. 00786930
Reagan D. Pratt
State Bar No. 00788218
1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010
(713) 936-2402 - Telephone
(888) 819-2258 – Facsimile

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By: _____

James M. Truss
State Bar No. 00797577
Corey F. Wehmeyer
State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS**

3

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing documents was this the 10th day of March 2013 served via the methods indicated below to the following opposing counsel:

| | |
|---|---|
| Arcelia Trevino | *Via Facsimile* |
| The Law Office of Arcelia Trevino | |
| The Milam Building | |
| 115 E. Travis, Suite 526 | |
| San Antonio, Texas 78205 | |
| | |
| George W. Gore | *Via Facsimile* |
| The Gore Law Firm, P.C. | |
| 6200 Savoy, Suite 1150 | |
| Houston, Texas  77036 | |
| | |
| Lloyd E. Kelley | *Via Facsimile* |
| The Kelley Law Firm | |
| 2726 Bissonnet, Ste. 240 PMB 12 | |
| Houston, Texas 77005 | |

_____

Paul D. Flack

```
                    ********************
              ***   TX REPORT   ***
                    ********************


      TRANSMISSION COMPLETED

      TX/RX NO.                 0164
      DESTINATION NUMBER           *70p12102268649
      DESTINATION ID
      ST. TIME                  03/10 20:46
      COMMUNICATION TIME        00'51
      PAGES SENT                   5
      RESULT                    OK
```

# PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T  713-705-3087
F  888-819-2258

## Fax Transmittal

DATE:   March 10, 2013

TO:     George W. Gore

        Lloyd Kelley

        Arcelia Trevino

PAGES (including cover sheet): 5

RECIPIENT FAX: (713) 224-2004

RECIPIENT FAX: (713) 652-5973

RECIPIENT FAX: (210) 226-8649

FROM: Paul D. Flack

CLIENT/MATTER NO: DIGERATI

MESSAGE:

NOTICE OF CONFIDENTIALITY

```
                        *********************
                   ***    TX REPORT    ***
                        *********************


        TRANSMISSION COMPLETED

        TX/RX NO.              0161
        DESTINATION NUMBER        *70p7132242004
        DESTINATION ID
        ST. TIME              03/10 20:40
        COMMUNICATION TIME    01'46
        PAGES SENT               5
        RESULT                OK
```

# PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T 713-705-3087
F 888-819-2258

## Fax Transmittal

DATE:    March 10, 2013                    PAGES (including cover sheet): 5

TO:      George W. Gore                    RECIPIENT FAX: (713) 224- 2004

         Lloyd Kelley                      RECIPIENT FAX: (713) 652-5973

         Arcelia Trevino                   RECIPIENT FAX: (210) 226-8649


FROM: Paul D. Flack

CLIENT/MATTER NO: DIGERATI

MESSAGE:

```
****************************
***   ERROR TX REPORT   ***
****************************


INCOMPLETE TRANSMISSION

TX/RX NO.            0163
DESTINATION NUMBER      *70p7136525973
DESTINATION ID
ST. TIME            03/10 20:47
COMMUNICATION TIME  00'00
PAGES SENT           0
RESULT              NG        #018
                    LINE BUSY
```

*No answer or Kelley's fax*

# PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T 713-705-3087
F 888-819-2258

## Fax Transmittal

DATE:   March 10, 2013          PAGES (including cover sheet): 5

TO:     George W. Gore          RECIPIENT FAX: (713) 224-2004

        Lloyd Kelley            RECIPIENT FAX: (713) 652-5973

        Arcelia Trevino         RECIPIENT FAX: (210) 226-8649


FROM: Paul D. Flack

CLIENT/MATTER NO: DIGERATI

MESSAGE:

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION COMPLETED

TX/RX NO.              0167
DESTINATION NUMBER        *70p2816525973
DESTINATION ID
ST. TIME              03/11 09:33
COMMUNICATION TIME    01'34
PAGES SENT               5
RESULT                OK
```

PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T  713-705-3087
F  888-819-2258

## Fax Transmittal

DATE:    March 10, 2013                    PAGES (including cover sheet): 5

TO:    George W. Gore                      RECIPIENT FAX: (713) 224- 2004

       Lloyd Kelley                        RECIPIENT FAX: (713) 652-5973

       Arcelia Trevino                     RECIPIENT FAX: (210) 226-8649

FROM: Paul D. Flack

CLIENT/MATTER NO: DIGERATI

MESSAGE:

NOTICE OF CONFIDENTIALITY

**Paul Flack**

| | |
|---|---|
| **From:** | mray@eLawServices.com |
| **Sent:** | Monday, March 11, 2013 8:12 AM |
| **To:** | pflack@pflack.com |
| **Subject:** | Filing Trace Number ED015J017368840, Pleading - No Fee, CONFIRMATION, Bexar District |

DO NOT REPLY TO THIS E-MAIL.
This e-mail serves as your receipt.

FILING INFORMATION
Case/Cause Number: 2013CI02253
Filing Type:      Pleading - No Fee
Filing Attorney:  Paul D. Flack
Client Matter #:  Digerati
Style/Case Name:   Rhodes Holdings, LLC et al. v David L. Gorham et al.
Sealed Indicator:  No


Status:         CONFIRMATION
Date of Status:     Monday, March 11, 2013 8:12 AM
Court/Calendar:      285th District Court
Filing Trace Number:  ED015J017368840
Comments:         THANK YOU FOR FILING

*In order to have a copy of your filing, access the following URL and download your filing:
https://www.efilingforcourts.com/eLawServices/FilingInbox.aspx

**Filing Status Legend
Confirmation - Your filing has been reviewed and accepted by the clerk.
Alert - Your filing has been reviewed and rejected by the clerk.

PAYMENT INFORMATION
Payment Method:   MAST
Amount:        $11.25
Payment Status:   paid

If you have any questions about your payment please contact 800-943-4085.

Confidentiality Notice:
The information in this email may be confidential and/or privileged.  This email is intended to be reviewed by only the individual or organization named above.  If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination, use or copying of this email and its attachments, if any, or the information contained herein is prohibited.

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFF'S RULE 106 MOTION FOR SUBSITUTION OF SERVICE

COMES NOW, Rhodes Holdings, LLC, et al., Plaintiffs, and files this Rule 106 Motion

for Substitution of Process Service and would show the Court as follows:

### FACTS/EVIDENCE

On several different, separate occasions Rhodes Holdings, LLC et al, Plaintiffs have

attempted to serve David Gorham by personal delivery (see accompanying/ attached affidavit).

Plaintiffs have failed to serve David Gorham and support this motion with an affidavit attached

as *Exhibit A*.

Furthermore, when Defendant, David Gorham heard that a process server was looking for

him he intentionally dodged service and corresponded with Christy Albeck as to how to avoid

service by going out the back the door (*see email correspondence attached as Exhibit B* ).

EXHIBIT
13

## REQUEST

Plaintiffs, respectfully ask the Court allow Plaintiffs to serve Defendant, David Gorham under Rule 106 by alternative service.

## PRAYER

Plaintiffs, respectfully ask the Court to allow Rhodes Holdings, LLC, et al. to serve David Gorham by (1) mailing citation and Plaintiffs' Original Petition to David Gorham or anyone over 18 years old located at his home address via certified mail at 1778 Morning Glory Lane, Pocatello, Idaho, 83201-1960 or (2) serving citation and Plaintiffs' Original Petition to David Gorham via his company Oleum Capital, LLC, through counsel of record for Oleum Capital, LLC care of Venable LLP, Melissa Gomez, George Kostolampros, or Tom Kelly, at 575 7th Street, NW Washington, DC 20004, Fax (202) 344-8300.

Respectfully submitted,

THE KELLEY LAW FIRM
By: /s/: Lloyd E. Kelley
LLOYD E. KELLEY
Attorney for Defendant
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on March 13, 2013.

/s/: Lloyd E. Kelley
Lloyd E. Kelley

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER AS RULE 106 MOTION FOR SUBSITUTION OF SERVICE

After considering Plaintiffs' Rule 106 Motion for Alternative Service and the supporting affidavit and correspondence, the Court finds the Plaintiffs attempts to serve Defendant David Gorham have been unsuccessful and finds that the alternative service requested in this Motion for Substitution of Service shall be **GRANTED.**

THEREFORE IT IS ORDERED that Plaintiffs' Original Petition and Citation shall be served to David Gorham by (1) mailing citation and Plaintiffs' Original Petition to David Gorham or anyone over 18 years old located at his home address via certified mail at 1778 Morning Glory Lane, Pocatello, Idaho, 83201-1960 or (2) serving citation and Plaintiffs' Original Petition to David Gorham via his company Oleum Capital, LLC, through counsel of record for Oleum Capital, LLC care of Venable LLP, Melissa Gomez, George Kostolampros, or Tom Kelly, at 575 7th Street, NW Washington, DC 20004, Fax (202) 344-8300.

Signed on _____ 2013

_____
Judge Presiding

## Affidavit in Support of Motion for Substitute Service

**State of Texas**        **County of Bexar**        **285th District Court**

Case Number: 2013-CI-02253



WAL2013000106

Plaintiff:
**Rondes Holdings, L.L.C., Recap Marketing & Consulting L.L.P., Wem Equity Captial Investments, Ltd et. al**

vs.

Defendant:
**David L. Gorham et. al.**

For:
Lloyd Kelley
The Kelley Law Firm
2726 Bissonnet
Suite #240 Pmb 12
Houston, TX 77005

Received by IT SHALL BE DONE CIVIL PROCESS on the 21st day of February, 2013 at 12:40 pm to be served on **David L. Gorham, 11767 Katy Freeway, Suite 830, Houston, Harris County, TX 77079.**

I, Larry White, being duly sworn, depose and say that on the **4th day of March, 2013 at 12:00 pm, I:**

**NON-SERVED** the **Citation/Plaintiff's Original Petition and Temporary Restraining Order** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
Respondent could not be found.
2/21/2013 12:55 pm Attempted Service. @ 11767 Katy Frwy. I was told he was not there. I waited until 4:30 pm.
2/21/2012 5:50 pm Attempted Service. @ Davids Hotel, 11730 Katy Frwy. I waited until 9:30 pm.
2/22/2013 8:00 am Attempted Service. @ Davids Hotel, 11730 Katy Frwy. I waited until 10:30 am.

I certify that I am of sound mind and capable of making this Affidavit. I am an adult over the age of 18, have no interest in the above action nor a party to. I have never been convicted of any felony or of any crime of moral turpitude and I am State Certified and Authorized to serve process under rule 103 and 536(a), to serve citations and other notices of the court.

Subscribed and Sworn to before me on the ____ day of _____, _____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

> EMORY A. SMITH
> Notary Public, State of Texas
> My Commission Expires
> October 30, 2014

_____
**Larry White**
SCH# 1312/ Exp. 7/31/2014

**IT SHALL BE DONE CIVIL PROCESS**
P.O. Box 10096
Houston, TX 77206-0096
**(281) 586-9621**

Our Job Serial Number: WAL-2013000106

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



EXHIBIT
A

74

**Christy Albeck**

| | |
|---|---|
| **From:** | Dave Gorham [dave@mcipartners.com] |
| **Sent:** | Friday, February 22, 2013 5:18 AM |
| **To:** | Christy Albeck |
| **Subject:** | Re: Meeting to drive downtown this morning |

Yeah, at maybe a "skunk" or a "rat"!

Yeah, I slept like a baby, a colic baby that is.

Dave Gorham
dave@mcipartners.com
(208) 241-0161

On Feb 22, 2013, at 5:09 AM, "Christy Albeck" <christy.albeck@albeck.com> wrote:

> My dogs have been barking off and on all night and kept me awake. They rarely bark at night because it's dark in my room and I have energy efficient windows that block a lot of noise. Probably a raccoon on the deck, but still woke me up and I can't sleep. Going to try to catch an hour now that I have gotten this off my mind.
>
> You can't sleep either?
>
> Christy Albeck
> +1.713.823.7191 US Cell
>
> ----- Original Message -----
> From: Dave Gorham [mailto:dave@mcipartners.com]
> Sent: Friday, February 22, 2013 04:59 AM
> To: Christy Albeck
> Cc: art@digerati-inc.com <art@digerati-inc.com>; lsoumas@evergreenrenewable.com <lsoumas@evergreenrenewable.com>
> Subject: Re: Meeting to drive downtown this morning
>
> Perfect! Thank you.
>
> Dave Gorham
> dave@mcipartners.com
> (208) 241-0161
>
> On Feb 22, 2013, at 4:57 AM, "Christy Albeck" <christy.albeck@albeck.com> wrote:
>
>> Lou, Art, I suggest that Lou drive to Art's hotel and Dave and I will pick you both up there.
>>
>> Last night when Dave got to his hotel he texted me to say the process server was at the front desk asking for Dave and if he haed checked in yet. Dave was able to avoid the man from seeing him/recognizing him, but I think the server may show up there again this morning. So, it's better that we don't all meet there.
>>
>> Art is staying at the Sheraton Four Points at I-10 and the Beltway 8 intersection. Lou. It's the Sheraton we thought you were staying once before but turned out that was not the Sheraton where you were booked.  The best way for you to get there is to leave your hotel, stay on feeder going toward I-10. Stay on feeder and go under I-10. Take the first u-turn you

EXHIBIT

B

1

can over the beltway. Stay on Beltway feeder and the hotel is on your right at the
interchange of the Beltway feeder and I-10.
>>
>> I'll do a quick drive to pick up Dave at the back door of his hotel so hopefully he can
get out without being served.
>>
>> Dave, will pick you up around 7:45 and we'll pick the others up at 8am.
>>
>> See you all in a few hours.
>>
>> Christy Albeck
>> +1.713.823.7191 US Cell
>
>

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm



| To: | Paul Flack | Fax: | 1 888- 819- 2258 |
|---|---|---|---|
| To: | Reagan D. Pratt | Fax: | 713-481-0231 |
| From: | Lila Millan | Pages: | Cover + 6 |
| Date: | 3/13/13 | Re: | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

☐ **Urgent**  ☐ **For Review**  ☐ **Please Comment**  ☐ **Please Reply**  ☐ **Please Recycle**

● **Comments:**

1.  Plaintiff's Rule 106 Motion For Substitution Of Service

2.  Order As Rule 106 Motion For Substitution Of Service

3.  Exhibits A & B

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
| **Plaintiffs,** | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
| **Defendants.** | § | 285th JUDICIAL DISTRICT |

## NOTICE OF HEARING

PLEASE BE ADVISED THAT Plaintiffs' Rule 106 Motion for Substitution of Process

Service will be heard in an oral hearing on the 26th day of March, 2013 at 8:30 AM in the 285th

Judicial District Court of Bexar County.

Respectfully submitted,

THE KELLEY LAW FIRM
By: /s/: Lloyd E. Kelley_____
LLOYD E. KELLEY
Attorney for Defendant
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile
transmission, to all parties and/or counsel of record on March 20, 2013.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

**EXHIBIT 14**

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm



| To: | Paul Flack | Fax: | 1 888- 819- 2258 |
|---|---|---|---|
| To: | Reagan D. Pratt | Fax: | 713-481-0231 |
| From: | Lila Millan | Pages: | Cover + 1 |
| Date: | 3/20/13 | Re: | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**     ☐ **Please Recycle**

● **Comments:**

**Notice Of Hearing**

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information.  It is intended for the exclusive use of the person(s) whose name(s) are indicated above.  If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited.  If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## MOTION TO TRANSFER AND CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Rhodes Holdings. LLC et al and files this Supplemental Response to Defendants Motion to Abate and in the Alternative Motion to Transfer and would show the Court as follows:

Defendants Smith and Estrada have moved to abate this case. Plaintiffs opposed abatement and contended that the cases filed in Harris County are not compulsory counterclaims. However, to avoid the argument Plaintiffs in the alternative requested that the Court transfer the case to Harris County pursuant to Civil Practices and Remedies Code 15.063(3). Given that Defendants have asserted that the claims now pending in Harris County are intertwined with the claims brought in this matter, Plaintiffs request this case be transferred to Harris County, so that it can be consolidated. There is simply no justification to have this matter pending if as Defendants claim this same matter is to be litigated in Harris County.

**EXHIBIT**

**15**

Plaintiffs sued Smith and Estrada because they reside in Bexar County. However, to the extent that Smith and Estrada assert this case is the same as the cases in Bexar County, then they should not object to venue in Harris County. The alternative is for Plaintiffs to sue these Defendants in Harris County at which time they would assert a motion to transfer the case to Bexar County thereby wasting time and court resources. Specifically, Defendants in this case have made the following arguments in their Motion to Abate filed with the Court on February 14, 2013,

*"The Plaintiffs in this case are the defendants and affiliates of defendants in a Harris County lawsuit over the exact same dispute." (see page 1 para. 2 of Defendants' Motion to Abate)*

Moreover, Defendants' also argued that in the same motion that:

*"The Harris County Court clearly has dominant jurisdiction," and that "All of the plaintiffs here are either defendants in the Harris County action, paper entities created and controlled by those Harris County defendants, or a business partner of those Harris County defendants." (see pg. 6 para. 2)*

The Texas Supreme Court has stated that courts may transfer cases to further convenience and avoid prejudice, and thus promote the ends of justice. Causes involving the same subject matter and identical parties are proper subjects of consolidation *See Alice MO Rank v. Corpus Chrissi Rank cCr. Truss*, 431 S.W.2d 611, 624 Wiv, App.—Corpus Christi 1968).

Rather than abate this case and leave it pending on the Court's docket for years, Plaintiff alternatively request the Court transfer this case to Harris County.

### PRAYER

For these reasons, Plaintiff asks the Court to transfer and consolidate the case filed in Bexar County, 2013-CI-02253 into cause number 2013-06483 currently pending in the 281st and for all other relief that Plaintiff may show himself entitled.

Respectfully submitted,

THE KELLEY LAW FIRM
By: /s/: Lloyd E. Kelley

LLOYD E. KELLEY
Attorney for Defendant
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on March 20, 2013.

/s/: Lloyd E. Kelley _____
Lloyd E. Kelley

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER AS TO MOTION TO TRANSFER AND CONSOLIDATE

BE IT REMEMBERED that on this date came on for consideration Plaintiff's Motion to Transfer and Consolidate and the Court, after considering the motion, was of the opinion and finds and concludes that it should be granted; and it therefore is

ORDERED that this Case is hereby transferred to Harris County to be assigned by the administrative judge of Harris County.

SIGNED this _____ day of _____, 2013.


_____
Judge Presiding

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## NOTICE OF HEARING

PLEASE BE ADVISED THAT Plaintiffs' Motion to Transfer and Consolidate will be heard in an oral hearing on the 26th day of March, 2013 at 8:30 AM in the 285th Judicial District Court of Bexar County.

Respectfully submitted,

THE KELLEY LAW FIRM
By: _/s/: Lloyd E. Kelley_____
LLOYD E. KELLEY
Attorney for Defendant
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on March 20, 2013.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

## The Kelley Law Firm

# Fax

| To: | Paul Flack | Fax: | 1 888- 819- 2258 |
|---|---|---|---|
| To: | Reagan D. Pratt | Fax: | 713-481-0231 |
| From: | Lila Millan | Pages: | Cover + 5 |
| Date: | 3/20/13 | Re: | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

Motion to Transfer & Consolidate and Notice of Hearing

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & CONSULTING | § | |
| LLP, WEM EQUITY CAPITAL | § | |
| INVESTMENTS, LTD., ROBERT C. | § | |
| RHODES, DELTA S. VENTURES LP, | § | |
| HUNTER M.A. CARR & WILLIAM | § | |
| MCILWAIN | § | |
|     Plaintiffs, | § | BEXAR COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID L. GORHAM, MCI PARTNERS, | § | |
| LLC, ARTHUR L. SMITH, ANTONIO | § | |
| ESTRADA, MURRAY R. NYE, | § | |
| JOHN R. FLEMING & BERT TERRY | § | |
| DUNKEN, JR. AND LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

### NOTICE OF HEARING ON DEFENDANTS
### ARTHUR L. SMITH AND ANTONIO ESTRADA'S VERIFIED
### PLEA IN ABATEMENT AND MOTION TO ABATE PROCEEDINGS

Notice is hereby given that a hearing on Defendants' Verified Plea in Abatement and Motion to Abate Proceedings, together with any amendments or supplements thereto, has been scheduled in the above-styled and numbered action at **8:30 a.m.** on **March 26, 2013**, in the Presiding District Court of Bexar County, Texas. MAR 2 1 2013

Richard E. Price
Presiding Judge
285th District Court

_____
PRESIDING DISTRICT JUDGE

EXHIBIT
16

1

4550023.1

THE LAW OFFICES OF PAUL FLACK

By: *Paul D. Flack* (by permission AB)

    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 705-3087 – Telephone
    (888) 758-1967 – Facsimile

THE PRATT LAW FIRM PLLC

By: *Reagan D Pratt* (by permission AB)

    Reagan D. Pratt
    State Bar No. 00788218
    Paul D. Flack
    State Bar No. 00786930
    1331 Lamar Street
    Four Houston Center, Suite 1250
    Houston, Texas 77010
    (713) 936-2402 - Telephone
    (713) 481-0231 - Facsimile

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By *Corey F. Wehmeyer* (by permission AB)

    James M. Truss
    State Bar No. 00797577
    Corey F. Wehmeyer
    State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS
ARTHUR L. SMITH AND ANTONIO
ESTRADA**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was on this the 21st day of March, 2013 served via the methods indicated below:

Aracelia Trevino                    *Via Facsimile*
The Law Office of Arcelia Trevino
The Milam Building
115 E. Travis, Suite 526
San Antonio, Texas 78205

George W. Gore                     *Via Facsimile*
The Gore Law Firm, P.C.
6200 Savoy, Suite 1150
Houston, Texas  77036

Lloyd E. Kelley                    *Via Facsimile*
The Kelley Law Firm
2726 Bissonnet, Ste. 240 PMB 12
Houston, Texas 77005

Corey F. Wehmeyer     *by permission*

3

4550023.1

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
| Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Rhodes Holdings. LLC, Recap Marketing & Consulting LLP, WEM Equity Capital Investments, Ltd., Robert C. Rhodes, Delta S Ventures LP, Hunter M.A. Carr & William McIlwain and give notice to this Court and all Parties in this lawsuit that they hereby non-suit without prejudice all of their claims and causes of action in the above-referenced case against Defendants John Fleming, Murray Nye, and Antonio Estrada, effective immediately upon the filing of this notice.

Respectfully submitted,

THE KELLEY LAW FIRM
By:_/s/: Lloyd E. Kelley_____
LLOYD E. KELLEY
Attorney for Plaintiff
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

EXHIBIT
17

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on March 22, 2013.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER DISMISSING ALL CLAIMS AGAINST

CAME ON TO BE HEARD, *Plaintiffs' Notice of Nonsuit without Prejudice*, and the court. After considering the Notice, is of the opinion that all claims, defenses, and causes of action in this case against Defendants John Fleming, Murray Nye, and Antonio Estrada should be DISMISSED without Prejudice. It is therefore:

ORDERED, that all claims and causes of action brought by Plaintiffs Rhodes Holdings. LLC et al against John Fleming, Murray Nye, and Antonio Estrada are hereby DISMISSED without Prejudice.

SIGNED ON THIS _____ day of _____, 20____.

_____
HONORABLE JUDGE PRESIDING

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm


# Fax

| To: | Paul Flack | Fax: | 1 888- 819- 2258 |
|---|---|---|---|
| To: | Reagan D. Pratt | Fax: | 713-481-0231 |
| From: | Lila Millan | Pages: | Cover + 3 |
| Date: | 3/22/13 | Re: | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

| ☐ Urgent | ☐ For Review | ☐ Please Comment | ☐ Please Reply | ☐ Please Recycle |
|---|---|---|---|---|

● **Comments:**

**Plaintiffs' Notice Of Nonsuit Without Prejudice**

**Order Dismissing All Claims Against**

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

P. 1

```
*   *   *   COMMUNICATION RESULT REPORT ( MAR. 25. 2013   1:17PM )   *   *   *
```

FAX HEADER 1:
FAX HEADER 2:

TRANSMITTED/STORED : MAR. 25. 2013 12:18PM

| FILE | MODE | OPTION | ADDRESS | | RESULT | PAGE |
|------|------|--------|---------|---|--------|------|
| 9944 | MEMORY TX | | G3-2 : | (281) 652-5973 | OK | 44/44 |
| | | | G3-1 : | 817132242004 | OK | 44/44 |
| | | | G3-1 : | FAX | OK | 44/44 |
| | | | G3-1 : | (281) 652-5973 | OK | 44/44 |
| | | | G3-1 : | VenableLLP | OK | 44/44 |

```
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL            E-2) BUSY
  E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION
  E-5) MAIL SIZE OVER
```

FAXED

MAR 25 2013

By ____

COX | SMITH

ATTORNEYS

## Fax

| To: | Company: | Phone No.: | Fax No.: |
|-----|----------|------------|----------|
| Lloyd E. Kelley | | 281-492-7766 | 281-652-5973 |
| George W. Gore | | 713-224-2000 | 713-224-2004 |
| James D. Pierce | | | 713-650-0146 |
| Darryl Spiller | | | 281-652-5973 |
| Melissa Gomez, Treazure Johnson, George Kostolampros | | | 202-344-8300 |

| From: Corey F. Wehmeyer | Direct Dial: 210.554.5563 |
|---|---|
| Date: March 25, 2013 | Requested By: Henri Inocencio |
| No. of Pages: (_44_) *(including cover page)* | Client/Matter No.: 34981.1 |

Message:

Cause No. 2013-CI-02253; Rhodes Holdings, LLC, et al v. David L. Gorham, et al; In the 285th Judicial District Court of Bexar County, Texas
**Attached please find Defendant Arthur L. Smith's Brief in Support of Plea in Abatement and Opposition to Motion to Transfer.**

Original will not follow.

CONFIDENTIALITY NOTICE: The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us. You are hereby notified that any disclosure, copying, or distribution of, or the taking of any action in reliance on, the contents of this telecopied information is strictly prohibited.

CIRCULAR 230 DISCLOSURE: Pursuant to Department of Treasury Circular 230, the documents accompanying this telecopy transmission, and any statement made in this cover sheet, are not intended or written to be used, and may not be used by the recipient, for the purposes of avoiding any federal tax penalty which may be asserted.

If you have any difficulties receiving this fax, please call 210.554.5214

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street | Suite 1800
San Antonio, TX 78205
210 554 5500 tel | 210 226 8395 fax
COXSMITH.COM
4498728.2

AUSTIN   DALLAS   EL PASO   MCALLEN   SAN ANTONIO

EXHIBIT
18

COX | SMITH

ATTORNEYS

March 25, 2013

Corey F. Wehmeyer

cwehmeyer@coxsmith.com
210.554.5563

*Via Fax (713) 650-0146*

Mr. James D. Pierce
1 Sugar Creek Center, Ste. 1080
Sugar Land, Texas  77748

*Via Fax (281) 652-5973*
Mr. Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, Texas  77005

*Via Fax (713) 224-2004*
Mr. George W. Gore
THE GORE LAW FIRM, P.C.
6200 Savoy, Suite 1150
Houston, Texas 77036

*Via Fax (281) 652-5973*
Mr. Darryl Spiller
2726 Bissonnet #240 PMB 12
Houston, Texas  77005

*Via Fax (202) 344-8300*
Ms. Melissa Gomez
Mr. Treazure Johnson
Mr. George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC  20004

Re:     Cause No. 2013-CI-02253; *Rhodes Holdings, LLC, et al vs. David L. Gorham, et al.*; In the 285th
        Judicial District Court of Bexar County, Texas

Dear Counsel:

Attached please find the following:

1.      Defendant Arthur L. Smith's Brief in Support of Plea in Abatement and Opposition to
        Motion to Transfer;

2.      Proposed Order Transferring Case; and

**COX SMITH MATTHEWS INCORPORATED**
112 East Pecan Street | Suite 1800
San Antonio, TX 78205
210 554 5500 tel | 210 226 8395 fax
**COXSMITH.COM**

4553433.1

March 25, 2013
Page 2

3.      Proposed Order Granting Plea in Abatement.

Please call us if you have any questions.

Sincerely yours,

Corey F. Wehmeyer

CFW:hi
Enclosure

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## DEFENDANT ARTHUR L. SMITH'S BRIEF IN SUPPORT OF
## PLEA IN ABATEMENT AND OPPOSITION TO MOTION TO TRANSFER

Defendant Arthur L. Smith submits this brief in support of the plea in abatement which he filed February 14, 2013.[1]

### SUMMARY

All parties to this case agree that their dispute should be heard in the previously filed action pending in the 281st District Court in Harris County, Texas. Plaintiffs argue this should be achieved by transferring this case to the Harris County Court. Transfer is not the proper procedure. Because the first-filed Harris County action has dominant jurisdiction, this case must be abated in favor of that action. Indeed, as set out below, in this situation, this Court has no discretion, it can only grant the abatement in favor of the court with dominant jurisdiction. Plaintiffs in this case can assert their claims in that action and, in fact, they (or entities they control) have already done so.

This case is about who has the right to control Digerati Technologies, Inc. ("Digerati") and its assets. Those same issues are the subject of a previously filed case pending in Harris County. Digerati filed suit against two of the Plaintiffs in this case in Harris County on February 4, 2013, and obtained a TRO prohibiting them from pretending to be the management of

---

[1] The Plea in Abatement was filed by Arthur L. Smith and Antonio Estrada. Smith alone files this supplemental brief because Estrada was nonsuited on March 22, 2013.

1

Digerati. After obtaining an abatement of that TRO on technical grounds (lack of certificate of good standing/authority to do business in Texas), two of the Defendants in that case snuck off to Bexar County and filed this suit and obtained a TRO of their own without disclosing to this Court that there was already a case pending in Harris County and without disclosing to the court or the parties in Harris County that they were filing another suit before this Court.

The court in Harris County has now held several hearings, including a three-day temporary injunction hearing, and ruled that the Plaintiffs in this case are enjoined from pretending to be in control of, or capable of speaking for, Digerati. The Harris County court also enjoined any transfer of Digerati's assets, which is the only other injunctive relief the Plaintiffs sought in this action. In short, the Court in Harris County has addressed all of the issues in the case before this Court.

Plaintiffs in this case do not contest that the issues in this case should be decided by the Harris County court. Plaintiffs acknowledge, "There is simply no justification to have this matter pending if as Defendants claim this same matter is to be litigated in Harris County." (Plaintiff's Motion to Transfer and Consolidate at 1). Plaintiffs claim that this should be accomplished by transferring this case to Harris County and consolidating it with the case pending there. Plaintiffs are correct in the ultimate result -- that the Harris County court should decide the issues in this case -- but wrong about the correct method to achieve that result. The Harris County court has dominant jurisdiction. Accordingly, this Court lacks jurisdiction to do anything other than to abate this case. Thus, the proper procedure is for this Court to abate this case and for Plaintiffs to assert their claims in the previously filed Harris County action. And, in fact, the Plaintiffs in this case have already done just that. The individual Plaintiffs in this case (and/or the entities they control or those acting with them) have already asserted the same claims

2

they attempt to assert here in Harris County. They have asserted those claims against the only Defendant who has appeared in this action (Art Smith) and they have asserted those claims against every defendant they named in this case except for one, Lou Soumas, who Plaintiffs have apparently not even attempted to serve in this action. All of the persons Plaintiffs have attempted to sue in this case are either already parties in Harris County or could be added to that action as easily as they can be sued here.

The Harris County case is pending in the District Court of the 281st Judicial District as Cause No. 2013-06483. That court has dominant jurisdiction over the dispute, requiring abatement of this Bexar County action.

## BACKGROUND

The pleadings in the Bexar County and Harris County suits establish that they both concern the identical issues and virtually identical parties. Both suits address the role played by the Bexar County Plaintiffs in arranging a November 2012 reverse acquisition between a publicly-traded company, Digerati Technologies, Inc., and the shareholders of Waste Deep, Inc. Waste Deep was an entity created shortly before the transaction, for the purpose of acquiring all of the stock of two North Dakota oilfield service companies, Dishon Disposal and Hurley Enterprises. The Waste Deep shareholders were represented in the transaction by MCI Partners, LLC, a named Defendant here that Plaintiffs and those they control have already sued in Harris County.

Five of the six Plaintiffs in the case before this Court consist of the two individual "consultants" who jointly arranged that merger (Rhodes and Carr) and their wholly-owned entities through which they conducted their "consulting." The other two Plaintiffs consist of the individual whom Rhodes and Carr placed on Digerati's board at the closing (McIlwain) and his

3

"investment vehicle," WEM Equity Capital Investments, Ltd. Both Rhodes and McIlwain are Defendants and cross-Plaintiffs in the Harris County suit.

The Bexar County Defendants consist of (i) MCI Partners, and three individuals who are pled to have been agents of MCI Partners, and (ii) Digerati's CEO and sole director, Arthur L. Smith. Digerati is the Plaintiff in Harris County.[2] The majority shareholder of Waste Deep (Oleum Capital, LLC) has intervened as a Plaintiff in Harris County. In Harris County, Rhodes and McIlwain have pled third-party claims against three of the individuals who are also Defendants in their Bexar County suit, alleging the exact same wrongs that they allege in Bexar County.[3]

In both suits, Plaintiffs and Defendants accuse each other of fraud in the Digerati/Waste Deep transaction. In both suits, Plaintiffs and Defendants make competing claims as to who are the true current directors of Digerati. In both suits, Plaintiffs and Defendants make competing requests for injunctions against the others' actions with respect to Digerati. In short, both suits involve the same issues and parties.

## ARGUMENT

When cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001); *In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antonio 2002, orig. proceeding). This is because "[i]t has long been the policy of the courts and the legislature of

---

[2] Plaintiffs in this case had sued two of Digerati's former directors and its CFO, but Plaintiffs nonsuited those claims on March 22, 2013.

[3] Ex. 1 Defendants' Answer and Claim for Declaratory Judgment and Application for Temporary Injunction and Permanent Injunction; Ex. 2 Defendants' Crossclaim Against Intervenor Oleum and Motion to Abate.

4

this state to avoid a multiplicity of lawsuits. The need for judicial economy has recently become more acute because the dockets of our trial courts are overburdened, and litigants must wait far too long for their cases to be heard." *Wyatt*, 760 S.W.2d at 246–47.

Dominant jurisdiction is established when there is an inherent interrelation of the subject matter between the two pending lawsuits. *In re ExxonMobil Production Co.*, 340 S.W.3d 852, 856 (Tex. App—San Antonio 2011, orig. proceeding). It is not required that the precise issues and all of the parties be included in the first suit before the second suit is filed, provided that the claims in the first suit can be amended to bring in all of the necessary and proper parties and the claims. *Id.*

Therefore, in order for Defendants to succeed on their motion to abate, they have only to establish that (1) the Harris County suit commenced first; (2) the Harris County suit is still pending; (3) the Harris County suit could be amended to include all of the parties; and (4) the controversies in the two suits are the same, or the Harris County suit could be amended to include all of the claims. *See id.*; *In re Sims*, 88 S.W.3d at 303. A trial court has no discretion to deny abatement when these circumstances exist. *See In re ExxonMobil Production Co.*, 340 S.W.3d at 859.

All of those circumstances are established here.

*The Harris County suit commenced first*

The Harris County lawsuit was filed February 4, 2013.[4] A Temporary Restraining Order issued that same day.[5] Unhappy with their chances in Harris County, Plaintiffs commenced this Bexar County lawsuit on February 12, 2013. Plaintiffs commenced this suit by obtaining an *ex*

---

[4] Ex. B to Defendants Arthur L. Smith and Antonio Estrada's Motion to Dissolve Temporary Restraining Order and Verified Plea in Abatement and Motion to Abate Proceedings ("Plea in Abatement").

[5] Id.

5

*parte* restraining order, without telling the Court that they themselves had already been restrained in Harris County.

### The Harris County suit is still pending

The Harris County suit is not only pending, it has being vigorously litigated over the past month and the Court there has entered a Temporary Injunction.[6]

### The Harris County lawsuit could be amended to include all parties

The pleadings in the Harris County lawsuit have already been amended to include most of the named parties to this Bexar County suit, or representatives and entities of those named parties. To the extent that a specific person or entity in this suit is not named in the Harris County suit, the Bexar County Plaintiffs seek an injunction in Harris in Harris County against the named Defendants and all "acting in concert with them." Plaintiffs cannot show any reason that all of the Bexar County parties could not be joined in Harris County.

Specifically, the parties and relationships in each suit are:

| Plaintiffs in Bexar Cnty | Named Party in Harris Cnty | Relationship to Harris County Defendants |
|---|---|---|
| Robert C. Rhodes | Yes | |
| Rhodes Holdings LLC | | Plaintiff Rhodes' company; he describes it as "my company Rhodes Holdings LLC."[7] |
| Delta S. Ventures LP | | The Managing Member of Rhodes Holdings LLC, which is Plaintiff Rhodes's company.[8] |
| William McIlwain | Yes | |

---

[6] Ex. 3, Harris County Order Granting Temporary Injunction.

[7] Bexar County Petition, attached Rhodes Affidavit, ¶13.

[8] Ex. B to Plea in Abatement (Ex. 2, signature line on Ex. A to Dunken Declaration attached to Harris County Original Petition).

6

| WEM Equity Capital Investments, Ltd. | | McIlwain's company; as he states, "I own stock in Digerati Technologies, Inc. ('Digerati') through WEM Equity Capital Investments, Ltd."[9] |
| Hunter M.A. Carr | | Described by Plaintiff Rhodes as his "business partner" in arranging the merger, and as Rhodes' "joint owner" of the company through which he hoped to "provide post-transaction financing to Digerati owned ..."[10] While not yet named as Defendants in the Harris County suit, Carr and his company (Recap Marketing) are prominently mentioned in the pleadings.[11] |
| Recap Marketing & Consulting LLP | | Plaintiff Carr's company ("Hunter M.A. Carr of Recap Marketing and Consulting, LLP"); party (with Rhodes' company) to the consulting contract at issue in both cases.[12] |

| Defendants in Bexar Cnty | Named Pty in Harris Cnty | Relationship to Harris County Parties |
|---|---|---|
| David L. Gorham | Yes | |
| MCI Partners, LLC | Yes (named in another action filed by Plaintiffs and those they control in Harris County) | "Gorham stated that his company, MCI Partners, LLC ...."; "I [Rhodes] was engaged by MCI Partners to facilitate [Digerati] going public."[13] |
| Arthur L. Smith | Yes | |
| Bert Terry Dunken Jr. | Yes | |
| Lou Soumas | | Rhodes' proposed TRO in Harris County describes him as "acting on [] behalf or under |

---

[9] Bexar County Petition, attached McIlwain Declaration, ¶3.

[10] Ex. B to Plea in Abatement ( Ex. 2, Harris County Original Petition, ¶¶21, 36).

[11] Ex. B to Plea in Abatement (Ex. 2, Harris County Original Petition, ¶¶12, 21, 24, 26).

[12] Bexar County Original Petition, ¶20; Ex. B to Plea in Abatement (Exhibit 2, Ex. A to Dunken Declaration attached to Harris County Original Petition).

[13] Bexar County Original Petition, ¶22 and attached Affidavit of Robert C. Rhodes, ¶2.

| | | the[] authority" of Bexar County Defendants Gorham, Smith and Dunken. Plaintiffs have apparently made no effort to serve Soumas in the Bexar County action. |
|---|---|---|

### *The controversies in the two suits are the same*

The Harris County suit addresses the same disputes pled in Bexar County. In both suits, the disputes are (i) who are the directors and CEO of Digerati? (ii) should the former Waste Deep shareholders/representatives be enjoined from controlling the assets they contributed to the merger?

On the control issue, the Harris County court has already granted the Harris County Plaintiffs an injunction prohibiting the Plaintiffs in this case from claiming to be officers or directors of Digerati.[14]

As to the assets of Digerati's subsidiary Waste Deep, the Harris County Court has already issued a temporary injunction prohibiting the transfer of those assets.[15]

In other words, the controversies in both suits are exactly the same. The suits involve the same parties, or related parties who could be easily added to the Harris County suit by amendment. Accordingly, the Harris County court has dominant jurisdiction, and this Bexar County suit should be abated.

---

[14] Ex. 3, Harris County Order Granting Temporary Injunction.
[15] Ex. 3, Harris County Order Granting Temporary Injunction.

8

Respectfully submitted,

PRATT & FLACK, LLP

By:  __/s/ Paul D. Flack_____
         Paul D. Flack
         State Bar No. 00786930
         (713) 936-0782
         Email: pflack@pflack.com

         Reagan D. Pratt
         State Bar No. 00788218
         (713) 936-2402
         Email: rpratt@prattfirm.com
         1331 Lamar Street
         Four Houston Center, Suite 1250
         Houston, Texas 77010
         (713) 936-2402 – Telephone
         (888) 758-1967 – Facsimile

COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By:  __/s/ Corey F. Wehmeyer_____
         James M. Truss
         State Bar No. 00797577
         Corey F. Wehmeyer
         State Bar No. 24051903

**ATTORNEYS FOR DEFENDANTS,
ARTHUR L. SMITH AND
ANTONIO ESTRADA**

9

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of this motion to be served, by fax, on all counsel of record on this 25th day of March, 2013.

James D. Pierce
1 Sugar Creek Center #1080
Sugar Land, TX 77748
Fax: 713-650-0146

Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

George W. Gore
The Gore Law Firm, PC
6200 Savoy #1150
Houston, TX 77036
Fax: 713-224-2004

Darryl Spiller
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

Melissa Gomez
Treazure Johnson
George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004
Fax: 202-344-8300

*/s/ Paul D. Flack*
Paul D. Flack

10

4553256.1

Filed 13 February 21 P6:30
Chris Daniel - District Clerk
Harris County
FAX15415205

No. 2013-06483

| | | |
|---|---|---|
| DIGERATI TECHNOLOGIES, INC., | (.) | IN THE DISTRICT COURT OF |
| | (.) | |
| | (.) | |
| Plaintiff, | (.) | |
| vs. | (.) | HARRIS COUNTY, T E X A S |
| | (.) | |
| SONFIELD & SONFIELD, PC., | (.) | |
| et al., | (.) | |
| | (.) | |
| Defendants. | (.) | 281st JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER AND CLAIM FOR DECLARATORY JUDGMENT
## AND APPLICATION FOR TEMPORARY INJUNCTION
## AND PERMANENT INJUCTION

1.     Defendant Robert Rhodes and William McIlwain file this Defendants' Answer and Claim for

Declaratory Judgment and Application for Temporary Injunction and Permanent Injunction ("Claim")

against Plaintiff, Digerati Technologies, Inc. ("Digerati") and Oleum Capital, LLC ("Oleum").

### ANSWER AND REQUEST FOR JURY

Defendants Rhodes and McIlwain assert a general denial and demand trial by jury.

### PARTIES

2.     Digerati has appeared in this action.

3.     Robert Rhodes and William McIlwain, have appeared in this action.

4.     Oleum Capital, LLC has appeared in this action.

5.     Third Party Defendant DAVID L. GORHAM may be served with citation at the following

address: 1778 Morning Glory Lane, Pocatello, Idaho, 83201-1960 or wherever he may be located.

1

**EXHIBIT "1"**

6.      Third Party Defendant BERT TARRANT DUNKEN, JR. may be served with citation at the

following address: 2203 Greenhaven Dr., Sugarland, Texas 77479 or at 12603 Southwest Freeway, Suite

170, Stafford, Texas 77477 or wherever he may be located.

7.      Gary Haak

## FACTS

8.      David L. Gorham ("Gorham"), acting through and in concert with Bert "Terry" Dunken

("Dunken") and Arthur L. Smith ("Smith"), are breaking federal and state securities law by acting as

undisclosed control persons for a publicly traded company. Dave Gorham has tried to be an undisclosed

control person over a public company but has intentionally remained invisible in SEC filings although he

controls the deal. It is unlawful for Gorham to be a control person over a public company and not be

disclosed as such. Such action places the company and its officers and directors at risk of sanctions and

possible enforcement action by the SEC.

9.      Smith and Estrada affirmatively represented that they had moved the debt that the original

Digerati owed into Shift 8. Smith affirmatively represented to Carr, Rhodes and William McIlwain

("McIlwain") that the debt had been moved such that Digerati was debt and liability free. This was a lie.

In fact, it was later discovered that Digerati had over two million dollars in debts and other liabilities

remaining as obligations of the company at and after the closing that could not be spun off.

10.     The transaction closed on November 26, 2012, all of a sudden, David Gorham and Dunken

stopped returning phone calls and ceased providing information to Carr, McIlwain and Rhodes. Upon

                                                                                              2

discovery of Smith's deceptive act of not moving the debt into Shift 8 as promised and represented, Carr proposed several strategies to resolve the issue. However, no one would respond.

11.     Then, on December 23rd, Gorham and Dunken in concert with Smith and Estrada came up with a plan to oust Carr and Rhodes. Instead of moving forward with the SEC filings necessary to complete the public filing requirements, Smith, Gorham and Dunken, acting in concert, moved to oust the new board of Digerati and to replace them with only Smith. Then, Gorham and Dunken moved to replace all of the officers of Digerati with Smith, himself. Without holding a shareholder meeting, Dunken, Gorham and Smith simply announce Digerati's board members Kelley V. Kirker and McIlwain, were removed. John Howell, the CEO of Digerati after the closing resigned. Then, without holding a board of directors meeting, Art Smith, claiming to be the sole board member in concert with Dunken and Gorham, simply announced he was now Chairman, President and CEO of the new Digerati. Then, they attempted to blame Carr and Rhodes for Smith's refusal and outright lying about moving the debt of Digerati to Shift 8.

12.     John Howell, the new CEO of Digerati, informed Rhodes and Carr and McIlwain that they were moving the assets out of Digerati and thus the deal was dead meaning that Carr, Rhodes and McIlwain would simply lose the entire value of the stock they had received in the transaction.

13.     McIlwain was concerned as a Director, Investor and Stockholder that all shareholders would lose all of their investment in Digerati.

14.     On December 28, 2012, Smith in concert with Dunken and Gorham purported to fire Digerati's SEC legal counsel, Robert Sonfield. Upon information and belief, Gorham and Dunken are attempting

3

to find a new company to spin the Dishon and Hurley companies into so that they do not have to pay Rhodes and Carr for their strategy but at the same time keep Dishon and Hurley committed to Gorham's purchase agreement.

15.     To keep the transaction on track protect the corporation and shareholders, McIlwain and Kirker called a board meeting. Smith declined to attend. At the board meeting, the board elected Rhodes to replace the previous board member that had resigned. Rhodes was then elected as CEO of Digerati and was told to proceed with the SEC required filings.

16.     After Smith, Gorham and Dunken began to attack and slander Rhodes and Carr, it was revealed that Gorham was not the "choir boy" he claimed to be. Gorham was previously convicted of felony grand theft in Florida. Gorham stole approximately $100,000 from a woman he worked with and after his arrest, Gorham eventually pled guilty to the felony charge. In addition, Gorham had two misdemeanor convictions for theft by check or worthless check.

17.     Smith and Estrada and the people acting in concert with them have improperly hired Paul Flack in an attempt to further hide their actions while they continue to denude Digerati.

## CLAIM FOR DECLARATORY JUDGMENT

18.     Defendants incorporate the foregoing paragraphs as if fully set forth herein.

19.     Defendants deny that Digerati Technologies Inc. brought this case against Rhodes or McIlwain.

20.     In the alternative, Defendants seek a declaratory judgment as follows:

21.     Declare that the acts of Oleum Capital taken on December 23, 2012, are not effective or authorized;

4

22.     Declare that Bill McIlwain and Kelly Kirker were not removed as Board of Directors of Digerati on December 23, 2012.

23.     Declare that Rhodes is the proper CEO of Digerati Technologies, Inc.

24.     Declare that Rhodes was properly elected CEO of Digerati.

25.     Declare that Art Smith ceased being CEO of Digerati on November 26, 2012 and was not thereafter CEO of Digerati.

26.     Declare that Mr. Flack was authorized to bring this lawsuit.

27.     Declare that Robert Rhodes and Bill McIlwain are properly Board of Directors of Digerati Technologies, Inc.

28.     Declare that Waste Deep, Inc was properly merged with and into Digerati and thereafter ceased to exist.

29.     Declare that the assets of Digerati including the Hurley Enterprises Inc and Dishon Disposal Inc. remain wholly owned subsidiaries of Digerati.

30.     Declare that Digerati must complete the SEC filings including the completion of the filing and mailing to the shareholders of the 14C

31.     Declare that Digerati must obtain audited financials of Digerati and all of its subsidiaries.

32.     Declare that Digerati must file with the Secretary of the State of Nevada the Amended and Restated Articles of Incorporation.

## APPLICATION FOR TEMPORARY INJUNCTION ORDER

5

33.     Plaintiffs pray the Court issue a temporary injunction order enjoining Defendants and all persons
and entities acting in concert with them from:

    a) Moving any of the assets of Digerati out of the company or any of its subsidiaries or executing
any documents that would move or transfer the assets out of Digerati.

    b) Taking any action or making any statements to the effect that any of them are authorized to move
any assets or alter any assets relating to or belonging to Digerati or any of its affiliates or
subsidiaries;

    c) Manipulating the price of any securities of Digerati;

    d) Accessing, changing the password on, or making any other changes to any bank or commercial
account in the name of or used for the benefit of Digerati or any of its affiliates or subsidiaries,
whether those accounts are online or otherwise, or to any online accounts relating to or owned by
Digerati Technologies, Inc. or any of its affiliates or subsidiaries;

    e) Filing any documents with any state or federal agency, self-regulatory organization, authority,
regulatory body or other entity including the Securities and Exchange Commission, any
securities exchange, any transfer agent, any secretary of state, and any bank, purporting to be on
behalf of Digerati or any of its affiliates or subsidiaries;

    f) Assessing, changing the password on, or making any other changes to any website of Digerati
Technologies, Inc. or any of its affiliates or subsidiaries including Dishon Disposal, Inc., Hurley
Enterprises, Inc., Oleum Capital LLC or MCI Partners. LLC.

6

g) Taking any other action designed to impair Digerati Technologies, Inc.'s ability to conduct its business.

h) Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, or Dishon Disposal, Inc., Hurley Enterprises, Inc., Oleum Capital LLC or MCI Partners, LLC.

34.    It is probable that Plaintiffs will recover from Defendants after a trial on the merits for the reasons set forth above. In particular, Defendants will recover because Defendants have established a right to the Declaratory Relief sought and seek to prevent the denuding of the assets of Digerati.

35.    If Defendants application is not granted, harm is imminent. The attempt to scuttle the transaction and move the Plaintiffs' ownership interest in Digerati and its subsidiaries impairs the existence and ability of the company to exist. The harm that will result if the temporary restraining order is not issued is irreparable. As a small, publicly-traded company, it is essential that Digerati display as much credibility, competence, and certainty as it can. The destructive conduct of Plaintiffs' agents in trying to move the assets from Digerati to another entity and the interference with the filing and publication of required SEC filings creates confusion in the marketplace and damages Digerati's credibility and reputation. Plaintiff and its affiliates actions increase uncertainty that will depress Digerati's stock price and make it more difficult for Digerati to access equity capital, borrow money, or obtain commercial credit. Their actions also create unnecessary difficulties in dealing with the Securities and Exchange Commission, the Nevada Secretary of State, and other governmental and regulatory bodies. Plaintiffs

and its affiliates campaign has already damaged Digerati in ways that are severe, difficult to quantify, and likely impossible to ever fully repair.

36.    Defendants have no adequate remedy at law because the pretend Plaintiff is continuing to inflict damages on the real Digerati and are attempting to move the essential assets of the company which are not measurable by any certain pecuniary standard, and no amount of money damages—even if the pretend Plaintiff could pay them, the harm they inflict is incapable of exact estimation.

37.    Defendants are willing to post bond. Defendants ask that the bond amount be nominal, however, because the relief sought would not cause any financial harm to Plaintiff or Intervenor.

## REQUEST FOR TEMPORARY INJUNCTION

38.    Defendants have joined all indispensable parties they are aware of under Texas Rule of Civil Procedure 39.

## REQUEST FOR PERMANENT INJUNCTION

39.    Defendants ask the Court to set its request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction.

## JURY DEMAND

40.    Defendants demand a jury trial.

## CONDITIONS PRECEDENT

41.    All conditions precedent to Defendants' claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

8

42.     Under Texas Rule of Civil Procedure 194, Defendants request that Plaintiff and Intervenor disclose within 50 days of the service of this request, or at an earlier time as ordered by the Court, the information or material described in Rule 194.2.

## PRAYER

For these reasons, Defendants ask that Plaintiff's claims be dismissed and that the pretend Plaintiff take nothing by its claims and Defendants' pray Defendants' Answer and Claim for Declaratory Judgment and Application for Temporary Injunction and Permanent Injunction be granted and, on final trial, that Defendants be awarded a judgment against Plaintiff for the following:

a. Temporary and permanent injunctive relief;

b. Declaratory judgment of the rights and authority of the parties to speak for and act on behalf of Plaintiff;

c. Attorneys' fees and expenses;

d. Costs of court; and

e. Such other relief as the court may find just.

Respectfully submitted,
**THE KELLEY LAW FIRM**
By: _/s/ Lloyd Kelley_____
**Lloyd E. Kelley**
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

9

## CERTIFICATE OF SERVICE

In compliance with Rules 21, 21a and 191 of the Texas Rules of Civil Procedure, on the 21st day of February, 2013 , this pleading was served upon the following:

Paul Flack
1331 Lamar
Four Houston Center 1250
Houston, TX 77010

_s Lloyd Kelley _____
**Lloyd E. Kelley**

10

No. 2013-06483

| | | |
|---|---|---|
| DIGERATI TECHNOLOGIES, INC., | (,)<br>(,)<br>(,) | IN THE DISTRICT COURT OF |
| Plaintiff, | (,) | |
| vs. | (,)<br>(,) | HARRIS COUNTY, T E X A S |
| SONFIELD & SONFIELD, PC., et al., | (,)<br>(,)<br>(,) | |
| Defendants. | (,) | 281st JUDICIAL DISTRICT |

## DEFENDANTS' CROSSCLAIM AGAINST INTERVENOR OLEUM AND MOTION TO ABATE

1.     Defendants Robert C. Rhodes and William McIlwain file this Cross-claim Against against Intervenor, Oleum Capital, LLC.

### PARTIES

2.     Plaintiff Digerati Technologies, Inc. ("Digerati") has appeared in this action.

3.     Defendants, Robert C. Rhodes and William McIlwain, have appeared in this action.

4.     Intervenor, Oleum Capital, LLC, ("Oleum") has appeared in this action.

### FACTS

5.     Defendants do not recognize Paul Flack, Reagan Pratt or Pratt & Flack, LLP as counsel for Digerati.  Further, Defendants assert they are part of the rightful board and that the lawsuit brought by Digerati should instead mirror the Nevada lawsuit such that the issue between Digerati and Oleum should be decided in Nevada.

6.     In the alternative, Defendants assert that Digerati has claim against Oleum for declaratory judgment that the acts of Oleum in dismissing board members Kelley Kirker

**EXHIBIT "2"**

1

and Bill McIlwain on December 23, 2012 was not in compliance with Nevada law and therefore null and void.

7.    As such, Defendants assert that Art Smith is not properly the CEO of Digerati. Rather, Defendants assert that Art Smith, acting in concert with Oleum, David Gorham and Terry Dunken, Christy Albeck and Gregg Jaclin entered into a meeting of the minds to unlawfully take over Digerati on December 23, 2012 with the intent of taking the assets of Digerati and moving them to another entity controlled by David Gorham, Terry Dunken, Oleum, Albeck and Jaclin.

8.    David L. Gorham ("Gorham"), acting through and in concert with Bert "Terry" Dunken ("Dunken") in Oleum Capital, LLC acting in concert with Arthur L. Smith ("Smith"), Christy Albeck and Gregg Jaclin are breaking federal and state securities law by acting as undisclosed control persons for a publicly traded company.

9.    Dave Gorham and Terry Dunken are Oleum Capital, LLC. In violation of Nevada law, David Gorham and Terry Dunken attempted to and purported to oust the board of directors of Digerati and put Art Smith in charge of Digerati with the purpose, design and intent of moving the primary assets of Digerati to another entity controlled by David Gorham, Terry Dunken, Oleum, Albeck and Jaclin.

10.    David Gorham is an undisclosed control person over a public company but has intentionally remained invisible in SEC filings although he controls the deal. Such action on the part of Gorham is unlawful; it is unlawful for Gorham to be a control person over a public company and not be disclosed as such. Such action places the company and its officers and directors at risk of sanctions and possible prosecution by the SEC.

11.    Intervenor, Oleum, is controlled, managed and/or owned by Gorham and Dunkin.

2

12.     Mark Townsend and Scott Hepford contacted Hunter M. A. Carr ("Carr") of Recap Marketing and Consulting, LLP ("Recap") about buying out Dishon Disposal, Inc. ("Dishon"). Dishon and another company, Hurley Enterprises, Inc. ("Hurley"), companies located in North Dakota were growing rapidly as a result of the Bakken North Dakota oil field development. The representative of Dishon was **David Gorham**. Instead of Dishon being bought out, Gorham decided the Dishon and Hurley companies would be combined and that the two companies would be taken public in a reverse-merger in which the two companies would be acquired by a publicly traded company.

13.     Robert C. Rhodes ("Rhodes") was brought in to facilitate taking the companies public and to help them raise capital. In several meetings with Gorham, Gorham made material misrepresentations to Carr and Rhodes about the transaction. First, Gorham stated he had formerly been CFO of the New York Times newspapers and had overseen an $18 billion company. Gorham represented he had overseen $64 billion of dollars of funding for green energy projects. However, Gorham stated he did not want his name involved in the transaction with Dishon and Hurley because it involved oil and gas energy and that he didn't wanted to be associated with such "dirty" energy. Gorham stated he had been involved in "green technology" and this would taint his reputation to be associated with traditional oil and gas drilling operations. Later, Plaintiffs discovered the real reason Gorham wanted to hide his involvement. Gorham attempted to take profits out of the transaction and control the company as an undisclosed principal.

14.     Gorham stated that his company, MCI Partners, LLC ("MCI") was buying Dishon and Hurley for $19 million each for a total price of $38 million. Gorham informed Carr and Rhodes as well as others that Dishon and Hurley did not want to wait to get their

money as would be required under an IPO and they did not want to have their money used as the sole source for buying out their own companies. Thus, the strategy that Gorham wanted to effect the transaction is commonly referred to as a "reverse merger." Carr, as a part of his consulting, put together MCI, with Digerati Technologies, Inc., ("Digerati") a Nevada Corporation with its headquarters in San Antonio, Texas.

15.    As per Digerati's latest filed 10Q, Digerati, by its own admission as of October 31, 2012, reported "substantial doubt about Digerati's ability to continue as a going concern." *See* Digerati's October 31, 2012, 10Q on file with the SEC. Digerati reported that it had net losses of $77 million with a working capital deficit of $2 million. Digerati's CEO was Arthur L. Smith and its CFO was Antonio Estrada ("Estrada"), both of whom live in San Antonio, Texas. Digerati's management reported that as of October 31, 2012, "management believes that current resources available will not be sufficient to fund the Company's operations over the next 12 months." *See* Digerati's October 31, 2012 10Q on file with the SEC. As reported by Smith, just prior to the merger the original Digerati, as a publicly traded company, had a market value of less than $300,000.

16.    Rhodes had been contractually engaged by MCI to find a public entity vehicle for the transaction in which to move MCI's clients, Dishon and Hurley. Digerati had a prior consulting relationship with Carr. Rhodes and Carr offered to recommend Digerati as the right candidate for the Dishon and Hurley transaction if Smith would commit to certain actions. Carr and Rhodes explained to Smith that a merger of Digerati with Dishon and Hurley might help his company survive.

17.    According to Smith, Digerati had been established in 1994. But according to Digerati's public filings, it had seen better days and was now on the verge of not being

4

able to meet its ongoing obligations. However, because Digerati's stock has been registered and publicly traded since 1994, as represented by Smith, Digerati was one of several candidates that would meet the requirements of Gorham's "reverse merger" for the Dishon and Hurley buy out by MCI Partners.

18.     As part of the proposed deal that Rhodes and Carr designed and provided the strategy for the overall deal structure, Digerati would buy out Dishon and Hurley with stock and a note. Dishon and Hurley would get a note for $38 million or $19 million each. The original Digerati under Smith would be moved into a subsidiary called Shift 8 Technologies, Inc. ("Shift 8") in which Smith would be Chairman and CEO. Art Smith would relinquish all officer positions in the parent company, Digerati and for a time would remain as a Board of Digerati. The plan was that over time Shift 8 would eventually be spun off from Digerati where it would be independent. New board of director members were to be placed on the newly constituted Board of Digerati as well as all new officers. Most importantly, Smith committed to moving all of the current debt of Digerati to Shift 8 so that the resulting Digerati would be debt free. As a result of the transaction, Smith's company got a loan of $170,000 which was paid by Rhodes Holdings, LLC. Shift 8 also received 5% of the shares of the newly formed Digerati. This transaction as structured would result in virtually saving Smith's operations from insolvency and provide the medium for Dishon and Hurley to be taken public along the guidelines proscribed by Gorham.

19.     Transactions documents were executed and Digerati hired SEC counsel to consummate the deal. Gorham and Dunken, an attorney engaged by Gorham, insisted that the transaction had to close in calendar year 2012 because they were putting all of the

Dishon and Hurley capital gains into tax shelters to avoid paying what they described as the Obama tax increases that they claimed were coming in 2013. As described by Terry Dunken, the Dunken tax shelter scheme that he was designing was based upon giving all of the capital gains to a charity and then buying a life insurance policy for the charity's executive and then keeping control over the money and making the profits off the money, until the charity's executive dies. Dunken claimed this tax shelter was legal but he said the transaction had to close before the end of the year because there a possibility Obama might end this "golden goose." After long hours and great effort, Carr and Rhodes as well as the other members of the deal team were able to get the transaction to close on November 26, 2012.

20.     On November 26, 2012, as planned, Digerati merged with a company called Waste Deep, Inc. Gorham and Dunken represented that Waste Deep owned 100% of the capital stock of Dishon and Hurley. Gorham and Dunken represented that he principal shareholder of Waste Deep was Oleum Capital, LLC. The merger transaction was arranged for the purpose of moving Waste Deep into a publicly-traded company so that Waste Deep on behalf of Dishon and Hurley and any newly created operating subsidiaries would have access to public market capital through American Equity Fund, LLC.

21.     It was always represented that the transaction was structured for a purchase price of $38 million in debt plus shares in the public entity. However, after the closing Carr and Rhodes discovered that Gorham and Dunken had changed the purchase price to $60 million in debt plus the same number of shares in the public entity. This meant the entire deal structure had been altered. When Carr and Rhodes tried to discuss this issue, they were met with silence and no one was willing to explain why the price changed or who

was getting the additional $22 million. Carr and Rhodes became suspicious that Gorham had put his own interest ahead of the Dishon and Hurley companies and that Gorham himself was attempting to take the additional $22 million for himself or his trust. The 60% increase in the price of the deal now made the deal more difficult to price in the market and substantially more difficult to find the capital that the new venture needed to meet the capital expectations of the Dishon and Hurley companies.

22.     Then, in a curious turn of events, upon the closing of the transaction, Smith and Estrada affirmatively represented that they had moved the debt that the original Digerati owed into Shift 8. Smith affirmatively represented to Carr, Rhodes and William McIlwain ("McIlwain") that the debt had been moved such that Digerati was debt and liability free. This was a lie. In fact, it was later discovered that Digerati had over one million dollars in debts and other liabilities remaining as obligations of the company at and after the closing.

23.     After the transaction closed on November 26, 2012, all of a sudden, David Gorham and Dunken stopped returning phone calls and ceased providing information to Carr, McIlwain and Rhodes. Upon discovery of Smith's deceptive act of not moving the debt into Shift 8 as promised and represented, Carr proposed several strategies to resolve the issue. However, no one would respond.

24.     Then, on December 23rd, Gorham and Dunken in concert with Smith, Estrada Oleum, Albeck and Jaclin entered into a scheme with a common purpose to oust the shareholders of Digerati including Carr and Rhodes. Instead of moving forward with the SEC filings necessary to complete the public filing requirements, David Gorham, Terry Dunken, Oleum, Albeck and Jaclin along with Smith, Gorham and Dunken, acting in

7

concert, moved to oust the new board of Digerati and to replace them with only Smith. Then, Gorham and Dunken moved to replace all of the officers of Digerati with Smith so that the conspirators could execute their unlawful strategy of moving the assets out of Digerati and to a company controlled by David Gorham, Terry Dunken, Oleum, Albeck and Jaclin.

25.     Without holding a shareholder's meeting or conducting a proper vote of the shareholders, Dunken, Gorham, Oleum and Smith simply announce Digerati's board members Kelley V. Kirker and McIlwain were summarily removed. John Howell, the CEO of Digerati after the closing on November 26, 2012, was fired or forced to resign. Then, without holding a board of directors meeting, Art Smith, claiming to be the sole board member, acting in concert with Dunken and Gorham, simply announced he was now Chairman, President and CEO of the new Digerati. Then, they attempted to blame Carr and Rhodes for Smith's refusal and outright lying about moving the debt of Digerati to Shift 8.

26.     The stock price has been driven down by one significant event, the December 23, 2012, meeting where Oleum alleges it fired the proper board of directors. The next day, the stock price fell from $0.77 to $0.28 per share – and has been trading at $0.26 per share.

27.     John Howell, the CEO of Digerati at the time, informed Rhodes, Carr and McIlwain that they were moving the assets out of Digerati and thus the deal was dead meaning that Carr, Rhodes and McIlwain would simply lose the entire value of the stock they had received in the transaction.

8

28. McIlwain was concerned as a Director, Investor and Stockholder that all shareholders would lose all of their investment in Digerati.

29. On December 28, 2012, Smith in concert with Dunken and Gorham purported to unlawfully fire Digerati's SEC legal counsel, Robert Sonfield.

30. Upon information and belief, David Gorham, Terry Dunken, Oleum, Albeck and Jaclin are attempting to find a new company to spin the Dishon and Hurley companies into so that they do not have to pay Rhodes and Carr for their strategy but at the same time keep Dishon and Hurley committed to Gorham's purchase agreement with the inflated purchase price.

31. To keep the transaction on track and protect the corporation and shareholders, McIlwain and Kirker called a board meeting. Smith declined to attend. At the board meeting, the board elected Rhodes to replace the previous board member that had resigned. Rhodes was then elected as CEO of Digerati and was told to proceed with the SEC required filings.

32. Then, David Gorham, Terry Dunken, Oleum, Albeck and Jaclin, acting individually and through Oleum becgn making false and defamatory statements about Rhodes and Carr. Smith, Gorham and Dunken began accusing Carr and Rhodes of theft and other acts of dishonesty.

33. After Smith, Gorham and Dunken began to attack and slander Rhodes and Carr, it was revealed that Gorham and Dunken were not the "choir boys" they claimed to be. Gorham was previously convicted of felony grand theft in Florida. Gorham stole approximately $100,000 from a woman he worked with and after his arrest, Gorham

eventually pled guilty to the felony charge. In addition, Gorham had two misdemeanor convictions for theft by check or worthless check.

# CAUSES OF ACTION

## Declaratory Judgment

34. Defendants incorporate the foregoing paragraphs as if fully set forth herein.

35. Defendants seek a declaratory judgment that Oleum's actions on December 23, 2012, in purporting to oust the board members of Digerati were unlawful under Nevada law and therefore null and void.

36. Defendants seek a declaratory judgment against Oleum, Digerati and Smith that the board of directors of Digerati as of December 22, 2012, was Bill McIlwain, Kelly Kirker, John Howell and Art Smith.

37. Defendants seek a declaratory judgment that the acts of Oleum on December 23, 2012, did not alter the board of directors of the company such that on December 23, 2012, until January 16, 2013, the directors remained Bill McIlwain, Kelly Kirker, John Howell and Art Smith.

38. Defendants seek a declaration from this Court that the board of directors as of the filing of this petition is Robert Rhodes, Bill McIlwain and Art Smith.

39. Defendants seek a declaration from this Court that the only board of directors authorized to act on behalf of Digerati constitutes Robert Rhodes, Bill McIlwain and Art Smith.

40. Defendants seek a declaration from this Court that Art Smith since November 26, 2012 is not and was not authorized to act alone as the sole board member of Digerati.

41.     Defendants seek a declaratory judgment that until the board of directors met in January 2013, the CEO of Digerati from November 26, 2012 forward was not Art Smith.

42.     Defendants seek a declaratory judgment that Paul Flack, Regan Pratt and the law firm of Pratt and Flack, LLP were never authorized to represent Digerati.

43.     Defendants seek a declaration from this Court that all acts of Oleum purporting to remove board members on December 23, 2012 is void.

44.     Defendants seek a declaration from this Court that the appointment of Art Smith as CEO in December 2012 is void.

45.     Defendants seek a declaration from this Court that the acts of Art Smith as the sole board member and as CEO from December 23, 2012 are void.

**Fraud**

46.     Defendants incorporate the foregoing paragraphs as if fully set forth herein.

47.     As set out above, Oleum has committed fraud. Its agents have made misrepresentations, including but not limited to, that the purchase price/transaction size was going to be $38 million. That Gorham was the New York Times CFO and had completed billions of projects and was familiar with the process of taking a company public. That audits would be completed and proper paperwork would be filed with the SEC. That Defendants were to be provided common stock after the transactions closed. That Defendants were to be provided warrants for common stock after the closing. That the market cap would be over $300 million resulting in at least $5.00 common share price. Defendants relied upon these representations and arranged a viable merger. Those representations were false. Oleum's agents had no intention of honoring their promises. The misrepresentations by Oleum's agents were material. Oleum knew the

representations were false or, at the very least, made the misrepresentations as positive assertions without knowledge of their truth. Oleum's agents made the misrepresentations with the intention that Defendants rely on them and Defendants reasonably relied on the representations to its detriment. The misrepresentations proximately caused injury and damages to Defendants.

**Fraudulent Inducement**

48.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

49.    As set out above, Oleums agents made numerous fraudulent misrepresentations, including those set forth in the preceding cause of action, and false promises of performance with no actual intent to perform.  Defendants entered into one or more contracts in reliance upon those misrepresentations and Defendants suffered injury and damages as a result. Accordingly, Oleum has committed fraud in the inducement.

**Cause of Action - Statutory Fraud**

50.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

51.    The transaction at the heart of this case involved stock. As set out above, Oleum and its agents made numerous false representations of fact and false promises during the transaction. Oleum benefited by not disclosing that others' representations and promises were false. Oleum did so to induce Defendants to enter into contracts and perform services that Defendants reasonably relied on the misrepresentations in entering into contracts.  Defendants suffered injury and damages as a result of Oleum's statutory fraud.

**Breach of Fiduciary Duty**

52.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

53.     Oleum and its representatives have asserted a position as a majority shareholder for Digerati. As a majority shareholder, it has certain obligations to other shareholders. Specifically, Oleum owes the minority shareholders a fiduciary duty. Oleum owes duties of loyalty and utmost good faith, candor, full disclosure, to refrain from self dealing, fair and honest dealing, and the duty to act with integrity of the strictest kind. As set out above, Oleum has brazenly and repeatedly breached each of those duties. Oleum's breach of those duties has injured Defendants and other shareholders. Upon information and belief, Gorham and Dunken acted in concert with Oleum to breach the fiduciary duties owed to the other shareholders.

**Libel/Slander**

54.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

55.     Oleum has slandered Rhodes and McIlwain. Oleum and its agents have made false statements, including that Robert Rhodes had stolen property belonging to Digerati and that he was not properly elected Chief Executive Officer and director and that William McIlwain was not elected Chairman of the Board of Directors and Corporate Secretary. Oleum accused Carr of stealing as well. Oleum's statements were defamatory, and they were false. Oleum and its agents were acting with malice (or at the very least extreme negligence). The statements proximately caused Defendants to suffer injury and damages.

**Business Disparagement**

56.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

57.     As set out above, Oleum and its agents made disparaging statements. At least some of those statements related to Defendant's economic interests. The statements were

13

false and Oleum published them with malice and without any privilege to do so. The statements caused Defendants to suffer special damages. Accordingly, Oleum is liable for business disparagement.

## JURY DEMAND

39.    Defendants demand a jury trial.

## CONDITIONS PRECEDENT

40.    All conditions precedent to Defendants' claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

41.    Under Texas Rule of Civil Procedure 194, Defendants request that Oleum disclose within 30 days of the service of this request, or at an earlier time as ordered by the Court, the information or material described in Rule 194.2.

## PRAYER

For these reasons, Defendants file this Defendants' Cross-claim Against Oleum, against Intervenor, Oleum Capital, LLC, and that upon final trial, Defendants be awarded a judgment against Oleum for the following:

a. Damages;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Post-judgment interest;

e. Attorneys' fees and expenses;

f. Costs of court; and

g. Such other relief as the court may find just.

14

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: _/s/ Lloyd Kelley _____
**Lloyd E. Kelley**
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

## CERTIFICATE OF SERVICE

In compliance with Rules 21, 21a and 191 of the Texas Rules of Civil Procedure, on the 25th day of February, 2013 , this pleading was served upon the following:

Paul Flack
1331 Lamar
Four Houston Center 1250
Houston, TX 77010

Melissa Gomez
Venable, LLP
575 7th Street, N.W.
Washington, DC 20004
Fax:  (202) 344-8300

_/s/ Lloyd Kelley _____
**Lloyd E. Kelley**

15

NO. 2013-06483

| | | |
|---|---|---|
| DIGERATI TECHNOLOGIES, INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| SONFIELD & SONFIELD, P.C., | § | |
| ROBERT L. SONFIELD, JR., | § | |
| ROBERT RHODES, AND | § | |
| WILLIAM E. McILWAIN | § | |
| Defendants. | § | 281ˢᵗ JUDICIAL DISTRICT |



## TEMPORARY INJUNCTION

Before the Court are the cross applications for temporary injunction filed by 1) Plaintiff Digerati Technologies, Inc. ("Digerati") and Intervening Plaintiff Oleum Capital, LLC ("Oleum") against Sonfield & Sonfield, PC, Robert L. Sonfield, Jr., Robert Rhodes, and William E. McIlwain and 2) Defendants Robert Rhodes and William McIlwain ("Defendants") against Digerati and Oleum. The Court heard testimony on the cross applications on February 28, March 1, and March 4, 2013.

After considering the testimony, evidence introduced at the hearing, the pleadings, affidavits, declarations, and arguments of counsel, the Court finds there is evidence that harm is imminent to Digerati and, if the Court does not restrain the Defendants and Oleum, Plaintiffs will be irreparably injured before a full hearing can be held.

Such irreparable injury will occur because it appears that assets of Digerati have been transferred or are under imminent threat to be transferred or assigned. Additionally, Defendants have claimed to be officers, directors, and counsel to Digerati, have filed government records in Digerati's name, have told Digerati's employees and counsel that they are terminated, and have issued directions to employees and counsel of Digerati in Digerati's name. Their course of conduct shows their intent to continue such activity. Moreover, the Securities and Exchange Commission ("SEC") has questions regarding the corporate status of Digerati and is requesting information on an expedited basis.

The harm that will result if the injunction order is not issued is irreparable. Defendants' conduct creates confusion in the marketplace and damages Digerati's credibility and reputation. Defendants' actions make it more difficult for Digerati to enforce and negotiate its contracts, access equity capital, borrow money, or obtain commercial credit. Digerati's actions also create unnecessary difficulties in dealing with the SEC, the Nevada Secretary of State, and other governmental and regulatory bodies.

1

**EXHIBIT "3"**

In particular, Defendants actions interfere with Digerati's ability to negotiate with major secured creditors who may foreclose on Digerati's major assets if Digerati is unable to take effective action to protect its interests.

Digerati has no adequate remedy at law because the Defendants are continuing to inflict damages on Digerati which are not measurable by any certain pecuniary standard, and no amount of money damages could undo the harm the Defendants are inflicting. Digerati does not object to injunctive relief as to Oleum.

Therefore, the Court ORDERS that Defendants Sonfield & Sonfield, P.C., Robert L. Sonfield, Jr., Robert Rhodes, and William E. McIlwain, and all persons acting in concert with them, are restrained and hereby enjoined from:

a) Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the Securities and Exchange Commission, any securities exchange, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

b) Making any public statements purporting to be on behalf of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

c) Representing to any vendor, supplier, customer or prospective customer of Digerati Technologies, Inc. or any of its affiliates or subsidiaries that any of the Defendants are officers, directors, agents, attorneys, or employees of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

d) Representing to any person or entity, other than to a court, any legal counsel involved in a court proceeding, or any expert witness or consultant engaged in connection with a court proceeding, that any of the Defendants are officers, directors, agents, attorneys, or employees of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

e) Representing to any person or entity, other than to a court, any legal counsel involved in a court proceeding, or any expert witness or consultant engaged in connection with a court proceeding, that Arthur Smith is not the duly appointed Chief Executive Officer, President, Secretary, Chairman of the Board, and sole Director of Digerati Technologies, Inc.

f) Taking any action or making any statements to the effect that any of them are authorized to act or speak for Digerati Technologies, Inc. or any of its affiliates or subsidiaries, including filing or prosecuting lawsuits in the name of Digerati Technologies.

g) Accessing, changing the password on, or making any other changes to any bank or commercial account in the name of or used for the benefit of Digerati Technologies, Inc. or any of its affiliates or subsidiaries., whether those accounts

are online or otherwise, or to any online accounts relating to or owned by Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

h)      Accessing, changing the password on, or making any other changes to any website of Digerati Technologies, Inc. or any of its affiliates or subsidiaries.

i)      Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, Inc.

Therefore, the Court ORDERS that Oleum and Digerati Technologies, Inc. (but not Shift8 Technologies, Inc.) and all persons acting in concert with them, are restrained and hereby enjoined from:

1.      Transferring, conveying, assigning, destroying, or selling any assets conveyed for the benefit of Digerati Technologies, Inc. in the November 26, 2012 transaction, without prior approval of the Court, except to the extent necessary for operating in the ordinary course of business.

2.      Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, Inc.

Bond is set at $10,500, to which prior bonds posted by Digerati may be applied. The additional bond of $500.00 shall be paid by Defendants.

Trial on the merits of this action is set for August 5, 2013.


SIGNED on March   4  , 2013, at   4 : 19  a.m./p.m.


Sylvia A. Matthews
PRESIDING JUDGE

3

**CAUSE NO. 2013-CI-02253**

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## ORDER TRANSFERRING CASE

On this date, the Court considered Plaintiffs' Motion to Transfer and Consolidate and the Court, after considering the motion, finds that it should be and hereby is GRANTED.

Accordingly, this case is hereby transferred to the 281st District Court of Harris County, Texas to be consolidated with *Digerati Technologies, Inc. v. Sonfield & Sonfield et al.*, Cause No. 2013-06483.

Signed this ____ day of March 2013.

_____

JUDGE PRESIDING

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## ORDER GRANTING PLEA IN ABATEMENT

On this date, the Court considered Defendant Arthur L. Smith's Verified Plea in Abatement and Motion to Abate Proceedings. After reviewing the documents in the Court's file and the arguments of counsel, the Court finds that the Plea in Abatement should be GRANTED.

Accordingly, it is, therefore, ORDERED, ADJUDGED and DECREED that all of Plaintiffs' claims and causes of action in this action are abated, that Plaintiffs are required to bring such claims, if at all, through the pending action in Harris County, Texas, Cause No. 2013-06483 in the 281st District Court of Harris County, Texas, and that Plaintiffs' claims and causes of action against Defendants in this action shall remain abated pending the outcome of such lawsuit or further order of this Court.

Signed this _____ day of March 2013.

_____

JUDGE PRESIDING

Support: (877) 433-4533





### CaseFile
secure legal efiling

Your Account | Submit a Filing | Review Filings / eService | Jurisdictions | Filing Reports | eService Profile | Sign Out

## Submit a Filing



Your submission was successful! Your trace number is **ED015J017393777**. The details of your filing are shown below. To view a printable version of your filing summary, click here.

To view the status of this and other submissions, click the "Review Filings" tab above.

**Submit another filing**

| Timestamp: |
|---|
| 03/25/2013 10:02:56 AM (Central (U.S. and Canada)) |

This receipt acknowledges your filing was sent to the court clerk for processing. The Court Filing fees are subject to change upon clerk review.

**To track the status of your filing, click on the "Review Filings/eService" tab. When the Filing Status changes to "Confirmation", the file stamped copy and final costs are accessible by clicking on the trace number.**

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $5.43 |
| Court Filing Fees | $2.00 |
| CaseFileXpress Filing Fee | $12.00 |
| **Total cost of filing:** | $19.43 |

| Personal Information | Payment Information |
|---|---|
| **Filer:** cwehmeyer | **Payment Method:** Credit Card |
| **Attorney of Record:** cwehmeyer | **Address:** 105 Decker Ct. |
| **Name:** Corey Wehmeyer | Irving, TX 75062 |
| **Law Firm or Organization:** Cox Smith Matthews Incorporated - San Antonio | **Credit Card Type:** MAST |
| **Bar Number:** 24051903 | **Credit Card #:** XXXX XXXX XXXX 4768 |
| **Filer Position:** 24051903 | **Cardholder Name:** COX SMITH |
| **Address:** 112 E. Pecan, Suite 1800 San Antonio, TX 78205 | |
| **Phone:** (210) 554-5500 | |
| **Fax:** (210) 226-8395 | |
| **Email:** cwehmeyer@coxsmith.com | |

| Filing Information | Document Information |
|---|---|
| **Cause No.** 2013-CI-02253; | **File Name:** Brief Support Bexar Cty Abatement.pdf |
| **Case Title:** Rhodes Holdings, LLC, et al. v. Gorham, et al. | **Attachments (5):** |
| **Sealed Case:** No | Ex 1.pdf |
| **County Name:** Bexar | Ex 2.pdf |
| **Court Type:** District | Ex 3.pdf |
| **Court Name:** 285th District Court | Proposed Order Motion to Transfer.pdf |
| **Cause/Case Number:** 2013-CI-02253 | Proposed Order Plea in Abatement.pdf |
| **Document Type:** Pleading - No Fee | |
| **Defendant Attorney(s):** Corey Wehmeyer | |
| **Special Instructions:** | |
| **Client Matter #:** 34981.1 | |

Copyright 2003 - 2013, CaseFileXpress, All rights reserved.

4

PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T 713-936-2401
F 713-481-0231

Paul D. Flack
pflack@pflack.com

March 25, 2013

**By Email**

Mr. Lloyd E. Kelley
Attorney at Law
2726 Bissonet Ste PMB 12
Houston, Texas 77005

Re: *Digerati Technologies, Inc. v. Sonfield & Sonfield, PC* and *Rhodes et al. v Gorham et al.*

Dear Mr. Kelley:

I have spoken to Mr. Smith and I write to memorialize the agreement that he tells was conveyed to him.

In the Bexar County court, Art Smith will pass the hearing on his plea in abatement and motion to abate, he will not oppose your motion for substitute service on Dave Gorham, and he will agree to the transfer of the Bexar County case to the 281st Court in Harris County. In exchange for that, at the conclusion of the hearing in Bexar County tomorrow, all of the plaintiffs in the Bexar County case (*Rhodes et al. v. Gorham et al.*) will immediately nonsuit Art Smith from that case without prejudice and, ~~within ten days, you will also secure a nonsuit without prejudice of all claims against Mr. Smith in *Digerati Technologies, Inc. v. Sonfield & Sonfield, PC et al* and any other case(s) relating to Digerati where any claim is asserted against him.~~ If you agree to this, please confirm by signing below. If you do not agree, please let me know.

Sincerely,

*[signature]*

Paul D. Flack

*Agreed as modified [handwritten]*

Agreed:

*[signature]* As modified,

Lloyd E. Kelley

EXHIBIT
19

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing Rule 11 letter to be served, by fax, on all counsel of record on this 25th day of March, 2013.

James D. Pierce
1 Sugar Creek Center #1080
Sugar Land, TX 77748
Fax: 713-650-0146

Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

George W. Gore
The Gore Law Firm, PC
6200 Savoy #1150
Houston, TX 77036
Fax: 713-224-2004

Darryl Spiller
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

Melissa Gomez
Treazure Johnson
George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004
Fax: 202-344-8300

_____
Paul D. Flack

PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T 713-936-2401
F 713-481-0231

Paul D. Flack
pflack@pflack.com

March 25, 2013

**By Email**

Mr. Lloyd E. Kelley
Attorney at Law
2726 Bissonet Ste PMB 12
Houston, Texas 77005

Re: *Digerati Technologies, Inc. v. Sonfield & Sonfield, PC* and *Rhodes et al. v Gorham et al.*

Dear Mr. Kelley:

I have spoken to Mr. Smith and I write to memorialize the agreement that he tells was conveyed to him.

In the Bexar County court, Art Smith will pass the hearing on his plea in abatement and motion to abate, he will not oppose your motion for substitute service on Dave Gorham, and he will agree to the transfer of the Bexar County case to the 281st Court in Harris County. In exchange for that, at the conclusion of the hearing in Bexar County tomorrow, all of the plaintiffs in the Bexar County case (*Rhodes et al. v. Gorham et al.*) will immediately nonsuit Art Smith from that case without prejudice and, ~~within ten days, you will also secure a nonsuit without prejudice of all claims against Mr. Smith in~~ *~~Digerati Technologies, Inc. v. Sonfield & Sonfield, PC et al.~~* ~~and any other case(s) relating to Digerati where any claim is asserted against him.~~ If you agree to this, please confirm by signing below. If you do not agree, please let me know.

Sincerely,

Paul D. Flack

Agreed:

_As modified,_

Lloyd E. Kelley

EXHIBIT
20

## CAUSE NO. 2013-CI-02253

| RHODES HOLDINGS, LLC. ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM. ET AL. | § | 285th JUDICIAL DISTRICT |

### CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing Rule 11 letter to be served, by fax, on all counsel of record on this 25th day of March, 2013.

James D. Pierce
1 Sugar Creek Center #1080
Sugar Land, TX 77748
Fax: 713-650-0146

Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

George W. Gore
The Gore Law Firm, PC
6200 Savoy #1150
Houston, TX 77036
Fax: 713-224-2004

Darryl Spiller
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

Melissa Gomez
Treazure Johnson
George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004
Fax: 202-344-8300

Paul D. Flack

1

```
 1                  REPORTER'S RECORD

 2           TRIAL COURT CAUSE NO. 2013-CI-02253

 3   RHODES HOLDINGS, LLC,      ) IN THE DISTRICT COURT
     RECAP MARKETING &          )
 4   CONSULTING, LLP,           )
     WEM EQUITY CAPITAL         )
 5   INVESTMENTS, LTD,          )
     ROBERT C. RHODES,          )
 6   DELTA S VENTURES, LP,      )
     HUNTER M.A. CARR &         )
 7   WILLIAM MCILWAIN           )
                                )
 8   VS.                        ) 225TH JUDICIAL DISTRICT
                                )
 9   DAVID L. GORHAM,           )
     MCI PARTNERS, LLC,         )
10   ARTHUR L. SMITH,           )
     ANTONIO ESTRADA,           )
11   MURRAY R. NYE,             )
     JOHN R. FLEMING & BERT     )
12   TERRY DUNKEN, JR.,         )
     LOU SOUMAS                 ) BEXAR COUNTY, TEXAS
13

14       ------------------------------------------

15                  **MOTION FOR NONSUIT**

16            **MOTION FOR SUBSTITUTED SERVICE**

17                 **PLEA IN ABATEMENT**

18       ------------------------------------------

19       On the 26th day of March, 2013, the following

20   proceedings came on to be held in the above-titled

21   and numbered cause before the HONORABLE PETER SAKAI,

22   Judge Presiding, held in San Antonio, Bexar County,

23   Texas.

24       Proceedings reported by computerized stenotype

25   machine.
```



CYNTHIA S. HYATT
OFFICIAL COURT REPORTER
225TH DISTRICT COURT

EXHIBIT 21





2

1                          **APPEARANCES**

2
   LLOYD KELLEY
3  SBOT NO. 11203180
   THE KELLEY LAW FIRM
4  2726 Bissonnett, Suite 240 PMB 12
   Houston, Texas 77005
5  Telephone:  (281) 492-7766
   Counsel for Plaintiffs
6
   PAUL D. FLACK
7  SBOT NO. 00786930
   THE LAW OFFICES OF PAUL FLACK
8  1331 Lamar Street
   Four Houston Center, Suite 1250
9  Houston, Texas 77010
   Telephone:  (713) 705-3087
10 Counsel for Defendants Arthur L. Smith and
   Antonio Estrada
11
   LARISSA N. SANCHEZ
12 SBOT NO. 24060551
   COX SMITH MATTHEWS, INC.
13 112 East Pecan Street, Suite 1800
   San Antonio, Texas 78205
14 Telephone:  (210) 554-5500
   Counsel for Defendants Arthur L. Smith and
15 Antonio Estrada

16

17

18

19

20

21

22

23

24

25

3

```
 1              * * * * * * * * * * * * * *

 2                     MARCH 26, 2013

 3              * * * * * * * * * * * * * *

 4              THE COURT:  This is 2013-CI-02253,

 5     styled Rhodes Holdings, L.L.C., et al versus David L.

 6     Gorham, et al.  Let me have the attorneys to please

 7     announce for the record.  Tell me who you are and who

 8     you represent.

 9              MR. KELLEY:  I'm Lloyd Kelley, Your

10     Honor, for the plaintiff.

11              MS. SANCHEZ:  Your Honor, Larissa

12     Sanchez with Cox-Smith.  We are local counsel for

13     Mr. Smith, and Mr. Flack, Paul Flack, is a Houston

14     counsel, and he is here this morning.

15              THE COURT:  All right.  Mr. Kelley,

16     this is your announcement of a nonsuit?

17              MR. KELLEY:  Of Mr. Smith, without

18     prejudice.  We have given -- we filed it with the

19     clerk.  We have it on record.  We filed it yesterday.

20     We told them we were going to come here and do this

21     today, and I thought we were going to do some other

22     things, but since that's not going to work out,

23     Judge, what we are going to do is just go ahead and

24     nonsuit Mr. Smith without prejudice.  He is in a

25     Houston case.  They are here complaining about it, so
```

4

1    he will no longer be in this case.  That should take

2    out anybody that had a connection to the

3    San Antonio --

4              COURT REPORTER:  To the San Antonio

5    what?

6              MR. KELLEY:  It is not relevant.

7              MR. FLACK:  Can I, Your Honor?

8              THE COURT:  Let me get a response on

9    the nonsuit against Mr. Smith only.

10             MR. FLACK:  We have a plea in abatement

11   on file in favor of the previously filed action

12   already pending in Harris County where there has been

13   a three-day temporary injunction hearing and numerous

14   other hearings.

15             THE COURT:  What is pending in Harris

16   County?

17             MR. FLACK:  Plea -- well, the entire

18   case.  They -- we filed a suit against them in Harris

19   County.  They then came here and filed this suit and

20   obtained a TRO without any disclosure to us that they

21   were filing this suit, without any disclosure to the

22   Judge here that there was a suit already pending in

23   Harris County.  We said this case should be abated in

24   favor of the Harris County action.

25             They said, Well, we would rather

5

1    transfer this case to Harris County.  We said, That's

2    fine as long as it is transferred to the 281st where

3    the other case is pending.  They now say they don't

4    want to agree that it goes to the 281st, and so here

5    we are.

6              THE COURT:  So, what is the objection

7    on the nonsuit to Smith?  You're saying it is

8    improper?

9              MR. FLACK:  I don't think -- I don't

10   know that the Court has jurisdiction to accept it

11   because there is a court with superior jurisdiction

12   in Harris County.

13             THE COURT:  So, what is the status of

14   this lawsuit in total then?  You're telling me this

15   is a fiction or what?

16             MR. FLACK:  I'm telling you I think the

17   right court has to have jurisdiction to accept the

18   nonsuit, and that court is Harris County.

19             THE COURT:  So, why is Bexar County not

20   the, quote unquote, right court?

21             MR. FLACK:  Because we have a plea in

22   abatement, and the court first filed action in Harris

23   County has superior jurisdiction.

24             THE COURT:  I am not questioning that

25   at all, but you see this suit as identical, as alter

6

1   ego of the lawsuit in Harris?

2           MR. FLACK:  Yes, essentially the same

3   entities in both cases.

4           MR. KELLEY:  It is not the same

5   entities, Judge.  It is different entities, different

6   defendants, different plaintiffs.  Some of them are

7   the same.  Some of them are different, different

8   actions.

9           It doesn't matter.  He has never had

10  his plea in abatement heard.  It has never been

11  granted.  A nonsuit is a ministerial act.  It is

12  effective upon filing when I filed it this morning.

13  It became effective.  It a ministerial act for you to

14  sign the notice of nonsuit.

15          I don't know -- he has only had one

16  client, Art Smith.  Why Art Smith would be opposing

17  it is simply because -- he is not here really doing

18  Art Smith anything.  We have service on two of the

19  people in this case, one guy named Terry Dunken, and

20  Mr. Flack used to represent Terry.  Terry hasn't

21  answered.  The other guy has been avoiding service,

22  and I will show you that evidence.

23          THE COURT:  Are there any pleadings in

24  this Bexar County lawsuit, 2000-CI-02253, at this

25  time other than your announcement of a nonsuit?

7

1      MR. KELLEY: Yes, Judge. There are

2 other defendants, and that's why I want substituted

3 service, so there is other defendants other than

4 Mr. Smith who have not -- who have been --

5      THE COURT: As far as counterpleadings

6 or pleadings --

7      MR. KELLEY: Oh, no.

8      THE COURT: -- by Mr. Smith?

9      MR. KELLEY: No, Mr. Smith has not

10 filed anything counter.

11      THE COURT: As we know, even -- even

12 with the argument, counterpleadings --

13      MR. KELLEY: He has filed no

14 counterpleading.

15      THE COURT: -- still survive.

16      MR. KELLEY: He has filed no

17 counterclaim. He is not standing here on his own on

18 any claim. He will be dismissed and he will be out

19 of the lawsuit completely when you sign that order.

20      THE COURT: All right.

21      MR. FLACK: We have filed an answer and

22 we have filed a plea in abatement, which is set for

23 today.

24      THE COURT: In Bexar County?

25      MR. FLACK: Yes, in this Court, this

8

1    hearing.

2             THE COURT:  And that's -- you're asking

3    for a ruling on your plea in abatement?

4             MR. FLACK:  Yes.

5             MR. KELLEY:  But this nonsuit will

6    trump it because he will be out of the case and he

7    can't move forward because he has no counterclaim.

8    And he couldn't ask for an abatement if he asked for

9    counterclaims.  I mean, I know why he is doing it,

10   Judge.

11            THE COURT:  Well, I understand that,

12   but I'm just trying to get the process.

13            MR. KELLEY:  Yeah.

14            THE COURT:  The plea in abatement was

15   filed after your motion for nonsuit or announcement

16   of nonsuit?

17            MR. KELLEY:  No, he has filed his plea

18   in abatement for weeks.  We have been down here twice

19   on it.  It has been reset repeatedly.  He has never

20   had it heard.  It has never been granted, and it only

21   goes to Art Smith.

22            Art Smith filed a plea in abatement.

23   When Art Smith was dismissed from this case, he has

24   no standing to come and ask you for anything in this

25   case, and so that's why I'm asking you to sign the

9

1    order of nonsuit granting it, which takes him out of

2    the case.   Then I will ask you for substituted

3    service on Mr. Gorham for dodging service, and then I

4    will be done today.

5                And so he can't have a motion heard for

6    which he has no standing.  His client being gone, he

7    will have no standing to bring anything.  He is not

8    representing anybody else.

9                MR. FLACK:  Your Honor, if I may.

10               THE COURT:  Yes.

11               MR. FLACK:  This is a Rule 11 agreement

12   already signed yesterday.  The agreement was that the

13   case would get sent to Harris County to the 281st

14   Court, as you can see right there on the page.  The

15   agreement was once that was done, Mr. Smith would be

16   nonsuited.  And what I don't want is to have to come

17   up here again when he refiles and go through this

18   whole dance all over again to get the case sent back

19   to Harris County after he has already agreed in the

20   Rule 11 to send it to Harris County and to the 281st

21   Court.

22               MR. KELLEY:  Your Honor, I will send it

23   to the 281st after I get my motion for substituted

24   service, not to the 281st.

25               THE COURT:  So, you agree to that

10

1  stipulation?

2          MR. KELLEY:  No, I agree to send it to

3  Harris County, but Harris County does not recognize

4  your decision to put it in a particular court since

5  there are four cases in Harris County.

6          THE COURT:  That's all ministerial in

7  Harris.

8          MR. KELLEY:  Right.  The administrative

9  judge would do it.  So, I have an order prepared for

10  the Judge to sign that would say, Send it to Harris

11  County.  Let the administrative judge assign it.

12          He wants to pick a particular court

13  because he wants to fight over in Harris County which

14  judge ought to have it, and that's improper.  So, I

15  will agree and I have prepared an order on another

16  motion that I had, but I didn't want to raise that

17  fight today.

18          What I really wanted is my motion for

19  substituted service granted, because these guys are

20  dodging service, and I have an email where -- saying

21  he is actually dodging service.  I have almost never

22  had a case where a client has emailed another one of

23  his clients saying, I'm going to dodge service.

24          And so I want to get this guy in this

25  case, and what they're doing is moving assets and

11

1    trying to avoid service.  So, I will come back with a

2    motion to transfer the rest of the defendants when

3    one of those is here or some other basis, but I'm not

4    going to have Mr. Smith be nonsuited, which I thought

5    we were agreeing to, and I thought we were going to

6    agree to move it to Harris County, and then this

7    lawyer drafted something that says his clients agree

8    to moving it to the 281st.  I am agreeing to move it

9    to Harris County.  Let the administrative judge do

10   whatever he wants to with it, but I'm not going to

11   violate the rules of Harris County.

12              MR. FLACK:  Your Honor, if I may.

13              THE COURT:  Yes.

14              MR. FLACK:  First of all, it is not my

15   client that he is accusing of avoiding service.  I

16   don't have anything to do with that.

17              Secondly, the Rule 11 agreement he

18   signed just yesterday said it should go to the 281st.

19              MR. KELLEY:  No, it says your motion --

20              MR. FLACK:  Motion to transfer --

21              THE COURT:  Don't interrupt.

22              MR. FLACK:  His own motion to transfer,

23   the one that is before you today, says it should

24   be -- plaintiff asked the Court to transfer and

25   consolidate the case filed in Bexar County, 2013 blah

12

1    blah blah, into Cause Number 2013-06483 currently

2    pending in the 281st.  All we are asking is that the

3    transfer that he says should happen should happen.

4              We want it to go to the 281st, and the

5    parties have stipulated in the Rule 11 agreement that

6    it should go to the 281st.  That's all we are asking

7    for.

8              THE COURT:  All right.

9              MR. KELLEY:  And the order I proposed,

10   Judge, gives it to the administrative judge in Harris

11   County to assign.  So, maybe I would like it there,

12   maybe I wouldn't, maybe the rest of the people would,

13   but the proper procedure, and I explained this to

14   Mr. Flack, was simply transfer it to Harris County.

15   The administrative judge will then take it and assign

16   it properly.  And I'm willing to do still do that,

17   but I'm not moving today on my motion to transfer.

18   I'm simply nonsuiting him and moving forward on my

19   motion for substituted service.

20             MR. FLACK:  In that case --

21             THE COURT:  Go ahead.  Wrap it up.

22             MR. FLACK:  We move to enforce the

23   Rule 11 agreement that says he is going to move to

24   transfer and it is going to go to Harris County and

25   to the 281st.

13

```
 1              THE COURT:  All right.  Let's get the
 2   first -- let's go back to what we were starting.
 3   Motion for nonsuit as to Arthur Smith only is
 4   granted.
 5              MR. KELLEY:  Thank you.
 6              THE COURT:  All right.  What else needs
 7   to be taken up today?
 8              MR. KELLEY:  My motion for substituted
 9   service on Mr. Dave Gorham, and Your Honor --
10              THE COURT:  Did you give notice --
11              MR. FLACK:  Your Honor --
12              THE COURT:  -- or is there notice to
13   Mr. Gorham?
14              MR. KELLEY:  Mr. Gorham, we have been
15   trying to attempt service on him.
16              THE COURT:  He hasn't filed?  He
17   hasn't --
18              MR. KELLEY:  He has not answered.
19              THE COURT:  He hasn't made an
20   appearance?  He doesn't have an attorney of record at
21   this time?
22              MR. KELLEY:  No, sir, no attorney.
23              THE COURT:  Do you have any dog in this
24   fight -- in that fight?
25              MR. FLACK:  Not with Mr. Gorham, but
```

14

1   let me say I want to make it clear on the record, our

2   plea in abatement is granted, denied, or what is the

3   decision?

4                THE COURT:  Let me get through the

5   nonsuit.  Let me get through the motion for

6   substituted service, and then I will come to your

7   motion.

8                MR. FLACK:  I guess my point, Your

9   Honor, is I think the plea in abatement has to come

10   up first because it -- because the jurisdiction.

11               MR. KELLEY:  No, it doesn't, Judge.

12               THE COURT:  Okay.  I just made my

13   ruling.  Let me get through this.  The motion for

14   substituted service on who?

15               MR. KELLEY:  Dave Gorham.

16               THE COURT:  Dave Gorham is granted.

17               MR. KELLEY:  Okay.  And I proposed an

18   order, Judge.

19               THE COURT:  Okay.  All right.

20               MR. KELLEY:  And it --

21               THE COURT:  And then, Mr. Flack, since

22   you're the attorney of record on the nonsuit, look at

23   the order dismissing all claims against.  He just has

24   it without anybody.  Make sure -- if you can put your

25   signature for as approval as to form only.

15

1     And in regards to the substituted

2 service, I presume, as you've indicated, you have no

3 appearance in that.

4     All right.  Is there anything else in

5 behalf of the plaintiff?

6     MR. KELLEY:  No -- well, I would talk

7 to Mr. Flack and see if I can work something out, but

8 I don't have anything to move on yet.

9     THE COURT:  Okay.

10     MR. KELLEY:  If I can confer with him,

11 maybe we can cut --

12     THE COURT:  Well, let me ask Mr. Flack

13 at this time.  Is there anything you're asking of the

14 Court at this time as far as ruling?

15     MR. FLACK:  Yes, our plea in abatement.

16     THE COURT:  All right.  And go ahead

17 and argue that.

18     MR. KELLEY:  Your Honor, may I object?

19     THE COURT:  Yes.

20     MR. KELLEY:  Since he has been

21 nonsuited, he now has no standing.

22     THE COURT:  I understand.  Your

23 objection is noted, overruled.  I'm going to let him

24 argue it for purposes of the record.

25     Go ahead.

16

1           MR. FLACK:  As we have set forth in our

2     motion, the parties to the cases are essentially the

3     same.  The defendants here are plaintiffs there and

4     paper entities they put together for the purpose of

5     bringing this case.  The reason this case is here is

6     because we filed an action, obtained a TRO in Harris

7     County, and then they got that TRO abated on the

8     grounds that we lacked authority to do business in

9     Texas.

10          While it was abated, they came to Bexar

11    County without notice to us, without notice to the

12    Harris County court.  They obtained a TRO ex parte

13    without telling Judge Strauss, the Judge, that there

14    was already a prior filed action in Harris County.

15          We came up.  We got that essentially

16    dissolved, and now it is time to recognize the

17    superior jurisdiction of the first filed action in

18    Harris County, which is where this case should be

19    pending.  The law is pretty clear that the first

20    filed action prevails.  It was clearly the first

21    filed action.  Even they don't contest anymore that

22    this case belongs in Harris County.  In fact, they

23    have moved to transfer it to Harris County

24    recognizing that it is essentially the same case.

25          The Judge there has invested

1   considerable time.  We have had numerous hearings,

2   including one three-day temporary injunction hearing

3   at the conclusion of which she granted us an

4   injunction against them pretending to be our board of

5   directors, which is what our case was about.

6                    THE COURT:  Uh-huh.

7                    MR. FLACK:  And the time has come for

8   us to stop trekking back and forth to Bexar County

9   every few weeks to come up here and waste this

10  Court's time.  The case should be abated in favor of

11  the Harris County action.

12                   THE COURT:  Anything else?

13                   MR. KELLEY:  I could respond if you

14  need me to, Judge.

15                   THE COURT:  This is your record.

16                   MR. KELLEY:  All right.  Well, then let

17  me make my record.

18                   First, Judge, I object to his lack of

19  standing.  His client having been nonsuited, the

20  Court having granted that, he lacks standing to bring

21  any motion.  None of the other defendants are before

22  you asking for anything, therefore, it is improper

23  for a -- now a stranger to the suit to come in and

24  ask for any relief.

25                   Plea in abatement is simply a motion.

18

1    It must be granted.  He has had ample opportunity to

2    have it heard before today.  He has never had it

3    heard.  He has never had it granted.  He has never

4    even presented it to a judge for ruling.  So, it is

5    improper for now after being nonsuited.

6              As to the rest of it, the first filed

7    case, Judge, was actually in Nevada.  He filed a TRO

8    in Houston to circumvent the Nevada case.  He

9    actually filed a letter that would support that.  He

10   did not call the lawyer who was already on file in

11   the Harris County case.  The second case was another

12   Harris County case.  Mr. Flack knew of that case and

13   avoided that case and filed his own to try to get his

14   own TRO.

15             Through his many reasons, for which

16   Mr. Flack was not present for some of these, the

17   Court denied -- granted his TRO initially and then

18   totally abated it for multiple reasons.  Then when he

19   got to the TI hearing, Mr. Flack's client or former

20   client, however you put it, Mr. Dunken, testified

21   that assets were being moved, and they were being

22   moved in a manner that the Court found disturbing, as

23   she put on the record, and she granted an injunction,

24   which Mr. Flack on the record had to support.  So,

25   she locked down the assets to only the -- a company.

19

1        These individuals, having been served
2    in this case -- and these are different plaintiffs.
3    Some of these are different.  They are not in the
4    lawsuit.  Some of them are in another lawsuit, not in
5    the 281st, that was filed the first.  So, according
6    to Mr. Flack, this should all be moved down.
7        And it is simplify fighting -- and I
8    will tell you the truth, Judge.  Judge Gomez is
9    Democrat, Judge Matthews Republican.  They wanted the
10   Republican judges, and I don't really care.  The
11   lowest filed case number was a Democrat, so that's
12   what he is really doing by trying to move it to the
13   281st.
14       What I tried to do was say, Let's
15   follow the procedure.  The procedure is you send it
16   to Harris County if that's what you want, because you
17   claim it is abated.  We consolidated it, but let the
18   administrative judge in Harris County do that.  Don't
19   us try to game the system over here in San Antonio.
20       This morning you broke down and said,
21   No.  We put it in the Rule 11.  Actually, what it
22   says, Mr. Smith agrees to move it to the 281st.  I
23   didn't agree to that.
24       I agreed to transfer it.  My order
25   says -- if you look at the proposed order, it simply

```
 1   says, We will send it to the administrative judge,
 2   who will assign it.  That is the proper procedure.  I
 3   have done this before.
 4              The administrative judge in Harris
 5   County, as I understand, doesn't like people to tell
 6   him where to send stuff, and he does it on his own,
 7   so I didn't want to necessarily have him looking at
 8   me as if I had done forum shopping.  So, I was just
 9   was going to totally blind send to him, let him do it
10   however.
11              If he's assigns it to the 281st, great.
12   If he doesn't, if he assigns it to the lower filed
13   case in the Democrat's court, that's fine, too.  I
14   don't really care, but I'm not going to have another
15   fight in Harris County because somebody is accusing
16   me of forum shopping.
17              Now, as to this -- the key issue,
18   though, Judge was his client and another guy named
19   Dave Gorham -- Terry Dunken was his client.  Terry
20   Dunken got on the stand and said, They are moving
21   assets, had already done it.  The judge got very
22   irritated, but I didn't have the individuals locked
23   down, because they're not parties to that.  Dave
24   Gorham, Terry Dunken, those individuals had not been
25   in that lawsuit, because we didn't file counters in
```

21

1    that.

2           All we had was this case trying to lock

3    down the assets, and the Judge here did grant those

4    assets, and he is incorrect in what we told the

5    Judge.  He then came up here, and the Judge left in

6    place the TRO for locking down the assets as to the

7    individuals.  We had the company locked down in

8    Houston, and we had the individuals, different basis,

9    different reasons, but the idea was to preserve those

10   assets before they moved into a Cayman operation.

11          That stayed in place until it expired

12   by its own terms.  When it expired, Judge, we came

13   back here.  This lawyer then tried to -- and I don't

14   want to go into all the details, but the bottom line

15   was we have had so much attempt now in the last two

16   months trying to get Mr. Gorham served.  And if you

17   look at this affidavit, he literally says, The

18   process server almost got me last night, but I

19   avoided him.  If you will come by, I will jump in the

20   car in the back of the hotel, and I will whisk off

21   with you, and we will avoid the service.

22          I have never had anybody give me that

23   kind of evidence on a motion to substitute service

24   where he literally admits to knowing the server is

25   out there trying to get him, and I am going to jump

22

1    in a car to avoid service.  And so that's why, since

2    we have had attempts, good attempts on him in this

3    case, repeated attempts, we are set up perfect for a

4    motion to substitute.  He wants this abated so I have

5    to start all over in Harris County.

6              Mr. Dunken has been served in this

7    case.  He has not answered.  I guess his answer is

8    due next Monday, but he has not answered.  So, what

9    he wants me it do is start all over with the

10   individuals so they can continue their activities in

11   trying to move these assets, and I think that's

12   improper.

13             So, all I'm asking for this morning --

14   and I'm willing to transfer to Harris County.  I am

15   not willing to get into a fight there.  I'm also

16   willing to say anything else reasonable, but this

17   morning really all I have asked the Judge to do is

18   grant my nonsuit, and --

19             THE COURT:  We have done that.  Now, I

20   just need a ruling on the plea in abatement.

21             Anything else on the plea in abatement?

22             MR. FLACK:  Yes, we support the

23   injunction.  He is saying we -- we obtained the

24   injunction from the Court.  The Court has held a

25   three-day temporary injunction hearing.  That is the

23

```
 1    case either to which this case should be transferred
 2    or in favor of which this case should be abated.
 3                    THE COURT:  Okay.
 4                    MR. FLACK:  And, by the way, Mr. Dunken
 5    and Mr. Gorham are not my clients.
 6                    THE COURT:  Understood.  The
 7    defendant's plea of abatement is denied.
 8                    MR. KELLEY:  Thank you.
 9                    THE COURT:  What else can I do for
10    y'all today?
11                    MR. KELLEY:  Sign those orders when he
12    approves them.
13                    THE COURT:  He did -- he did put some
14    corrections.  You might want to --
15                    MR. KELLEY:  Let me see what he put.
16                    THE COURT:  -- see what he put.  If
17    there is any -- if I need to rescind my order, I will
18    do so.
19                    MR. KELLEY:  Let me see.
20                    I'm fine with it, Judge.  I will accept
21    his changes, initial it.
22                    THE COURT:  Initial and approve.
23                    MR. KELLEY:  Yes, Judge.
24                    THE COURT:  And then what about the
25    substituted service order?  What happened to that
```

24

1    order?

2                    MR. KELLEY:  I gave it to the Court.  I

3    can get you another one.

4                    THE COURT:  Did I give it back to

5    y'all?

6                    MR. KELLEY:  Did you give it to him?

7                    THE COURT:  Did I give it to you?

8                    MR. KELLEY:  Nope.

9                    Do you have a copy?

10                   Yeah, he has -- you gave it to him.

11                   THE COURT:  All right.  You need to

12   approve as to form on this.

13                   MR. KELLEY:  Yes, Judge, I will do that

14   right now.

15                   THE COURT:  And then do you have an

16   order for the plea of abatement?

17                   MR. FLACK:  Not denying it, no.

18                   THE COURT:  Well, somebody bring me an

19   order.

20                   MR. KELLEY:  Can you take your order

21   and we will just put denied on it?  Would that be

22   okay with you, Judge?

23                   THE COURT:  I don't have any problem as

24   to form.  If y'all approve it as to form, it is your

25   form.

25

1          MR. KELLEY: If not, I will get one
2    submitted to you, Judge.

3          THE COURT: Okay.

4          MR. KELLEY: Okay. Judge, I --

5          MR. FLACK: Your Honor, our motion to
6    enforce the Rule 11?

7          THE COURT: The what now?

8          MR. FLACK: Our motion to enforce the
9    Rule 11 agreement.

10          THE COURT: Well, we still have another
11   issue to take up?

12          MR. FLACK: Yes, Your Honor.

13          THE COURT: Okay.

14          MR. KELLEY: Well, I don't think he has
15   a motion, Judge. Now that he is no longer a party,
16   he cannot move on anything.

17          THE COURT: Well, let me find out what
18   he is asking for. What are you asking for?

19          MR. FLACK: We are moving to enforce
20   the Rule 11 agreement that I handed the Court few
21   moments ago in which Mr. Kelley says he agrees to
22   transfer the case to 281st Court in Harris County,
23   Texas.

24          THE COURT: Okay. That was something I
25   heard y'all were going to talk about. Is that --

26

1    you're not going to talk about it?  You just want a
2    ruling?
3                    MR. FLACK:  If he is willing to agree
4    to transfer to the 281st, I'm happy to do that.
5                    THE COURT:  I don't believe I heard
6    that.
7                    MR. KELLEY:  Well, no, Judge, I'm not.
8                    THE COURT:  We heard -- we went
9    through -- we heard extensive debriefing on how
10   things operate in Harris County.
11                   MR. FLACK:  Okay.  I move to enforce
12   the Rule 11 agreement, Your Honor.
13                   THE COURT:  All right.  Your request is
14   denied.  Y'all figure out what you got.  You may well
15   have to go back to Harris to figure out what y'all
16   have over there.  That is all I'm doing today.
17                   MR. KELLEY:  Okay.
18                   THE COURT:  Y'all have a good day.
19                   MR. KELLEY:  I think I have an order
20   for you, Judge.  What I did was just put denied.
21                   THE COURT:  Okay.  Here is your
22   paperwork.
23                   MR. KELLEY:  Yes, sir, Your Honor.
24                   THE COURT:  Mr. Kelley.
25                   MR. KELLEY:  Take it down.

27

```
 1                    THE COURT:  Yes, sir.
 2                    MR. KELLEY:  Thank you, Your Honor.
 3                    THE COURT:  Local counsel, do you have
 4  anything you want to say?
 5                    MS. SANCHEZ:  I'm good, Your Honor.
 6                    MR. KELLEY:  All right.  Your Honor,
 7  may I submit this to you?
 8                    THE COURT:  Yes.
 9                    MR. KELLEY:  I just crossed out
10  everything except denied.
11                    (Conclusion of proceedings)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

28

```
1    STATE OF TEXAS  )

2    COUNTY OF BEXAR )

3        I, CYNTHIA S. HYATT, Official Court Reporter in

4    and for the 225th District Court of Bexar County,

5    State of Texas, do hereby certify that the above and

6    foregoing contains a true and correct transcription

7    of all portions of evidence and other proceedings

8    requested in writing by counsel for the parties to be

9    included in this volume of the Reporter's Record in

10   the above-styled and numbered cause, all of which

11   occurred in open court or in chambers and were

12   reported by me.

13       I further certify that this Reporter's Record of

14   the proceedings truly and correctly reflects the

15   exhibits, if any, offered by the respective parties.

16       WITNESS MY OFFICIAL HAND on this the 3rd day of

17   April, 2013.
```

COPY

```
19                    _____
                      CYNTHIA S. HYATT, CSR
20                    Texas CSR 2365
                      Official Court Reporter
21                    225th District Court
                      Bexar County Courthouse
22                    San Antonio, Texas 78205
                      Telephone: (210) 335-2465
23                    Expiration 12/31/13
```

CYNTHIA S. HYATT
OFFICIAL COURT REPORTER
225TH DISTRICT COURT



NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Plaintiffs Rhodes Holdings. LLC, Recap Marketing & Consulting LLP,

WEM Equity Capital Investments, Ltd., Robert C. Rhodes, Delta S Ventures LP, Hunter M.A.

Carr & William McIlwain and give notice to this Court and all Parties in this lawsuit that they

hereby non-suit without prejudice all of their claims and causes of action in the above-referenced

case against Defendant Arthur Smith, effective immediately upon the filing of this notice.

                                    Respectfully submitted,

                                      THE KELLEY LAW FIRM
                                      By:_/s/: Lloyd E. Kelley_____
                                      LLOYD E. KELLEY
                                      Attorney for Plaintiff
                                      2726 Bissonnet, Suite 240 PMB 12
                                      Houston, Texas 77005
                                      (281) 492 7766
                                      FAX: (281) 652 5973
                                      SBN: 11203180



EXHIBIT
22

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on March 26, 2013.

/s/: Lloyd E. Kelley_____
Lloyd E. Kelley

## NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER DISMISSING ALL CLAIMS AGAINST

CAME ON TO BE HEARD, *Plaintiffs' Notice of Nonsuit without Prejudice*, and the court. After considering the Notice, is of the opinion that all claims, defenses, and causes of action in this case against Defendant Arthur Smith should be DISMISSED without Prejudice.  It is therefore:

ORDERED, that all claims and causes of action brought by Plaintiffs Rhodes Holdings. LLC et al against Arthur Smith are hereby DISMISSED without Prejudice.


SIGNED ON THIS _____ day of _____, 20____.


_____

HONORABLE JUDGE PRESIDING



2013CI02253 -D285

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| vs. | § | BEXAR COUNTY, TEXAS |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

*Denying*

## ORDER ~~GRANTING~~ PLEA IN ABATEMENT

On this date, the Court considered Defendant Arthur L. Smith's Verified Plea in Abatement and Motion to Abate Proceedings. After reviewing the documents in the Court's file and the arguments of counsel, the Court finds that the Plea in Abatement ~~should be GRANTED~~. *is hereby Denied.*

~~Accordingly, it is, therefore, ORDERED, ADJUDGED and DECREED that all of Plaintiffs' claims and causes of action in this action are abated, that Plaintiffs are required to bring such claims, if at all, through the pending action in Harris County, Texas, Cause No. 2013-06483 in the 281st District Court of Harris County, Texas, and that Plaintiffs' claims and causes of action against Defendants in this action shall remain abated pending the outcome of such lawsuit or further order of this Court.~~

Signed this 2¹ day of March 2013.

_____
JUDGE PRESIDING

*Approved as to Form:*

_____

*Approved as to Form only*

_____

**Document scanned as filed.**

**EXHIBIT 23**

2013CI02253 -0285

NO. 2013-CI-02253

| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

**ORDER DISMISSING ALL CLAIMS AGAINST** *Arthur Smith*

CAME ON TO BE HEARD, *Plaintiffs' Notice of Nonsuit without Prejudice*, and the

court. After considering the Notice, is of the opinion that all claims, defenses, and causes of

action in this case against Defendant Arthur Smith should be DISMISSED without Prejudice.  It

is therefore:

ORDERED, that all claims and causes of action brought by Plaintiffs Rhodes Holdings.

*as all other plaintiff*

LLC et al against Arthur Smith are hereby DISMISSED without Prejudice.

SIGNED ON THIS 26th day of March, 20 13

_____
HONORABLE JUDGE PRESIDING

Approved as to Form Only

**Document scanned as filed.**

EXHIBIT
24



NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
| Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER AS RULE 106 MOTION FOR SUBSITUTION OF SERVICE

After considering Plaintiffs' Rule 106 Motion for Alternative Service and the supporting affidavit and correspondence, the Court finds the Plaintiffs attempts to serve Defendant David Gorham have been unsuccessful and finds that the alternative service requested in this Motion for Substitution of Service shall be **GRANTED**.

THEREFORE IT IS ORDERED that Plaintiffs' Original Petition and Citation shall be served to David Gorham by (1) mailing citation and Plaintiffs' Original Petition to David Gorham or anyone over 18 years old located at his home address via certified mail at 1778 Morning Glory Lane, Pocatello, Idaho, 83201-1960 or (2) serving citation and Plaintiffs' Original Petition to David Gorham via his company Oleum Capital, LLC, through counsel of record for Oleum Capital, LLC care of Venable LLP, Melissa Gomez, George Kostolampros, or Tom Kelly, at 575 7th Street, NW Washington, DC 20004, Fax (202) 344-8300.

Signed on _March 26_ 2013

_____
Judge Presiding

Approved as to Form:

**Document scanned as filed.**

EXHIBIT
25

Filed
13 March 27 A10:42
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Deborah Garay

PRATT & FLACK LLP

1331 Lamar Street
Four Houston Center, Suite 1250
Houston, Texas 77010

T 713-936-2401
F 713-481-0231

Paul D. Flack
pflack@pflack.com

March 25, 2013

**By Email**

Mr. Lloyd E. Kelley
Attorney at Law
2726 Bissonet Ste PMB 12
Houston, Texas 77005

      Re:    *Digerati Technologies, Inc. v. Sonfield & Sonfield, PC* and *Rhodes et al. v Gorham et al.*

Dear Mr. Kelley:

     I have spoken to Mr. Smith and I write to memorialize the agreement that he tells was conveyed to him.

     In the Bexar County court, Art Smith will pass the hearing on his plea in abatement and motion to abate, he will not oppose your motion for substitute service on Dave Gorham, and he will agree to the transfer of the Bexar County case to the 281st Court in Harris County. In exchange for that, at the conclusion of the hearing in Bexar County tomorrow, all of the plaintiffs in the Bexar County case (*Rhodes et al. v. Gorham et al.*) will immediately nonsuit Art Smith from that case without prejudice and, ~~within ten days, you will also secure a nonsuit without prejudice of all claims against Mr. Smith in *Digerati Technologies, Inc. v. Sonfield & Sonfield, PC et al* and any other case(s) relating to Digerati where any claim is asserted against him.~~ If you agree to this, please confirm by signing below. If you do not agree, please let me know.

Sincerely,

Paul D. Flack

*Agreed*
*as modified*

Agreed:

Lloyd E. Kelley    *As modified,*

**EXHIBIT**
**26**

**CAUSE NO. 2013-CI-02253**

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM, ET AL. | § | 285th JUDICIAL DISTRICT |

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing Rule 11 letter to be served, by fax, on all counsel of record on this 25th day of March, 2013.

James D. Pierce
1 Sugar Creek Center #1080
Sugar Land, TX 77748
Fax: 713-650-0146

Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

George W. Gore
The Gore Law Firm, PC
6200 Savoy #1150
Houston, TX 77036
Fax: 713-224-2004

Darryl Spiller
2726 Bissonnet #240 PMB 12
Houston, TX 77005
Fax: 281-652-5973

Melissa Gomez
Treazure Johnson
George Kostolampros
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004
Fax: 202-344-8300

_____
Paul D. Flack

NO. 2013-ci-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET. AL. | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | JURY TRIAL REQUESTED |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
| Defendants. | § | 285TH JUDICIAL DISTRICT |

## AMENDED NOTICE OF ORAL HEARING

Please be advised that Plaintiff's Motion for Temporary Injunction will be heard

by this Court on Wednesday, April 24, 2013 at 9:00 a.m. in the Presiding District Court,

Bexar County, Texas.

Respectfully submitted,

**THE KELLEY LAW FIRM**

By: _/s/ Lloyd Kelley _____
**Lloyd E. Kelley**
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by certified
mail, return receipt requested, by hand delivery and/or by telephonic transfer to all parties
and/or counsel of record on April 16th, 2013.

_____/s/  Lloyd E. Kelley_____
Lloyd E. Kelley

**EXHIBIT 27**

1

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm

# Fax

| **To:** | Chevazz G. Brown | **Fax:** | 713-752-4221 |
|---|---|---|---|
| **From:** | Elizabeth German | **Pages:** | Cover + 1 |
| **Date:** | 4/16/13 | **Re:** | Rhodes Holdings, LLC ET AL vs. David L. Gorham |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

Amended Notice of Oral Hearing

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|     Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|     Defendants. | § | 285th JUDICIAL DISTRICT |

## NOTICE OF HEARING

PLEASE BE ADVISED THAT Plaintiffs' Rule 106 Motion for Substitution of Process Service will be heard in an oral hearing on the **24th** day of April, **2013** at **9:00AM** in the 285th Judicial District Court of Bexar County.

Respectfully submitted,

THE KELLEY LAW FIRM
By: /s/: Lloyd E. Kelley_____
LLOYD E. KELLEY
Attorney for Defendant
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
(281) 492 7766
FAX: (281) 652 5973
SBN: 11203180

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by facsimile transmission, to all parties and/or counsel of record on April 18, 2013.

/s/: Lloyd E. Kelley _____
Lloyd E. Kelley

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm



# Fax

| To: | Paul Flack | Fax: | 1 888- 819- 2258 |
|---|---|---|---|
| To: | Chevazz G. Brown | Fax: | 713-752-4221 |
| To: | Mellissa Gomez | Fax: | 202-344-8300 |
| From: | Lila Millan | Pages: | Cover + 1 |
| Date: | 4/18/13 | Re: | Rhodes Holdings, LLC ET AL |
| | | | vs. David L. Gorham |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

● **Comments:**

**Notice of Hearing as to Plaintiffs' Motion for Substitution of Process Service**

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information.  It is intended for the exclusive use of the person(s) whose name(s) are indicated above.  If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited.  If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

NO. 2012CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
|   Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | BEXAR COUNTY, TEXAS |
| ARTHUR L. SMITH | § | |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
|   Defendants. | § | 285th JUDICIAL DISTRICT |

## PLAINTIFF'S RULE 106 MOTION FOR SUBSTITUTION SERVICE OF PROCESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

  Plaintiff, Rhodes Holdings, LLC et al ., respectfully asks the court to authorize service of process by substitute means upon Defendant Lou Soumas and would respectfully show the Court as follows:

### I.

### FACTS/ EVIDENCE

  On several different, separate occasions Plaintiffs have attempted to serve Lou Soumas by personal delivery (see accompanying / attached affidavit). Plaintiffs have failed to serve Lou Soumas and support this motion with an affidavit attached as *Exhibit A.*

**EXHIBIT**

**29**

## REQUEST

Plaintiff, Rhodes Holdings, LLC et al., respectfully asks the Court allow Plaintiff to serve Defendants under Rule 106 by alternative service.

## PRAYER

Plaintiffs Rhodes Holdings, LLC, et al. respectfully ask the court to allow Plaintiffs Rhodes Holdings, LLC, et al. to serve Lou Soumas by (1) delivering citation and Plaintiff's Original Petition and Temporary Restraining Order via anyone over sixteen (16) years of age at 12603 Southwest Freeway, Suite 170, Houston, Texas 77477 or (2) affixing citation and Plaintiff's Original Petition and Temporary Restraining Order to the main doors of entry/ exit at 12603 Southwest Freeway, Suite 170, Houston, Texas 77477.

**Respectfully submitted**

By: /s/: *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB #12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to counsel of record in compliance with Rule 21 on this 22nd of April via fax.

___/s/ *Lloyd E. Kelley*_____
LLOYD E. KELLEY

**Affidavit in Support of Motion for Substitute Service**

**State of Texas**          **County of Bexar**          285th District Court

Case Number: 2013-CI-02253



WAL2013000212

Plaintiff:
**Rondes Holdings, L.L.C., Recap Marketing & Consulting L.L.P., Wem Equity Captial Investments, Ltd et. al**

vs.

Defendant:
**David L. Gorham et. al.**

For:
Lloyd Kelley
The Kelley Law Firm
2726 Bissonnet
Suite #240 Pmb 12
Houston, TX 77005

Received by IT SHALL BE DONE CIVIL PROCESS on the 16th day of April, 2013 at 2:30 pm to be served on **Lou Soumas, 12603 Southwest Freeway, Suite 170, Houston, Houston County, TX 77477.**

I, Larry White, being duly sworn, depose and say that on the **22nd day of April, 2013 at 1:30 pm, I:**

**NON-SERVED** the **Citation/Plaintiff's Original Petition and Temporary Restraining Order** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
4/18/2013 3:19 pm   Attempted service at 12603 Southwest Freeway, Suite 170, Houston, TX 77477, I was told by Terry Dunken and a female employee or coworker that worked there, that Lou Souman was not there. The lady corrected me on the saying of Lou last name as to know him personal. Mr. Dunken knew who I was and why I was there from the beginning, the lady didn't at first so she answered honestly. The office has 5 to 8 rooms with empty desk except the one Terry and the lady was sitting at.
4/19/2013 9:45 am   Attempted service at 12603 Southwest Freeway, Suite 170, Houston, TX 77477, The door to the office was locked. It is a glass door, I could see into the office, the lights are on, no answer.
4/19/2013 3:58 pm   Attempted service at 12603 Southwest Freeway, Suite 170, Houston, TX 77477, I was told by a man there was not anyone there by that name.
4/22/2013 1:10 pm   Attempted service at 12603 Southwest Freeway, Suite 170, Houston, TX 77477, I was told by the man I spoke to on 4/19/2013, that Lou Soumas don't visit the office there often but there is a attorney there that can accept documents for him by the name of Jason Meeks.



**EXHIBIT**

I certify that I am of sound mind and capable of making this Affidavit. I am an adult over the age of 18, have no interest in the above action nor a party to. I have never been convicted of any felony or of any crime of moral turpitude and I am State Certified and Authorized to serve process under rule 103 and 536(a), to serve citations and other notices of the court.

Subscribed and Sworn to before me on the 22nd day of April , 2013 by the affiant who is personally known to me.

NOTARY PUBLIC

CYNTHIA CASTANON
Notary Public, State of Texas
My Commission Expires
November 17, 2013

Larry White
SCH# 1312 / Exp. 7/31/2014

**IT SHALL BE DONE CIVIL PROCESS**
P.O. Box 10096
Houston, TX 77206-0096
(281) 586-9621

Our Job Serial Number: WAL-2013000212

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

NO. 2012CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| RECAP MARKETING & | § | |
| CONSULTING LLP | § | |
| WEM EQUITY CAPTIAL | § | |
| INVESTMENTS, LTD | § | |
| ROBERT C. RHODES, | § | |
| DELTA S VENTURES LP, | § | |
| HUNTER M.A. CARR & | § | |
| WILLIAM MCILWAIN | § | |
| Plaintiffs, | § | |
| vs. | § | |
| DAVID L. GORHAM | § | |
| MCI PARTNERS, LLC | § | |
| ARTHUR L. SMITH | § | BEXAR COUNTY, TEXAS |
| ANTONIO ESTRADA | § | |
| MURRAY R. NYE | § | |
| JOHN R. FLEMING & | § | |
| BERT TERRY DUNKEN JR | § | |
| LOU SOUMAS | § | |
| Defendants. | § | 285th JUDICIAL DISTRICT |

## ORDER AS PLAINTIFF'S MOTION FOR SUBSTITUTION OF PROCESS SERVICE AS TO LOU SOUMAS

After considering Plaintiffs Rhodes Holdings, LLC, et al's Rule 106 Motion for Alternative Service and the supporting affidavit, the Court finds the Plaintiffs' attempts to serve the Defendant Lou Soumas, have been unsuccessful and finds that the alternative service requested in this Motion for Substitution of Service shall be GRANTED.

THEREFORE IT IS ORDERED that Citation, Plaintiff's Original Petition and Temporary Restraining Order shall be served via anyone over sixteen (16) years of age at 12603 Southwest Freeway, Suite 170, Houston, Texas 77477 or (2) affixing citation and Plaintiff's Original Petition and Temporary Restraining Order to the main doors of entry/ exit at 12603 Southwest Freeway, Suite 170, Houston, Texas 77477.

SIGNED on this the _____ day of _____, 2013.

_____
Judge Presiding

Approved as to form:

/s/ Lloyd E. Kelley
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFF

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

**The Kelley Law Firm**



| To: | Chevazz G. Brown | Fax: | 713-752-4221 |
| To: | Paul Flack | Fax: | 713-481-0131 |
| From: | Cynthia Castanon | Pages: | Cover + l |
| Date: | 4/22/13 | Re: | Rhodes Holdings, LLC ET AL vs. David L. Gorham |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

Plaintiffs' Rule 106 Motion for Substitution of Process Service as to Lou Soumas

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

No. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL., | (,)<br>(,)<br>(,) | IN THE DISTRICT COURT OF |
| Plaintiff, | (,) | |
| vs. | (,)<br>(,) | BEXAR COUNTY, T E X A S |
| DAVID L. GORHAM, et al., | (,)<br>(,)<br>(,) | |
| Defendants. | (,) | 285st JUDICIAL DISTRICT |

## AGREED TEMPORARY INJUNCTION ORDER

Came on to be heard, Plaintiffs' Application for Temporary Injunction. Defendant David L. Gorham ("Gorham") appeared subject to his Special Appearance. Defendants Bert Terry Dunken, Jr. ("Dunken") and MCI Partners, LLC ("MCI Partners") appeared through counsel. The Plaintiffs and Defendants Gorham, Dunken, and MCI Partners ("Parties") agree to entry of the following Temporary Injunction:

The Parties define the "November 26, 2012 transaction" to be the reverse acquisition by and between Digerati Technologies, Inc. and Waste Deep, Inc., Dishon Disposal, Inc., Hurley Fairview, LLC, and Riverfront Capital, LLC that occurred on November 26, 2012.

The Parties agree to dispense with findings by the Court of imminent harm or irreparable injury or the necessity for setting a bond or a final trial date.

The Parties agree that David L. Gorham does not waive his Special Appearance by entering into this Rule 11/Agreed Temporary Injunction.

The Parties further agree to the following Temporary Injunction:

1

**EXHIBIT 30**

**THEREFORE THE PARTIES AGREE AND THE COURT ORDERS THAT**

Gorham, Dunken, and MCI Partners, and all persons acting in concert with them are restrained and hereby enjoined from:

1. Moving any assets of Digerati Technologies, Inc out of Digerati Technologies, Inc or executing any documents that would move or transfer assets out of Digerati Technologies, Inc.

2. Transferring, conveying, assigning, destroying, secreting, disposing or selling any assets conveyed for the benefit of Digerati Technologies, Inc. in the November 26, 2012 transaction, without prior approval of the Court.

3. Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to Digerati Technologies, Inc. or any of its subsidiaries.

SIGNED ON April _____ 2013 at _____ a.m. /p.m.

_____
PRESIDING JUDGE

2

AGREED AS TO FORM AND SUBSTANCE:

Lloyd Kelley, counsel for Plaintiffs
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Phone: 281-492-7766
Fax: 281-652-5973

Curt Langley, counsel for Defendants
Gorham, Dunkeu and MCI Partners
State Bar No. 11917850
1401 McKinney, Suite 1900
Houston, Texas 77010
Phone: 713-752-4200
Fax: 713-752-4221

3

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

# The Kelley Law Firm



| | | | |
|---|---|---|---|
| **To:** | Curt Langley | **Fax:** | (713) 752-4221 |
| **From:** | Cynthia Castanon | **Pages:** | Cover + 3 |
| **Date:** | 4/25/13 | **Re:** | Rhodes Holdings, LLC ET AL vs. David L. Gorham |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

Executed Rule 11 Agreement/ Agreed TI Order

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

No. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, | (,) | IN THE DISTRICT COURT OF |
| ET AL, | (,) | |
| Plaintiffs, | (,) | |
| vs. | (,) | BEXAR COUNTY, T E X A S |
| | (,) | |
| DAVID L. GORHAM, | (,) | |
| et al., | (,) | |
| Defendants. | (,) | 285th JUDICIAL DISTRICT |
| | (,) | |
| THE LUNARIA HERITAGE TRUST | (,) | |
| Intervenor | (,) | |

**VERIFIED PETITION IN INTERVENTION BY THE LUNARIA HERITAGE TRUST AND REQUEST FOR T.R.O AND REQUEST FOR TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE**

COMES NOW The Lunaria Heritage Trust ("Intervenor") and files this Petition In Intervention pursuant to Rule 60 of the Texas Rules of Civil Procedure, in the above action.

**I. Intervenor's Interest**

1. Intervenor, The Lunaria Heritage Trust, is a 50% owner of Oleum Capital, LLC. The Rainmaker Trust owns the other 50% owner of Oleum Capital, LLC. The Managing Member of Oleum Capital, LLC is Scott Hepford.

2. Intervenor, The Lunaria Heritage Trust, is a 50% owner of Prestige Management Consultants, LLC. The Rainmaker Trust owns the other 50% of Prestige Management Consultants, LLC. The Managing Member of Prestige Management Consultants, LLC is Scott Hepford. Prestige Management Consultants owns 100% of MCI Partners, LLC. The Managing Member of MCI Partners, LLC is Scott Hepford.

3. Oleum Capital, LLC owns the majority share of Digerati Technologies, Inc. ("Digerati"). As such, Intervenor has a justiciable interest in this lawsuit, as the one of the two ultimate

**EXHIBIT**
**31**
1

owners of a majority interest in Digerati. David Gorham and Terry Dunken are acting in concert to take Intervenor's ownership interest and to denude Digerati of all of its assets of value causing Intervenor harm.

4. Intervenor's intervention in this action will not complicate the case by excessively multiplying the issues. Intervenor seeks relief from the same parties as Plaintiffs.

5. Intervenor has a justiciable interest in this lawsuit in that Defendants are attempting to deprive Intervenor of its ownership and control of Oleum Capital, LLC.

## II. Parties

1. Plaintiff Rhodes Holdings, LLC has appeared as a Plaintiff.

2. Recap Marketing & Consulting LLP has appeared as a Plaintiff.

3. WEM Equity Capital Investments, LTD has appeared as a Plaintiff.

4. Robert C. Rhodes has appeared as a Plaintiff.

5. Delta S Ventures, LP has appeared as a Plaintiff.

6. Hunter Carr has appeared as a Plaintiff.

7. William McIlwain has appeared as a Plaintiff.

8. David L. Gorham ("Gorham") has been served and has appeared subject to a Special Appearance.

9. Bert Terry Dunken, Jr. ("Dunken") has appeared as a Defendant.

10. MCI Partners, LLC ("MCI Partners") has appeared as a Defendant.

11. Lou Soumas is a defendant who has been served by alternate service by Court order but has not answered.

12. Intervenor, The Lunaria Heritage Trust, is a Texas trust.

2

13. The Rainmaker Trust is a Texas trust that may be served with process by serving its trustee, Bert "Terry" Dunken, Jr. at 2203 Greenhaven Dr., Sugar Land, Texas 77479 or at 12320 Barker Cypress Road, Suite 600 number 247, Cypress, Texas 77429 or at 12603 Southwest Freeway, Suite 170, Stafford, Texas 77477.

14. The Southpaw Trust is a Texas trust who may be served with process by serving its trustee Stan Miller at 10809 Executive Center Drive, Suite 320, Little Rock, Arkansas 72211.

15. Gary Haak is a cross-defendant who may be served with process at 12603 Southwest Freeway, Suite 170, Stafford, Texas 77477.

16. Sheryl "Sherri" Dunken is a cross-defendant who may be served with process at 2203 Greenhaven Dr., Sugar Land, Texas 77479.

**III. Discovery**

1. Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

**IV. Request for Disclosure**

1. Pursuant to Texas Rules of Civil Procedure 194, Intervenor requests that David L. Gorham ("Gorham"), Bert Terry Dunken, Jr. ("Dunken"), MCI Partners, LLC ("MCI Partners"), Lou Soumas, The Rainmaker Trust, The Southpaw Trust, Gary Haak and Sheryl "Sherri" Dunken to disclose the information or material described in Rule 194.2 a-l within 50 days of service of this request.

**V. Jurisdiction and Venue**

1. This Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of this Court, and because Intervenor seeks writs of injunction over property or stock certificates located within the jurisdiction of this state. Further, the

3

ownership of the public company at issue is Digerati who maintains its principal place of business in San Antonio, Texas.

2. Venue is proper in Bexar County under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Bexar County, Texas. Specifically, Art Smith, the President and CEO of Digerati, and Antonio Estrada, the CFO of Digerati, met with Scott Hepford, the managing member of Oleum Capital, LLC in San Antonio, Texas in November 2012. The stock certificates assigning Oleum Capital, LLC the majority interest in Digerati and the super voting control were executed by Art Smith and Antonio Estrada in San Antonio, Texas. Scott Hepford then drove just north of San Antonio to meet with Dunken and handed him the relevant executed stock certificates of Digerati. Dunken was the attorney for the Dishon and Hurley companies.

**VI. Facts**

1. On November 26, 2012, Digerati acquired Waste Deep, Inc. Waste Deep, Inc. had recently acquired Dishon Disposal, Inc. ("Dishon") and Hurley Enterprises, Inc. ("Hurley"). The acquisition brought over $120 million worth of assets into Digerati.

2. With the acquisition of Waste Deep, Inc. on November 26, 2012 by Digerati, The Lunaria Heritage Trust acquired a 50% ownership of Series A Preferred Stock convertible into approximately 40,800,000 shares of Common Stock of the 60,000,000 issued and outstanding common shares of Digerati after conversion, which is approximately 68% of the issued and outstanding post conversion common shares. That ownership interest equated to millions of dollars of value. It was planned that after the required SEC audited

4

financials were filed within 75 days of the transaction closing, the total market value of Digerati would rise to exceed $300 million with a stock price of approximately $5 / share.

3. At the time of the closing, Dunken was the trustee of The Lunaria Heritage Trust. Stan Miller, a former partner of Dunken, was the trust protector of The Lunaria Heritage Trust.

4. Dunken and Stan Miller acted as the attorneys who created The Lunaria Heritage Trust.

5. Dunken was the trustee of The Rainmaker Trust. David Gorham was the grantor of the The Rainmaker Trust set up for David Gorham and his wife.

6. Dunken was also the lawyer for Hurley and Dishon as well as their tax advisor.

7. After the closing, David Gorham and Terry Dunken, Jr. ousted Scott Hepford as an employee from MCI Partners, LLC.

8. Unknown to The Lunaria Heritage Trust, Dunken abused his position as trustee. Dunken created a trust for the benefit of his wife, The Southpaw Trust, and in concert with David Gorham, Dunken and Gorham converted the ownership of Oleum Capital to their own trusts.

9. On April 26, 2013, Dunken filed a Form 3 with the SEC that indicates Dunken and Gorham simply converted The Lunaria Heritage Trust's ownership in Oleum Capital, LLC.

10. Form 3 is an SEC filing relating to Digerati.

11. Dunken is reporting he is the owner and manager of Oleum Capital, LLC.

12. The Rainmaker Trust is also reporting in the Form 3 that it is the owner of Oleum Capital, LLC which owns the majority shares of Digerati. Dunken is reporting he is the trustee for The Rainmaker Trust.

5

13. Dunken has testified he and David Gorham simply took all of The Lunaria Heritage Trust's ownership interest in Oleum Capital, LLC during the first week in December 2012 shortly after the transaction closed.

14. Dunken has testified he placed some portion of The Lunaria Heritage Trust's ownership of Oleum Capital, LLC into a trust he created, The Southpaw Trust in which Dunken has made his wife, Sheryl "Sherri" Dunken, a beneficiary.

15. Dunken and Gorham then devised a plan to remove the Hurley and Dishon assets from the public company and move them to another company in which Gorham and Dunken would have an even greater ownership proportion.

16. Gorham and Dunken were driven by greed to take the 50% ownership interest of The Lunaria Heritage Trust's in Oleum Capital, LLC which owned the majority of Digerati.

17. Gorham and Dunken have moved to solidify their conversion of The Lunaria Heritage Trust's ownership of Oleum Capital, LLC by filing a Form 3 and by taking actions on behalf of Oleum Capital, LLC that were not authorized.

18. Gorham and Dunken then conspired to vote the shares of Oleum Capital, LLC in Digerati to fire the entire board of directors on December 23, 2012 and replace them with their hand-picked pawn, Art Smith.

19. Alternatively, Dunken acted as attorney in fact and counselor to Intervenor as trustee of the Trust. Dunken engaged in self-dealing and committed malpractice. Dunken's actions were so egregious as to constitute gross negligence if not intentional conduct.

**VII. Claims**

**A. Declaratory Judgment Under the Texas DJA**

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Intervenor requests a declaratory judgment that Intervenor, The Lunaria Heritage Trust, is a 50% owner of Oleum Capital, LLC.

3. Intervenor requests a declaratory judgment that the Managing Member of Oleum Capital, LLC is Scott Hepford.

4. Intervenor requests a declaratory judgment that The Lunaria Heritage Trust, is a 50% owner of Prestige Management Consultants, LLC.

5. Intervenor requests a declaratory judgment that the Managing Member of Prestige Management Consultants, LLC is Scott Hepford.

6. Intervenor requests a declaratory judgment that Prestige Management Consultants owns 100% of MCI Partners, LLC.

7. Intervenor requests a declaratory judgment that the Managing Member of MCI Partners, LLC is Scott Hepford.

**B. Breach of Fiduciary Duty**

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. As set forth above, Dunken breached the fiduciary duty he owed to The Lunaria Heritage Trust.

3. Gorham acted in concert with Dunken to breach the fiduciary duty Dunken owed to The Lunaria Heritage Trust.

4. Intervenor has been proximately damaged by the breach of fiduciary duty owed to Intervenor.

5. As the trustee of The Lunaria Heritage Trust, Dunken owed The Lunaria Heritage Trust the highest fiduciary duty recognized by law.

6. Dunken owed the following duties to The Lunaria Heritage Trust:

   a) The use of the skill and prudence that an ordinary, capable, and careful person would use in the conduct of their own affairs and loyalty to the beneficiaries of the Trust.

   b) Duty of good faith, fair dealing, loyalty and fidelity over the Trust's affairs;

   c) Duty to make the assets of the Trust productive while at the same time preserving the assets;

   d) Duty to disclose all material facts to the Trust that might affect his rights;

   e) Duty to account to the Trust for all transactions;

   f) Duty to properly manage, supervise and safeguard Trust funds:

   g) Duty to refrain from self-dealing with the Trust's assets;

7. Dunken breached his fiduciary duty that he owed to the Trust. Said breach caused injury to the Trust and/or benefited Dunken.

8. In the alternative, Intervenor seeks to recover its interest in Oleum or, in the alternative, Intervenor seeks the full value of his interest.

9. Gorham aided and abetted Dunken in Dunken's breach of his fiduciary duty. As such, they are jointly and severally liable.

## C. Conversion

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Dunken converted the assets entrusted to him for his own and his wife's benefit.

3. Gorham converted Intervenor's ownership interest in Oleum Capital, LLC.

8

4. Intervenor has the legal right to immediate possession of personal property. Defendants have exercised dominion and control over that property that is inconsistent with The Lunaria Heritage Trust's rights.

5. Defendants' have failed to return the property.

6. Defendants' actions have proximately caused injury and damage to Intervenor.

### D. Texas Theft Liability Act

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. As set out above, Intervenor has a possessory right to property. Defendants unlawfully misappropriated, secured and/or stole that property by taking it without effective consent and with intent to deprive Intervenor of the property. Defendants' conduct violated the Texas Penal Code section 31.03 and/or 31.05.

3. Intervenor suffered damages as a result of Defendant's theft or unlawful conduct at least in an amount equal to the total value of the stock in question.

4. Intervenor seeks statutory damages as well as punitive damages against Defendants under Chapter 134 of the TCPRC.

### E. Texas Securities Act Violations

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. As set out above, Defendants obtained securities of Digerati and Oleum Capital, LLC by means of untrue statements of material fact and/or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, causing Intervenor.

9

3. In the alternative, Defendants directly or indirectly controlled sellers of the securities and/or materially aided the sellers with intent to deceive or defraud or with reckless disregard for the truth.

4. Defendants are jointly and severally liable for all damages provided by the Texas Securities Act.

**F. Fraud**

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants made numerous false promises and false representations. Defendants intended that Intervenor rely on those false promises and false representations. Intervenor entered into one or more contracts in reliance on Defendant's false promises and false representations. Intervenor has suffered injury and damages as a result.

3. Intervenor seeks actual, consequential and punitive damages as result of Defendants conduct.

**G. Statutory Fraud**

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants made numerous false promises and false representations. Defendants intended that Intervenor rely on those false promises and false representations. Intervenor entered into one or more contracts in reliance on Defendant's false promises and false representations. Intervenor has suffered injury and damages as a result.

3. Intervenor seeks actual, consequential and punitive damages as result of Defendants conduct.

4. Intervenor seeks attorney's fees under Chapter 27.

## H. Fraud By NonDisclosure/ Concealment

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants concealed from and failed to disclose material information to Intervenor that they had a duty to disclose. Among other things, Defendants failed to disclose they were taking Intervenor's interest in Oleum Capital, LLC and giving it to themselves.

3. Defendants' failed to disclose to Intervenor their plan to strip Digerati of its assets to drive the value of the shares of Digerati and Oleum Capital, LLC to nothing while they placed the Dishon and Hurley assets in another company.

4. Defendants were silent or actively concealing facts when they knew the truth. By failing to disclose such facts, Defendants induced Intervenor to take actions or refrain from taking actions. Defendants relied upon the nondisclosures to its disadvantage.

5. Defendants' nondisclosure and/or concealment of material facts proximately caused injury to Intervenor.

6. Defendants failed to disclose where they have moved the assets of Digerati to.

## I. Conspiracy

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants conspired against Intervenor to, *inter alia*, unlawfully gain control of Oleum and thus Digerati. As set forth above, Defendants were a member of a combination of two or more persons. The object of the combination was to accomplish an unlawful purpose (or, at the very least a lawful purpose by unlawful means). Defendants had a meeting of

11

the minds on the object of the course of action and at least one of the Defendants committed an unlawful overt act to further the object of course of action.

## J. Aiding and Abetting

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Each Defendant is liable for the wrongful conduct of the others because each Defendant aided and abetted the others. As set out above, each Defendant breached a legal duty and personally participated in the wrongful conduct or assisted another in a substantial way, causing injury to Intervenor. Alternatively, each Defendant knew of the goal of the wrongful conduct of another and personally encouraged or assisted in a substantial way causing injury to Intervenor.

## K. Joint Enterprise Liability

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants had an agreement, a common purpose, a community or pecuniary interest in that common purpose, and an equal right to direct and control the enterprise.

3. Each Defendant was acting in the scope of the joint enterprise.

4. Accordingly, each Defendant is liable for the acts of the others.

## L. Constructive Trust

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants breached a special trust or fiduciary relationship and/or committed fraud.

3. Each of the Defendants has been unjustly enriched

4. Accordingly, Defendants request a constructive trust be imposed on all stock and other assets Defendants have obtained as a result of their wrongful conduct.

## M. Unjust Enrichment

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Defendants obtained property from Intervenor by fraud or the taking of undue advantage and/or under circumstances where it would be unconscionable to allow them to retain such benefits.

3. Defendants are liable to Intervenor for unjust enrichment.

## N. Request for Temporary and Permanent Injunction

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

2. Intervenor requests the Court issue a permanent injunction against Defendants awarding all the relief sought above.

## O. Conditions Precedent

1. All conditions precedent to Intervenor's claims for relief has been performed or have occurred.

## VIII. Application for Temporary Restraining Order

1. Intervenor, The Lunaria Heritage Trust, prays the Court issue a temporary restraining order enjoining Defendants and all persons acting in concert with them from:

    a) Exercising dominion or control over Intervenor, The Lunaria Heritage Trust;

    b) Exercising dominion or control over Oleum Capital, LLC.

    c) Taking any action to transfer any assets out of Intervenor, The Lunaria Heritage Trust;

d) Taking any action to transfer any assets out of Oleum Capital, LLC;

e) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of Intervenor, The Lunaria Heritage Trust;

f) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of Oleum Capital, LLC;

g) Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Intervenor, The Lunaria Heritage Trust;

h) Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Oleum Capital, LLC.

i) Destroying, altering, secreting or disposing of any documents or electronic data or medium with any information or communication pertaining to Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Intervenor, The Lunaria Heritage Trust;

j) Destroying, altering, secreting or disposing of any documents or electronic data or medium with any information or communication pertaining to Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Oleum Capital, LLC.

2. It is probable that Intervenor will recover from Defendants after a trial on the merits for the reasons set forth above. In particular, Intervenor will recover because Defendants have breached their fiduciary duty, fraud, statutory fraud, violations of the Texas Securities Act, conversion which are unlawful.

3. If Intervenor's application is not granted, harm is imminent. Intervenor will lose all of the value of its ownership in Oleum Capital, LLC which owns a valuable interest in Digerati. Defendants' actions to denude Digerati and scuttle the transaction and destroy the value of Digerati and Oleum Capital, LLC will harm Intervenor.

4. Intervenor has no adequate remedy at law because Defendants are continuing to inflict damages on Intervenor and are attempting to move assets. The filing of the Form 3 on April 26, 2013 is further indication Defendants are intending to move forward with their plans to convert Intervenor's ownership.

5. Intervenor is willing to post a bond. Intervenor asks that the bond amount be nominal, because the relief sought would not cause any financial harm to Defendants. Defendants are being asked to comply with the law and the ownership rights of Intervenor.

6. There is not enough time to serve notice on Defendants and hold a hearing on this application because Intervenor's need for relief is immediate and Defendants have indicated they are continuing to take Intervenor's interest.

## VIII. Application for Temporary Injunction

1. Intervenor asks the Court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Intervenor.

## PRAYER

For these reasons, Intervenor prays that the Court award the following:

a) Temporary and permanent injunctive relief;

b) Order compelling Defendants to return Intervenor's assets;

c) Damages, actual and compensatory;

d) Exemplary and punitive damages;

e) Prejudgment interest;

f) Post-judgment interest;

g) Declaratory judgment of the rights and parties;

h) Attorneys' fees and expenses;

i) Court costs; and

j) Such other relief as the court may find just.

Respectfully submitted,

By: */s/: Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record via electronic filing, mail and/or certified mail return receipt requested on this the 3rd day of May, 2013.

*/s/: Lloyd E. Kelley*
LLOYD E. KELLEY

16

THE STATE OF TEXAS          §
                           §
COUNTY OF BEXAR            §

### AFFIDAVIT

"My name is Scott Hepford. I am over the age of eighteen and fully competent to make this

Affidavit and that the following true and correct facts are within my personal knowledge:

I do hereby swear and affirm that I am the grantor of the The Lunaria Heritage Trust. I have read

section VI titled "Facts" specifically paragraphs 1 thur 18 of the VERIFIED PETITION IN

INTERVENTION BY THE LUNARIA HERITAGE TUST AND REQUEST FOR T.R.O. AND

REQUEST FOR TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE. All of

the factual statements contained therein in the Fact section are true and correct.

Further affiant sayeth not.

_____
Scott Hepford

SUBSCRIBED AND SWORN TO before me on the __3rd__ day of __May__, 2013.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

CYNTHIA CASTANON
Notary Public, State of Texas
My Commission Expires
November 17, 2015

Cynthia Castanon
_____
Printed Name of Notary
My Commission Expires: __11·17·15__

2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Ph: 281-492-7766
Fax: 281-652-5973

## The Kelley Law Firm



| To: | Chevazz G. Brown | Fax: | 713-752-4221 |
|---|---|---|---|
| To: | Curtis Langley | Fax: | 713-752-4221 |
| From: | Elizabeth German | Pages: | Cover + 38 |
| Date: | 5/3/13 | Re: | Rhodes Holdings, LLC ET AL vs. David L. Gorham |

☐ **Urgent**  ☐ **For Review**  ☐ **Please Comment**  ☐ **Please Reply**  ☐ **Please Recycle**

● **Comments:**

1. Verified Petition in Intervention by Lunaria Heritage Trust and Request for TRO and Request for Temporary Injunction and Request for Disclosure

2. Verified Petition in Intervention by Scott Hepford and Request for TRO and Request for Temporary Injunction and Request for Disclosure

The information contained in this facsimile is confidential and may be subject to attorney-client privilege, privileged work product or proprietary information. It is intended for the exclusive use of the person(s) whose name(s) are indicated above. If the reader of this notice is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this information is strictly prohibited. If you have received this facsimile in error, please notify sender and efforts will be made to retrieve the information.

No. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL, | (,) (,) (,) | IN THE DISTRICT COURT OF |
| Plaintiff, | (,) | |
| vs. | (,) (,) | BEXAR COUNTY, T E X A S |
| DAVID L. GORHAM, et al., | (,) (,) (,) | |
| Defendants. | (,) | 285th JUDICIAL DISTRICT |

SCOTT HEPFORD

Intervenor

## VERIFIED PETITION IN INTERVENTION BY SCOTT HEPFORD AND REQUEST FOR T.R.O AND REQUEST FOR TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE

COMES NOW, Scott Hepford ("Intervenor") files this petition in intervention pursuant to Rule 60 of the Texas Rules of Civil Procedure, in the above action.

### A. Intervenor's Interest

1. Scott Hepford is an individual who resides in Comal County, Texas.

2. Scott Hepford entered into a partnership with David Gorham to be a 50/50 partner in a business venture involving the Dishon and Hurley companies.

3. Scott Hepford employed Terry Dunken, Jr. as an attorney along with Stan Miller to create a family trust. Dunken and Miller created The Lunaria Heritage Trust at the direction of Scott Hepford.

1

EXHIBIT
**32**

4. Stan Miller's law firm, as attorney for Scott Hepford, also created Oleum Capital, LLC. Scott Hepford was designated as the sole Managing Member of Oleum Capital, LLC.

5. The Lunaria Heritage Trust was 50% owner of Oleum Capital, LLC. The other 50% ownership was owned by The Rainmaker Trust.

6. The Rainmaker Trust is a Texas trust created by Terry Dunken, Jr. and Stan Miller at the direction of David Gorham.

7. Pursuant to the agreement between Hepford and Gorham, The Lunaria Heritage Trust was made a 50% owner of Prestige Management Consultants, LLC. The Rainmaker Trust owns the other 50% of Prestige Management Consultants, LLC.

8. The Managing Member of Prestige Management Consultants, LLC is Scott Hepford.

9. The Managing Member of Black Ink Financial Controls, LLC is Scott Hepford.

10. The Managing Member of Perfect Circle Water Systems, LLC is Scott Hepford.

11. The Managing Member of Special Waste Management, Services, LLC is Scott Hepford.

12. Prestige Management Consultants owns 100% of MCI Partners, LLC. The Managing Member of MCI Partners, LLC is Scott Hepford.

13. Oleum Capital, LLC owns the majority share in Digerati Technologies, Inc. ("Digerati").

14. As such, Intervenor has a justiciable interest in this lawsuit, as a manager of Oleum Capital, MCI Partners, and Prestige Management Consultants. David Gorham and Terry Duncan are acting in concert to take Intervenor's position as managing member of Oleum Capital, MCI Partners and Prestige Management.

2

15. Intervenor's intervention in this action will not complicate the case by excessively multiplying the issues. Intervenor seeks relief from the same parties as Plaintiffs.

16. Intervenor has a justiciable interest in this lawsuit in that Defendants are attempting to deprive Intervenor of its ownership and control of Oleum Capital, LLC.

## II. Parties

1. Plaintiff Rhodes Holdings, LLC has appeared as a Plaintiff.

2. Recap Marketing & Consulting LLP has appeared as a Plaintiff.

3. WEM Equity Capital Investments, LTD has appeared as a Plaintiff.

4. Robert Rhodes has appeared as a Plaintiff.

5. Delta Ventures, LP has appeared as a Plaintiff.

6. Hunter Carr has appeared as a Plaintiff.

7. William McIlwain has appeared as a Plaintiff.

8. David L. Gorham ("Gorham") has been served and has appeared subject to a Special Appearance.

9. Bert Terry Dunken, Jr. ("Dunken") has appeared as a Defendant.

10. MCI Partners, LLC ("MCI Partners") has appeared as a Defendant.

11. Lou Soumas is a defendant who has been served by alternate service by Court order but has not answered.

12. The Rainmaker Trust is a Texas trust who may be served with process by serving its trustee, Terry Dunken, Jr. at 2203 Greenhaven Dr., Sugarland, Texas or at 12320 Barker Cypress Road, Suite 600 number 247, Cypress, Texas or at 12603 Southwest Freeway, Suite 170, Stafford, Texas.

13. The Southpaw Trust is a Texas trust who may be served with process by serving its trustee Stan Miller at 10809 Executive Center Drive, Suite 320 Little Rock, Arkansas 72211.

14. Gary Haak is a cross-defendant who may be served with process at 12603 Southwest Freeway, Suite 170, Stafford, Texas.

15. Sheryl "Sherri" Dunken is a cross-defendant who may be served with process at 2203 Greenhaven Dr., Sugarland, Texas.

**III. Discovery**

Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

**IV. Request for Disclosure**

Pursuant to Texas Rules of Civil Procedure 194, Intervenor request that David L. Gorham ("Gorham"), Bert Terry Dunken, Jr. MCI Partners, LLC ("MCI Partners"), Lou Soumas, The Rainmaker Trust, The Southpaw Trust, Gary Haak and Sheryl "Sherri" Dunken to disclose the information or material described in Rule 194.2 a-l within 50 days of service of this request.

**V. Jurisdiction and Venue**

This Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of this Court, and because Intervenor seeks writs of injunction to protect his position as the sole managing member of Oleum Capital, MCI Partners, and Prestige Management. Further, the ownership of a public company at issue is Digerati who maintains its principal place of business in San Antonio, Texas.

Venue is proper in Bexar County under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions

4

giving rise to the claims occurred in Bexar County, Texas. Specifically, Art Smith, the President and CEO of Digerati, and Antonio Estrada, the CFO of Digerati, met with Scott Hepford, the managing member of Oleum Capital, LLC in San Antonio, Texas in November 2012. The Digerati stock certificates assigning Oleum Capital, LLC the majority equity interest and majority voting rights in Digerati were executed by Art Smith and Antonio Estrada in San Antonio, Texas. Scott Hepford then drove just north of San Antonio to meet with Terry Dunken, Jr. and handed him the relevant executed stock certificates of Digerati. Terry Dunken, Jr. was the attorney for the Dishon and Hurley companies.

## VI. Facts

17. Scott Hepford entered into a partnership with David Gorham to be a 50/50 partner in a joint business venture involving the Dishon and Hurley companies.

18. Scott Hepford employed Terry Dunken, Jr. as an attorney along with Stan Miller to create a family trust. Dunken and Miller created The Lunaria Heritage Trust, a Texas Trust, at the direction of Scott Hepford.

19. Stan Miller's law firm, as attorney for Scott Hepford, also created Oleum Capital, LLC. Scott Hepford was designated as the sole Managing Member of Oleum Capital, LLC.

20. The Lunaria Heritage Trust was 50% owner of Oleum Capital, LLC. The other 50% ownership was owned by The Rainmaker Trust.

21. The Rainmaker Trust is a Texas trust created by Terry Dunken, Jr. and Stan Miller at the direction of David Gorham.

22. Pursuant to the agreement between Hepford and Gorham, The Lunaria Heritage Trust was made a 50% owner of Prestige Management Consultants, LLC. The Rainmaker

5

Trust owns the other 50% of Prestige Management Consultants, LLC. It was agreed that Scott Hepford would be the managing member of the companies created to accomplish the business purpose. David Gorham was insistent that his name not appear on any public filing or in connection with any governmental filing.

23. The Managing Member of Prestige Management Consultants, LLC is Scott Hepford.

24. Prestige Management Consultants owns 100% of MCI Partners, LLC. The Managing Member of MCI Partners, LLC is Scott Hepford.

25. Oleum Capital, LLC owns the majority share in Digerati Technologies, Inc. ("Digerati").

26. On November 26, 2012, Digerati acquired Waste Deep, Inc. Waste Deep, Inc. had recently acquired Dishon Disposal, Inc. ("Dishon") and Hurley Enterprises, Inc. ("Hurley"). The acquisition brought over $120 million worth of assets into Digerati.

27. With the acquisition of Waste Deep, Inc. on November 26, 2012 by Digerati, The Lunaria Heritage Trust acquired a 50% ownership of Series A Preferred stock convertible into approximately 40,800,000 shares of common stock of the 60,000,000 issued and outstanding common shares of Digerati, which is approximately 68% of the issued and outstanding post conversion common shares. That ownership interest equated to millions of dollars of value. It was planned that after the required SEC audited financials were filed within 75 days of the transaction closing, the total market value of Digerati would rise to exceed $300 million with a stock price of approximately $5 / share.

6

28. At the time of the closing, Terry Dunken, Jr. was the trustee of The Lunaria Heritage Trust. Stan Miller, a former partner of Terry Dunken, Jr. was the trust protector of The Lunaria Heritage Trust.

29. Terry Dunken, Jr. and Stan Miller acted as the attorneys who created The Lunaria Heritage Trust.

30. Terry Dunken was the trustee of The Rainmaker Trust. David Gorham was the grantor of the The Rainmaker Trust set up for David Gorham and his wife.

31. Terry Dunken, Jr. was also the lawyer for Hurley and Dishon as well as their tax advisor.

32. After the closing, David Gorham and Terry Dunken, Jr. ousted Scott Hepford as an employee from MCI Partners, LLC.

33. Unknown to The Lunaria Heritage Trust, Terry Dunken, Jr. abused his position as trustee. Terry Dunken, Jr. created a trust for the benefit of his wife, The Southpaw Trust, and in concert with David Gorham, Dunken and Gorham converted the ownership of Oleum Capital to their own trusts.

34. On April 26, 2013, Terry Dunken, Jr. filed a Form 3 with the SEC that indicates Dunken and Gorham simply converted The Lunaria Heritage Trust's ownership in Oleum Capital, LLC. Form 3 is an SEC filing relating to Digerati.

35. Terry Dunken, Jr. is reporting he is the owner and manager of Oleum Capital, LLC.

36. The Rainmaker Trust is also reporting in the Form 3 that it is the owner of Oleum Capital, LLC which owns the majority shares of Digerati. Terry Dunken, Jr. is reporting he is the trustee for The Rainmaker Trust.

7

37. Terry Dunken has testified he and David Gorham simply took all of The Lunaria Heritage Trust's ownership interest in Oleum Capital, LLC during the first week in December 2012 shortly after the transaction closed.

38. Dunken has testified he placed some portion of The Lunaria Heritage Trust's ownership of Oleum Capital, LLC into a trust he created, The Southpaw Trust in which Dunken has made his wife, Sheryl "Sherri" Dunken, a beneficiary.

39. Pursuant to the Form 3 filed by Dunken on April 26, 2013, Dunken is now indicating he simply placed the ownership that he was previously trustee over in regards to The Lunaria Heritage Trust to his wife, Sheryl Dunken.

40. Terry Dunken, Jr. and David Gorham then devised a plan to remove the Hurley and Dishon assets out of the public company and move them to another company in which Gorham and Dunken would have an even greater ownership proportion.

41. Gorham and Dunken were driven by greed to take the 50% ownership interest of The Lunaria Heritage Trust's in Oleum Capital, LLC which owned the majority of Digerati.

42. Gorham and Dunken have moved to solidify their conversion of The Lunaria Heritage Trust's ownership of Oleum Capital, LLC by filing a Form 3 and by taking actions on behalf of Oleum Capital, LLC that were not authorized.

43. Gorham and Dunken then conspired to take and vote the shares of Oleum Capital, LLC in Digerati to fire the entire board of directors on December 23, 2012 and replace them with their hand-picked pawn, Art Smith.

8

44. Alternatively, Dunken acted as attorney in fact and counselor to Intervenor as trustee of the Trust. Dunken engaged in self-dealing and committed malpractice. Dunken's actions were so egregious as to constitute gross negligence if not intentional conduct.

45. Immediately after the closing of the reverse-acquisition of Digerati with Waste Deep a public company with a market cap in excess of $120 million was remaining, Gorham and Dunken immediately moved to remove Scott Hepford and to intimidate him.

46. Dunken, as Scott Hepford's attorney, and Gorham told Hepford that he had no choice but to resign his employment with MCI Partners. Gorham and Dunken forced Hepford to resign his employment and pay and benefits in exchange for a Severance Agreement.

47. Dunken and Gorham did not make full disclosure to Hepford of all the material facts. Instead, Dunken and Gorham withheld material facts and made false representations to Hepford. Gorham attempted to intimidate Hepford by telling him he faced prison time and need to immediately resign in order to pay for a lawyer.

48. Gorham and Dunken drafted an agreement with Hepford in which Hepford resigned his contract labor and employee position with MCI. Hepford was promised $50,000 to pay his legal team as a retainer for his defense in the ROIG suit.

49. The $50,000 was due to be paid in payments such that two payments were due on or before March 31, 2013. Those payments were not made.

50. Instead, Dunken induced Hepford to hire Paul Flack to represent Hepford in the ROIG suit. Dunken never disclosed to Hepford that Flack was representing Dunken in an insurance fraud case. Flack also did not reveal he had represented Dunken.

9

Flack undertook to represent Hepford without disclosing he was representing Dunken. There was a great conflict in Flack representing Dunken who was actively engaged in conspiring with Gorham in stealing The Lunaria Heritage Trust ownership interest in Oleum Capital, LLC, MCI Partners, LLC and Prestige Management Consultants, LLC.

51. Flack then pretended to represent Hepford. However, at the last minute, Flack did not represent Hepford in the ROIG suit. Instead, after representing he was representing Hepford, Flack simply delayed the matter and did nothing. At the last minute to avoid a potential default Hepford had to scramble and find someone to answer the lawsuit. Upon information and belief, Flack was conspiring with Dunken to engender a bad result in the ROIG suit to further harm Hepford.

52. The legal fees were never advanced as promised. Defendants made false promises knowing they had no intention to honor said promises.

53. Then, in March 2013, Christy Albeck on behalf of Defendants informed Hepford his severance pay was being discontinued because Hepford refused to accept a lesser amount. Again, this was an intentional breach of the employment severance agreement.

54. Defendants breached the employment severance agreement with Hepford.

**VI Claims**

**A. Declaratory Judgment Under the Texas DJA**

1. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

10

2. Intervenor requests a declaratory judgment that he, Scott Hepford, is the sole Managing Member of Oleum Capital, LLC.

3. Intervenor request a declaratory judgment that The Lunaria Heritage Trust was 50% owner of Oleum Capital, LLC.

4. Intervenor request a declaratory judgment that the The Lunaria Heritage Trust is a 50% owner of Prestige Management Consultants, LLC.

55. Intervenor request a declaratory judgment that the Managing Member of Prestige Management Consultants, LLC is Scott Hepford.

56. Intervenor request a declaratory judgment that Prestige Management Consultants owns 100% of MCI Partners, LLC.

57. Intervenor request a declaratory judgment the Managing Member of MCI Partners, LLC is Scott Hepford.

58. Intervenor request a declaratory judgment the Managing Member of Black Ink Financial Controls, LLC is Scott Hepford.

59. Intervenor request a declaratory judgment the Managing Member of Special Waste Management, Services, LLC is Scott Hepford.

60. Intervenor request a declaratory judgment the Managing Member of Perfect Circle Water Systems, LLC is Scott Hepford.

**B. Breach of Fiduciary Duty**

5. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

6. As set forth above, Dunken breached the fiduciary duty he owed to Hepford.

11

7. Gorham, individually and acting in concert with Dunken breached the fiduciary duty owed to Hepford.

8. Intervenor has been proximately damages by the breach of fiduciary duty owed to Intervenor.

9. Dunken owed the following duties to Hepford:

a) The use of the skill and prudence that an ordinary, capable, and careful person would use in the conduct of their own affairs and loyalty to Hepford;

b) Duty of good faith, fair dealing, loyalty and fidelity over Intervenor's affairs;

c) Duty to make the assets of Intervenor productive while at the same time preserving the assets;

d) Duty to disclose all material facts to Intervenor that might affect his rights;

e) Duty to account to Intervenor for all transactions and decisions that affect the rights of Intervenor;

f) Duty to properly manage, supervise and safeguard Intervenor's interest:

g) Duty to refrain from self-dealing with Intervenor's rights and assets;

10. Dunken breached his fiduciary duty that they owed to Intervenor.

11. Said breach caused injury to Intervenor and/or benefited Dunken.

12. Intervenor seeks to recover its interest in Oleum

13. Gorham aided and abetted Dunken in Dunken's breach of his fiduciary duty. As such, they are jointly and severally liable.

### C. Conversion

14. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

15. Dunken converted the assets entrusted to him for his own and his wife's benefit.

16. Gorham converted Intervenor's managing member position in Oleum Capital, LLC.

17. Intervenor has the legal right to immediate possession of personal property. Defendants have exercised dominion and control over that property that is inconsistent with Intervenor's rights.

18. Defendants' have failed to return the property.

19. Defendants' actions have proximately caused injury and damage to Intervenor.

### D. Texas Securities Act Violations

20. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

21. As set out above, Defendants obtained securities of Digerati and Oleum Capital, LLC by means of untrue statements of material fact and/or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, causing Intervenor.

22. In the alternative, Defendants directly or indirectly controlled sellers of the securities and/or materially aided the sellers with intent to deceive or defraud or with reckless disregard for the truth.

23. Defendants are jointly and severally liable for all damages provided by the Texas Securities Act.

### E. Fraud

24. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

25. Defendants made numerous false promises and false representations. Defendants intended that Intervenor rely on those false promises and false representations. Intervenor entered into one or more contracts in reliance on Defendant's false promises and false representations. Intervenor has suffered injury and damages as a result.

26. Intervenor seeks actual, consequential and punitive damages as result of Defendants conduct.

**F. Statutory Fraud**

27. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

28. Defendants made numerous false promises and false representations. Defendants intended that Intervenor rely on those false promises and false representations. Intervenor entered into one or more contracts in reliance on Defendant's false promises and false representations. Intervenor has suffered injury and damages as a result.

29. Intervenor seeks actual, consequential and punitive damages as result of Defendants conduct.

30. Intervenor seeks attorney's fees under Chapter 27.

**G. Fraud By NonDisclosure/ Concealment**

31. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

32. Defendants concealed from and failed to disclose material information to Intervenor that they had a duty to disclose. Among other things, Defendants failed to disclose they were taking Intervenor's sole member interest in Oleum Capital, LLC and giving it to themselves.

33. Defendants' failed to disclose to Intervenor their plan to strip Digerati of its assets to drive the value of the shares of Digerati and Oleum Capital, LLC to nothing while they placed the Dishon and Hurley assets in another company.

34. Defendants were silent or actively concealing facts when they knew the truth. By failing to disclose such facts, Defendants induced Intervenor to take actions or refrain from taking actions. Defendants relied upon the nondisclosures to its disadvantage.

35. Defendants' nondisclosure and/or concealment of material facts proximately caused injury to Intervenor.

36. Defendants failed to disclose where they have moved the assets of Digerati to other entities they are creating to hide the assets.

## H. Conspiracy

37. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

38. Defendants conspired against Intervenor to, inter alia, unlawfully gain control of Oleum Capital, LLC, MCI Partners, LLC and Prestige Management Consultants, LLC and thus Digerati. As set forth above, Defendants were a member of a combination of two or more persons. The object of the combination was to accomplish an unlawful purpose (or, at the very least a lawful purpose by

15

unlawful means). Defendants had a meeting of the minds on the object of the course of action and at least one of the Defendants committed an unlawful overt act to further the object of course of action.

## I. Aiding and Abetting

39. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

40. Each Defendant is liable for the wrongful conduct of the others because each Defendant aided and abetted the others. As set out above, each Defendant breached a legal duty and personally participated in the wrongful conduct or assisted another in a substantial way, causing injury to Intervenor. Alternatively, each Defendant knew of the goal of the wrongful conduct of another and personally encouraged or assisted in a substantial way causing injury to Intervenor.

## J. Joint Enterprise Liability

41. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

42. Defendants had an agreement, a common purpose, a community or pecuniary interest in that common purpose, and an equal right to direct and control the enterprise.

43. Each Defendant was acting in the scope of the joint enterprise.

44. Accordingly, each Defendant is liable for the acts of the others.

### K. Constructive Trust

45. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

46. Defendants breached a special trust or fiduciary relationship and/or committed fraud.

47. Each of the Defendants has been unjustly enriched

48. Accordingly, Defendants request a constructive trust be imposed on all stock and other assets Defendants have obtained as a result of their wrongful conduct.

### L. Unjust Enrichment

49. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

50. Defendants obtained property from Intervenor by fraud or the taking of undue advantage and/or under circumstances where it would be unconscionable to allow them to retain such benefits.

51. Defendants are liable to Intervenor for unjust enrichment.

### M. Request for Temporary and Permanent Injunction

52. Intervenor incorporates the facts contained in the preceding paragraphs as if they were fully set forth herein.

53. Intervenor request the Court issue a permanent injunction against Defendants awarding all the relief sought above.

### N. Conditions Precedent

All conditions precedent to Intervenor's claims for relief has been performed or have occurred.

## VIII. Application for Temporary Restraining Order

1. Intervenor prays the Court issue a temporary restraining order enjoining Defendants and all persons acting in concert with them from:

   a) Exercising dominion or control over The Lunaria Heritage Trust;

   b) Exercising dominion or control over Oleum Capital, LLC.

   c) Exercising dominion or control over MCI Partners, LLC.

   d) Exercising dominion or control over Prestige Management Consultants, LLC.

   e) Taking any action to transfer any assets out of The Lunaria Heritage Trust;

   f) Taking any action to transfer any assets out of Oleum Capital, LLC;

   g) Taking any action to transfer any assets out of MCI Partners, LLC.

   h) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of The Lunaria Heritage Trust;

   i) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of Oleum Capital, LLC;

   j) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of MCI Partners, LLC;

   k) Taking any action or making any statements to the effect that any of them are authorized to take any action on behalf of Prestige Management Consultants, LLC;

   l) Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Lunaria Heritage Trust, Oleum Capital, LLC, MCI Partners, LLC, or Prestige Management Consultants, LLC;

   m) Destroying, altering, secreting or disposing of any documents or electronic data or medium with any information or communication pertaining to Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of The Lunaria Heritage Trust, Oleum Capital, LLC, MCI Partners, LLC, or Prestige Management Consultants, LLC

   n) Destroying, altering, secreting or disposing of any documents or electronic data or medium with any information or communication pertaining to Filing any documents with any state or federal agency, self-regulatory organization, authority, regulatory body or other entity, including the SEC, any transfer agent, any secretary of state, and any bank, purporting to be on behalf of Oleum Capital, LLC, MCI Partners, LLC, or Prestige Management Consultants, LLC

1. It is probable that Intervenor will recover from Defendants after a trial on the merits for the reasons set forth above. In particular, Intervenor will recover because

Defendants have breached their fiduciary duty, fraud, statutory fraud, violations of the Texas Securities Act, conversion which are unlawful.

2. If Intervenor's application is not granted, harm is imminent. Intervenor will lose all of the value of its ownership in Oleum Capital, LLC which owns a valuable interest in Digerati. Defendants' actions to denude Digerati and scuttle the transaction and destroy the value of Digerati and Oleum Capital, LLC will harm Intervenor.

3. Intervenor has no adequate remedy at law because Defendants are continuing to inflict damages on Intervenor and are attempting to move assets. The filing of the Form 3 on April 26, 2013 is further indication Defendants are intending to move forward with their plans to convert Intervenor's ownership.

4. Intervenor is willing to post a bond. Intervenor asks that the bond amount be nominal, because the relief sought would not cause any financial harm to Defendants. Defendants are being asked to comply with the law and the ownership rights of Intervenor.

5. There is not enough time to serve notice on Defendants and hold a hearing on this application because Intervenor's need for relief is immediate and Defendants have indicated they are continuing to take Intervenor's interest.

## VIII. Application for Temporary Injunction

1. Intervenor asks the Court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Intervenor.

## PRAYER

For these reasons, Intervenor prays that the Court award the following:

a) Temporary and permanent injunctive relief;
b) Order compelling Defendants to return Intervenor's assets;
c) Damages, actual and compensatory;
d) Exemplary and punitive damages;
e) Prejudgment interest;
f) Post-judgment interest;
g) Declaratory judgment of the rights and parties;
h) Attorneys' fees and expenses;
i) Court costs; and
j) Such other relief as the court may find just.

**Respectfully submitted**

By: /s/: *Lloyd E. Kelley* _____
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB#12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record via electronic filing, mail and/or certified mail return receipt requested on this the 3rd day of May, 2013.

/s/: *Lloyd E. Kelley* _____
LLOYD E. KELLEY

20

THE STATE OF TEXAS      §
                                §

COUNTY OF BEXAR      §

## AFFIDAVIT

"My name is Scott Hepford. I am over the age of eighteen and fully competent to make this

Affidavit and that the following true and correct facts are within my personal knowledge:

I do hereby swear and affirm I have read section VI titled "Facts" specifically paragraphs 17 thur

53 of the VERIFIED PETITION IN INTERVENTION BY SCOTT HEPFORD AND REQUEST

FOR T.R.O. AND REQUEST FOR TEMPORARY INJUNCTION AND REQUEST FOR

DISCLOSURE. All of the factual statements contained therein in the Fact section are true and

correct.

Further affiant sayeth not.

Scott Hepford

**SUBSCRIBED AND SWORN TO** before me on the __3rd__ day of __May__, 2013.

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

CYNTHIA CASTANON
Notary Public, State of Texas
My Commission Expires
November 17, 2015

Cynthia Castanon
Printed Name of Notary
My Commission Expires: 11·17·15

2013CI02253 -D285

No. 2013-CI-02253

| RHODES HOLDINGS, LLC, ET AL, | (,) | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiffs, | (,)(,)(,) | |
| vs. | (,)(,) | BEXAR COUNTY, T E X A S |
| DAVID L. GORHAM, et al., | (,)(,)(,) | |
| Defendants. | (,) | 285th JUDICIAL DISTRICT |

THE LUNARIA HERITAGE TRUST

Intervenor

## ORDER DENYING DUNKEN'S PLEA IN ABATEMENT

On May 8th, 2013, the Court heard argument on Defendant Dunken's Plea in Abatement.

After considering the Motion, the applicable law, all other supporting and opposing papers, and

the arguments of counsel, the Court DENYS Defendant Dunken's Plea in Abatement. *w ithout prejudice.*

SIGNED on this __8__ day of ~~March~~, 2013.

_____
PRESIDING JUDGE

1

**EXHIBIT**
**33**



2013CI02253 =D285

No. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC, ET AL, | (,) (,) (,) | IN THE DISTRICT COURT OF |
| Plaintiff, | (,) | |
| vs. | (,) (,) | BEXAR COUNTY, T E X A S |
| DAVID L. GORHAM, et al., | (,) (,) (,) | |
| Defendants. | (,) | 285st JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

Came on to be heard, The Lunaria Heritage Trust's and Scott Hepford's Application for Temporary Restraining Order. After hearing, the Parties and a review of the pleadings and arguments of counsel, the court finds there is evidence and that the Defendants are likely to prevail such that harm is imminent and if the Court does not issue the temporary restraining order, The Lunaria Heritage Trust and Scott Hepford Robert will be irreparably injured.

Such irreparable injury will occur because Defendants David Gorham ("Gorham"), Bert Terry Dunken, Jr. ("Dunken") and MCI Partners (collectively referred to as "Respondents") and those working in concert with them are likely to move the assets of MCI Partners, LLC or take actions in regards to the assets of MCI Partners, LLC.

The harm that will result if the temporary injunction order is not issued is irreparable. Defendants (collectively "Respondents") are in the process of taking actions which are intended to denude Digerati Technologies, Inc., of its only assets of value. Further, the Court finds there

1



EXHIBIT 34 5

is evidence and that Defendants are likely to prevail on the issue that the actions of David Gorham and Terry Duncan in taking ownership of MCI Partners, Inc. and moving assets outside the company will harm movants.

The Court finds there is evidence that the actions of Terry Duncan and David Gorham in claiming to own and operate and manage MCI Partners, LLC to the exclusion of The Lunaria Heritage Trust and Scott Hepford is not valid.

Such irreparable injury will occur because Terry Dunken and David Gorham are attempting to move assets belonging to MCI Partners, LLC to other asset being acquired for the benefit of Gorham alone. In addition, Gorham and Dunken have attempted to take the assets of Digerati and move them to an off-shore, Cayman Island domiciled company. Irreparable injury will further occur because Terry Dunken is attempting to take control over trust property entrusted to him as an attorney and trustee over the The Lunaria Heritage Trust.

Defendants have no adequate remedy at law because the Respondents are continuing to inflict damages on The Lunaria Heritage Trust and Scott Hepford which are not measurable by any certain pecuniary standard, and no amount of money damages could undo the harm the Defendants are inflicting.

**THEREFORE** ▬▬▬▬▬▬▬▬ **THE COURT ORDERS THAT** MCI Partners, LLC Gorham, Dunken, and all persons acting in concert with them are restrained and hereby enjoined from:

1. Moving any assets of MCI Partners, LLC out of MCI Partners, LLC or executing any documents that would move or transfer assets out of MCI Partners, LLC. This does

2

not limit or prohibit the payment of bills in the ordinary course of MCI Partners, LLC's business. This does not limit or prohibit the payment of attorney fee bills for attorney's representing MCI Partners, LLC, Gorham, Dunken, Perfect Circle Water Systems, LLC, Special Waste Management Services, LLC, Black Ink Financial Controls, LLC, Septic Services, LLC, Prestige Management Consultants, LLC, Oleum Capital LLC, Digerati Technologies, Inc., Lou Soumas, Gary Haak, or Michelle Barnes, Sheri Dunken (spouse of Dunken).

2. Taking any action or signing any contracts or spending any money or disposing of any assets owned or titled in MCI Partners, LLC or any of its subsidiaries for any single contract or payment of any single vendor in any amount greater than **$100,000** without the express consent of the Court. This does not limit or prohibit the payment of bills, or selling of assets for value, which occur in the ordinary course of MCI Partners, LLC's business. This does not limit or prohibit the payment of attorney fee bills for attorney's representing MCI Partners, LLC, Gorham, Dunken, Perfect Circle Water Systems, LLC, Special Waste Management Services, LLC, Black Ink Financial Controls, LLC, Septic Services, LLC, Prestige Management Consultants, LLC, Oleum Capital LLC, Digerati Technologies, Inc., Lou Soumas, Gary Haak, or Michelle Barnes, Sheri Dunken (spouse of Dunken).

3. Transferring, conveying, assigning, destroying, secreting, disposing or selling any assets conveyed to MCI Partners, LLC of assets owned or controlled for the benefit of MCI Partners, LLC, without prior approval of the Court. This does not limit or

3

prohibit the payment of attorney fee bills for attorney's representing MCI Partners, LLC, Gorham, Dunken, Perfect Circle Water Systems, LLC, Special Waste Management Services, LLC, Black Ink Financial Controls, LLC, Septic Services, LLC, Prestige Management Consultants, LLC, Oleum Capital LLC, Digerati Technologies, Inc., Lou Soumas, Gary Haak, or Michelle Barnes, *Sheri Dunken (spouse of Dunken)*

4. Destroying, altering, secreting, or disposing of any documents or electronic data or medium with any information or communication pertaining to MCI Partners, LLC or any of its subsidiaries including but not limited to Perfect Circle Water Systems, LLC, Special Waste Management Services, LLC, Black Ink Financial Controls, LLC, Septic Services, LLC, Prestige Management Consultants, LLC, and Oleum Capital LLC or any of MCI Partners, LLC's subsidiaries.

The Court further orders the clerk to issue notice to Defendants David Gorham ("Gorham"), Bert Terry Dunken, Jr. ("Dunken") and MCI Partners LLC (collectively referred to as "Respondents"). That the hearing on The Lunaria Heritage Trust's and Scott Hepford's application for temporary injunction is set for *May 20* 2013, at *9:00* am/pm. *Presiding Rm 109* The purpose of the temporary injunction hearing shall be to determine whether the temporary restraining order should be made a temporary injunction pending a full trial on the merits. The restraining order is effective and binding on Defendants David Gorham ("Gorham"), Bert Terry Dunken, Jr. ("Dunken") and MCI Partners, LLC and any person action in concert with them including but not limited to its attorneys, servicers, agents, servants,



4

employees, successors, heirs and assigns until the hearing on the application for

temporary injunction hearing or until further order of the Court.

Bond is set at $ _2 00 ᵒᵒ_ .

This Order expires on _May 20_ 2013 at midnight.

Signed on May _8_ 2013, at _12:02_ am/pm.

_____
PRESIDING JUDGE

5

266

EXHIBIT
35

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET AL. | § | IN THE DISTRICT COURT OF |
| *Plaintiffs.* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM ET AL. | § | |
| *Defendants.* | § | 285th JUDICIAL DISTRICT |

## MOTION TO CONTINUE TEMPORARY INJUNCTION HEARING

Defendants David Gorham, MCI Partners, LLC, file this there Motion to Continue the

Temporary Injunction Hearing set for May 20, 2013, and in support thereof, would respectfully show

as follows:

BRIEF SUMMARY OF MOTION

Christian, Smith & Jewell, LLP ("CSJ") was recently retained by Defendants David Gorham,

MCI Partners, LLC, and Bert Terry Dunken (collectively "Defendants"). CSJ needs time to gain an

understanding of the facts before proceeding with the temporary injunction hearing set for May 20,

2013. To avoid any potential harm to Intervenors Scott Hepford and Lunaria Heritage Trust,

Defendants agree to extend the temporary restraining order entered on May 8, 2013.

CSJ therefore asks the Court to reset the temporary injunction hearing for a date no earlier

than June 3, 2012.

## BACKGROUND

On February 12, 2013, Plaintiffs Rhodes Holdings, LLC, Recap Marketing & Consulting

LLP, WEM Equity Capital Investments, LTD, Robert C. Rhodes, Delta S. Ventures LP, Hunter M.A.

Carr, and William McIlwain filed suit against Defendants David L. Gorham, MCI Partners, LLC,

Arthur L. Smith, Antonio Estrada, Murray R. NYE, John R. Fleming, Bert Terry Dunken, Jr. and

Lou Soumas.                                                                      EXHIBIT C

**EXHIBIT**
**36**

The case involved a "reverse merger," whereby a private company mergers with a publicly traded company. The main issue presented in the Plaintiffs' Petition is who should be in control of the merged publicly traded company.

On May 1, 2013, Defendant Terry Dunken file his Plea in Abatement, which advised the Court that a previously filed case in Harris County concerning the same issues and same parties is pending in the 281st Judicial District Court.

On May 3, 2013, Intervenors Lunaria Heritage Trust and Scott Hepford (collectively "Intervenors") filed their separate Verified Petitions in Intervention and Request for T.R.O. and Request for Temporary Injunction and Request for Disclosure. Basically, Intervenors assert that they have an ownership interest in the various entities controlled by Defendants.

On May 8, 2013, the Court granted the Intervenors' application for T.R.O. and set their application for temporary injunction for hearing on May 20, 2013.

CSJ was retained by Defendants less than seven (7) days ago. As such, CSJ needs more time to adequately prepare for temporary injunction hearing, which will include reviewing thousands of pages of documents (some of which CSJ has not received as of the filing of this motion), meeting with witnesses and reviewing the pleadings to date.

Defendants agree to extend the temporary restraining order entered by the Court on May 8, 2013, until the Intervenor's application for temporary injunction is heard or the temporary injunction otherwise expires.

Respectfully Submitted,

**CHRISTIAN, SMITH & JEWELL, L.L.P.**

By:___Stephen H. Cagle, Jr._____

     Stephen R. Smith
     State Bar No. 18685540
     Gary M. Jewell
     State Bar No. 10664800
     Stephen H. Cagle, Jr.
     State Bar No. 24045596
     2302 Fannin St., Suite 500
     Houston, Texas 77002
     Phone: (713) 659-7617
     Fax: (713) 659-7641
**ATTORNEY FOR DEFENDANT BERT**

**TERRY DUNKEN, JR.**

     Larry Macon
     **AKIN GUMP SHAUER& FELD, L.L.P**
     300 Convent Street, Suite 1500
     San Antonio, Texas 78205
     Phone: (210) 281-7000
     Fax: (210) 224-2035

## CERTIFICATE OF CONFERENCE

I certify that on May 15, 2013, I conferred with counsel for Plaintiffs and Intervenors

regarding Defendants' motion. Counsel for Plaintiffs and Intervenors represented that they are

opposed to Plaintiffs motion.

*Stephen H. Cagle, Jr.*_____

---

Defendants' Motion to Continue Temporary Injunction Hearing          Page 3 of 4

## CERTIFICATE OF SERVICE

This is to certify that on May 15, 2013, a true and correct copy of the foregoing document

was served via certified mail return receipt requested upon:

Arcelia Trevino
The Law Office of Arcelia Trevino
The Milam Building
115 E. Travis, Suite 526
San Antonio, Texas 78205

George Gore
The Gore Law Firm, P.C.
6200 Savoy, Suite 1150
Houston, Texas 77036

Lloyd Kelley
The Kelley Law Firm
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005


By:     /s/Chevazz G. Brown
        Chevazz G. Brown

CAUSE NO. 2013-CI-02253

| | | |
|---|---|---|
| RHODES HOLDINGS, LLC ET AL. | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| DAVID L. GORHAM ET AL. | § | |
| *Defendants.* | § | 285ᵗʰ JUDICIAL DISTRICT |

## AFFIDAVIT OF STEPHEN RAY SMITH

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| HARRIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Stephen Ray Smith, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Stephen Ray Smith. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Christian, Smith & Jewell, LLP ("CSJ") has been retained by Defendants David Gorham, MCI Partners, LLC, and Bert Terry Dunken (collectively "Defendants"). CSJ needs time to gain an understanding of the facts before proceeding with the temporary injunction hearing set for May 20, 2013. To avoid any potential harm to Intervenors Scott Hepford and Lunaria Heritage Trust, Defendants agree to extend the temporary restraining order entered on May 8, 2013.

This continuance is not sought solely for delay, but that justice may be done."

Further affiant sayeth not.

Stephen Ray Smith

Sworn to and subscribed before me by Stephen Ray Smith on May 15, 2013.



KELLI R. FONTENOT
MY COMMISSION EXPIRES
September 25, 2015

# CHRISTIAN, SMITH & JEWELL

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AND COUNSELORS AT LAW

**STEPHEN H. CAGLE, JR.**
**PARTNER**
*scagle@csj-law.com*

May 15, 2013

Lloyd Kelly                                                     *Via Hand Delivery*
The Kelly Law Firm
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005

Re:   Cause No. 2013-CI-02253; Rhodes Holdings, Et al. V. David L. Gorham, Et al.; In
the 285th Judicial District Court of Bexas County, Texas.

Dear Mr. Kelly:

Enclosed please find the following documents in regards to the above referenced cause:

1.   Motion to Continue Temporary Injunction Hearing; and
2.   Notice of Hearing on Motion to Continue Temporary Injunction Hearing.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Stephen II. Cagle, Jr.